Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS, and SWIFT INNOVATIONS; a New York limited liability company<br><br>Defendants. | **SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br><br>Case No.: 2:23-cv-00845- HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

COMES NOW Plaintiff, Apothecary Movement, LLC, and complains and alleges the following:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Apothecary Movement, LLC, is a Utah limited liability company with its principal place of business in Utah.

2. Defendant BH Elegant Linens, LLC dbas AA Wholesale Deals, and Swift Innovations, is a limited liability company registered in New York with its principal place of business in New Jersey. It is the alter ego of its sole owner, Avi Alhakim, a citizen of New Jersey.

3. This is an action for breach of contract, tortious interference, fraudulent inducement, and promissory estoppel.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a Utah limited liability company with three owners: Amaar Ashraf, Asif Shaikh and Avais Ahmed, who are citizens of Utah and California and domiciled in Utah and California. Defendant is a New York limited liability company with a principal place of business in New Jersey and is the alter ego of its sole owner, Avi Alhakim, a citizen of New Jersey who is domiciled in New Jersey.

5. This Court has personal jurisdiction over the Defendant because Defendant transacted business with Plaintiff, a Utah business, shipped items on Plaintiff's behalf pursuant to contract with Defendant, directed its unlawful activities at Defendant, in Utah, and knowingly caused harm to Plaintiff which it knew would be felt in Utah.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since the Defendant's conduct caused within this district.

**GENERAL ALLEGATIONS**

7. Plaintiff is an Amazon seller of certain goods.

8. Plaintiff engages companies, such as Defendant, to deliver products to Amazon warehouses for order purchased from Plaintiff on Amazon that will be fulfilled directly by Amazon.

9. In this way, Plaintiff never takes possession of the goods, but instead, places its trust on others, such as Defendant, to fulfill their obligations.

10. Beginning in or around January 3, 2023, Plaintiff entered into agreement with Defendants to supply new goods to Amazon warehouses on Plaintiff's behalf.

11. Pursuant to their agreement, Plaintiff would select certain new items and quantities, and pay Defendant for those items.

12. Defendant would supply the items directly to Amazon warehouses, including in Utah.

13. All items were required to be new.

14. In or around August 2023, Amazon suspended Plaintiff's seller account and cancelled its pending sales.

15. Amazon took these measures after it was discovered that various sold goods were not as advertised, and that inventory quantities were misstated.

16. The goods in question were distributed by Defendant.

17. Rather than providing new items, as was required by the Parties' agreement, Defendant supplied refurbished or used goods.

18. Specifically, Defendant supplied refurbished Netgear N600 Cable Modem Routers, and used Kalorik Fryers, despite having advertised and represented to Plaintiff that the item to be supplied were new.

19. The delivery of used goods to consumers, who believed they had purchased new goods, tarnished Plaintiff's reputation and caused the cancellation of Plaintiff's Amazon account.

20. In a letter to Amazon of August 28, 2023, Defendant acknowledged fault for providing refurbished goods when Plaintiff "had only ordered new, unopened items in their original packaging."

21. Additionally, Defendant short-shipped goods to Amazon warehouses resulting in a deficiency of 130 Xbox Elite controllers (with a value of $14,950), and 222 units of Olay (with a value of $2,264) which Plaintiff paid for and counted among its inventory that it advertised for sale on Amazon.

22. Prior to this disruption caused by Defendant's actions, Plaintiff's profits from its Amazon sales averaged $169,195 per month.

23. Due to the cancellation of its accounts, Plaintiff has lost all of this income since late August 2023 with no possible reinstatement date in sight.

24. Additionally, Plaintiff has lost access to inventory which it cannot sell through another marketplace in order to mitigate against its loss.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

25. Plaintiff hereby adopts and re-alleges the allegations set forth herein above.

26. Plaintiff and Defendant entered into an enforceable agreement.

27. The terms of the agreement were plain and the Parties reached a meeting of the minds regarding the same.

28. Pursuant to the terms of the agreement, Plaintiff would elect certain items and quantities of new goods to purchase from Defendant and would pay Defendant for those items.

29. Defendant would then ship items to fulfill consumer purchases of Plaintiff's goods on Amazon and would also supply goods to Amazon warehouses for fulfillment purposes.

30. Defendant breached the Parties' agreement in two ways:

a. First, Defendant sold used and refurbished goods, instead of new goods, despite Plaintiff ordering and paying for new goods.

b. Second, Defendant short-shipped items, supplying fewer items than Plaintiff purchased.

31. To date, Plaintiff's loss resulting from the used and/or short-shipped items equals at least $49,614 computed as follows: (a) $20,400 ($32,400 paid for Netgear Modems less $12,000 refunded); (b) $12,000 ($24,000 paid for Kalorik Fryers less $12,000 refunded); (c) $14,950 (shorted Xbox controllers); (d) $2,264 (shorted Olay units)

32. Additionally, as the proximate result of Defendant's breach of contract, Plaintiff's Amazon account was terminated. Beginning in late August, 2023, Plaintiff has lost at least $169,195 in monthly profits.

33. As a proximate result of Defendant's foregoing breaches, Plaintiff has been damaged in an amount to be proven at trial, including amounts overpaid for short-shipped items, and revenues lost as the result of Defendant's conduct.

34. Wherefore, Plaintiff requests judgment against Defendant in an amount to be determined at trial, plus pre and post-judgment interest, reasonable attorneys' fees and court costs, and all other relief that is proper, just, or equitable.

**SECOND CAUSE OF ACTION**
(Breach of the Implied Covenant)

35. Plaintiff hereby adopts and re-alleges the allegations set forth herein above.

36. Inherent in the agreement between Plaintiff and Defendant is an implied covenant of good faith and fair dealing. Specifically, that Plaintiff would receive the fruits of the money paid to Defendant, and the benefits of their bargain.

37. Benefits of the bargain include shipping and supply of new items, in the agreed quantities, that Plaintiff could sell on Amazon to consumers.

38. Defendant's conduct was consistent with the agreed common purpose and justified expectations of Plaintiff and based upon the dealings of the Parties.

39. For example, Defendant has materially breached the implied covenant of good faith and fair dealing by, among other things, refusing to meet their obligations, short-shipping goods, and causing disruption of Plaintiff's business.

40. As a proximate result of Defendant's foregoing breaches, Plaintiff has been damaged in an amount to be proven at trial, including amounts overpaid for short-shipped items, and revenues lost as the result of Defendant's conduct.

41. Wherefore, Plaintiff requests judgment against Defendant in an amount to be determined at trial, plus pre and post-judgment interest, reasonable attorneys' fees and court costs, and all other relief that is proper, just, or equitable.

**THIRD CAUSE OF ACTION**
(Violation of Utah's Truth in Advertising Act – Deceptive Trade Practices)

42. Plaintiff hereby adopts and re-alleges the allegations set forth herein above.

43. Utah's Truth in Advertising Act defines as "Deceptive trade practices" the following acts: "represent[ing] that goods . . . have . . . characteristics . . .that they do not have[;]" and "represent[ing] that goods are original or new if they are . . . reconditioned . . . ." Utah Code § 13-11a-3(1)(e), 4(2)(c).

44. Defendant represented that the goods it offered for sale, and sold, to Plaintiff, were new.

45. Plaintiff relied on Defendant's representations regarding the quality and characteristics of the goods in purchasing them from Defendant to resell to consumers through Amazon.

46. However, the goods were refurbished or otherwise used.

47. As the proximate result of Defendant's misrepresentation of the quality and characteristics of the goods, Plaintiff overpaid for the goods, and then offered them as new to consumers.

48. As an additional proximate cause of Defendant's actions, Plaintiff's Amazon account was suspended, resulting in substantial lost profits.

49. Defendant's violations of the Utah Code, entitle Plaintiff to damages.

50. Pursuant to Utah Code § 13-11a-4, Plaintiff is entitled to its actual loss, plus attorneys fees.

**FOURTH CAUSE OF ACTION**
(Tortious Interference)

51. Plaintiff hereby adopts and re-alleges the allegations set forth herein above.

52. Defendant intentionally interfered, and continues to interfere, with Plaintiff's existing and potential economic relations with Amazon and consumers.

53. Defendant's interference is through improper means, including but not limited to: misrepresenting the quality and nature of goods sold and short-shipping items to Amazon warehouses, resulting in insufficient and misstated inventory, all to the detriment of Plaintiff.

54. Defendant's interference has injured Plaintiffs as the proximate cause for the termination of Plaintiff's seller accounts on Amazon.

55. Wherefore, Plaintiffs request judgment against Defendant in an amount to be determined at trial, but not less than the sum of Plaintiff's lost, monthly profits, plus pre and post-judgment interest, reasonable attorneys' fees and court costs, and all other relief that is proper, just, or equitable.

**FIFTH CAUSE OF ACTION**
(Fraud through Omission and Fraudulent Inducement)

56. Plaintiff hereby adopts and re-alleges the allegations set forth herein above.

57. On or around February 23, 2023, and March 1, 2023, Defendant represented that it had certain, new Netgear N600 Cable Modem Routers and Kalorik Fryers that it could supply to Plaintiff.

58. Defendant concealed the fact that the items were in fact refurbished and used.

59. Defendant understood that Plaintiff would be offering the items for sale through Amazon, and advertising them as new items.

60. Additionally, on or around Jan. 3, 2023, and Feb. 10, 2023, Defendant represented that it had supplied 400 Xbox Elite controllers and 500 units of Olay to Amazon on Defendant's behalf.

61. In fact, Defendant had supplied only 270 Xbox controllers and 278 units of Olay, but never disclosed this fact.

62. Given the nature of the Parties' relationship, and Defendant's knowledge and understanding of Plaintiff's business, Defendant had a duty of full disclosure, and had a duty to notify Plaintiff that the items were not new and that it had not supplied the required quantity.

63. Despite opportunity, at no point did Defendant disclose to Plaintiff the real condition of the goods.

64. Defendant representations were about presently existing facts that were important and material to Plaintiff contracting with Defendant and doing business with Defendant.

65. The representations were false, and Defendant knew they were false at the time they were made, or made the representations recklessly without sufficient knowledge upon which to base the representations.

66. Defendant's representations and omissions were material because they led Plaintiff to believe that it should contract with Defendant and pay for new goods of the stated quantities, and Defendant knew they were material at the time he omitted the information and made the representations.

67. Defendant made the representations and omissions described above for the purpose of inducing Plaintiff to act upon them in doing business with Defendant.

68. Plaintiff reasonably relied on the Defendant's express and implied representations without knowledge of their falsity and material incompleteness and were thereby induced to act in the manner described above.

69. Only after Plaintiff had contracted with Defendant did Plaintiff learn of the misrepresentation and material omissions.

70. Plaintiff would not have acted affirmatively by contracting and paying Defendant, and offering goods for sale to consumers on Amazon, if Plaintiff had known that the representations were false and incomplete.

71. As a proximate result of Defendant's fraudulent conduct, Plaintiff has been damaged in the amount of money it overpaid the Defendant, and in the amount of money it has lost due to the cancellation of its Amazon account.

72. Wherefore, Plaintiff requests judgment against Defendant in an amount to be determined at trial, plus pre and post-judgment interest, reasonable attorneys' fees and court costs, punitive damages, and all other relief that is proper, just, or equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on each Cause of Action and an award of monetary relief against the Defendant as follows:

A. For entry of judgment and an award of damages against Defendant for breach of contract and breach of the implied covenant of good faith and fair dealing in an amount to be proven at trial.

B. For entry of judgment against Defendant for its inference in an amount to be proven at trial.

C. For entry of judgment and an award of damages, including punitive damages, against Defendant for its fraudulent conduct in an amount to be determined at trial.

D. Attorneys' fees and cost associated with bringing this action; and

E. Such other and further relief as the Court deems just and equitable.

Dated: February 19, 2024.

                                                    CAMERON RINGWOOD, LC

                                                    <u>/s/ Jordan K. Cameron</u>
                                                    *Attorney for Plaintiff*