Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*

---

**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LIENNS, LLC dbas AA WHOLESALE DEALS; and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **MOTION TO EXPEDITE MOTION TO SET ASIDE JUDGMENT AGAINST SWIFT INNOVATIONS, LLC AS VOID AND TO VACATE WRIT OF GARNISHMENT**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Putative Defendant/Judgment Debtor Swift Innovations, LLC ("Swift"), by and through counsel, Richard A. Kaplan of YOUNG HOFFMAN, LLC, respectfully submits to the Court its motion to expedite its motion to set aside judgment against Swift under Rule 60 (4) of the Federal Rules of Civil Procedure because the judgment is void for lack of service; and to vacate the Writs of Garnishment issued pursuant to the judgment as they relate to Swift. The grounds for expediting are that (1) the set-aside motion presents a simple question of law – whether an entity that was never served can default; and (2) that a wrongfully-issued writ of garnishment has been wielded to freeze Swift's operating account at Bank of America complicating and limiting

if not destroying Swift's ability to fund ordinary operations such as purchasing product and paying vendors. [1]

More particularly, Swift requests a schedule under which Plaintiff must file its opposition to the Rule 60 (b) motion by Wednesday, April 11, Swift must file its Reply, if any, by Friday, April 13, and the matter would be scheduled for hearing, if the Court requires it, at the earliest time the Court can accommodate.

## FACTS

Swift repeats most of the facts set forth in its set-aside motion for the court's convenience.  All facts are derived from docketed filings or are undisputed.

1   Plaintiff commenced this action on November 22 by filing its Complaint against a single Defendant: BH Elegant Linens LLC, d/b/a AA Wholesale Deals (hereafter "BH"). Complaint, p. 1 (Exhibit 1)

2.   Plaintiff's Summons was purportedly served on the same day as the Complaint, November 22, 2023, and names as a single Defendant BH, d/b/a Wholesale Deals.

3.  After its purported service on BH on November 22, 2023, Plaintiff filed a Second Amended Complaint on February 29, 2024.  In the caption the Second Amended Complaint appears to name Swift as a second d/b/a of BH, but in the body of the Complaint Plaintiff acknowledges that Swift is itself "a limited liability company registered in New York with its principal place of business in New Jersey," and then alleges that Swift is the alter ego of its sole owner, an individual.  (Exhibit 3 at 2, para 2).

---

[1] While there does not appear to be a rule of civil procedure or local practice governing motions to expedite, the Clerk of Court has advised undersigned counsel that such motions are permissible if warranted.  Counsel maintains that expedited proceedings are in fact warranted as explained in the body of the motion.

4. Whether Plaintiff intended in the Second Amended Complaint to name Swift as a separate Defendant, as a d/b/a of BH, or as the alter ego of its owner is not clear. Regardless, it is undisputed that Swift is a New York LLC that was not served with the Second Amended Complaint or any earlier Complaint.

5. Swift disputes the allegation that it is or ever was either a d/b/a of BH or the alter ego of its owner but that issue is not presented by either the Motion to Expedite or the Motion to Set Aside Default Judgment because it is undisputed that the Second Amended Complaint was never served.

6. On March 6, 2024, at Plaintiff's request, this Court entered a Default Judgment against "the Defendant" (Exhibit 4). The caption counsel created, apparently based on the Second Amended Complaint, lists BH, its d/b/a AA Wholesale Deals, and Swift together as "the Defendant" *Id*.

6. On March 29, 2024, Plaintiff caused a Writ of Garnishment to be served on Bank of America (Exhibit 5) and another to be served on JP Morgan Chase, in respect of both BH and Swift (Exhibit 6).

7. While neither bank has provided its Answers to Interrogatories to the Clerk of Court or to the parties, it is undisputed that Swift does maintain an account there; and that Bank of America has frozen that account.

## DISCUSSION

Swift has never been served and thus has had no opportunity to defend itself against the allegations in the Second Amended Complaint. Furthermore, lack of service on Swift means the Court never had jurisdiction over Swift. Accordingly, Swift should not have been named in the

Default Judgment or the Writ of Garnishment and as a result the garnishment of its funds is unsupported as a matter of law.

As for this motion to expedite, Plaintiff's counsel generated the wrongful default judgment and writ of garnishment itself and is thus fully familiar with the facts, circumstances and the law, if any, supporting Plaintiff's position. and can respond promptly. Furthermore, the question of the illegality of the Default Judgment and Writ of Garnishment as they relate to Swift is a straight-forward question of law — whether default judgments and writs of garnishment can be issued against an entity that was indisputably never served.

Because there are no material facts in dispute, the legal issue presented is a simple one, and the urgency of Swift's need to use its operating account speaks for itself, briefing and argument (if any) on the motion to set aside the Default Judgment warrants expedited treatment.

Dated this 8th day of April, 2024.

    */s/ Richard A. Kaplan*
Richard A. Kaplan
YOUNG HOFFMAN, LLC
*Attorneys for Defendant BH Elegant Linens, LLC, d/b/AA Wholesale Deals; and putative Defendant Swift Innovations, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of April, 2024, I caused a true copy of the foregoing **Motion to Expedite Motion to Set Aside Judgment Against Swift Innovations, LLC As Void and to Vacate Writ of Garnishment** to be served via the court's electronic filing system upon the following:

    Jordan K. Cameron
    jordan@cameronringwood.com
    CAMERON RINGWOOD, LC
    6975 South Union Park Avenue, Suite 600
    Cottonwood Heights, UT 84047
    *Attorneys for Apothecary Movement, LLC*

                                                  */s/ Echo Peterson*
                                                  Echo Peterson