Richard A. Kaplan
Young Hoffman, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendant BH Elegant Linens, LLC,*
*d/b/AA Wholesale Deals; and putative Defendant*
*Swift Innovations, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LIENNS, LLC dbas AA WHOLESALE DEALS; and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **MOTION FOR IMMEDIATE RETURN OF PROPERTY IMPROPERLY GARNISHED, FOR EXPEDITED CONSIDERATION, AND TO REJECT DEPOSIT INTO COURT AS PREMATURE AND IMPROPER WITHOUT LEAVE**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Swift Innovations, LLC, by and through counsel, Richard A. Kaplan of Young Hoffman, LLC, having appeared for the limited purpose of contesting personal jurisdiction, respectfully submits its Motion for Immediate Return of Property Wrongfully Garnished, for Expedited Consideration, and to reject Plaintiff's purported deposit of the funds with the clerk this morning as premature and improper without leave of court.

More particularly, yesterday, May 5, 2024, this Court issued a Docket Text Order granting Swift's motion to set aside the Amended Judgment under Rule 60, vacating that

Judgment, and vacating the Writs of Garnishment Plaintiff obtained pursuant to the Amended Judgment and served on Bank of America and JP Morgan Chase.

The Court was almost certainly unaware when it entered that Docket Text Order that, despite service on BOA of pending objections and motions, BOA had already released and wired the sum of $423,312.67 from Swift's account at BOA to Plaintiff's counsel, Cameron and Ringwood, for deposit in that firm's trust account. According to Plaintiff's counsel, who so advised undersigned counsel last Friday, that transfer of funds occurred sometime during the week of April 22d, 2024.

It follows ineluctably from the Court's Order vacating the Writ of Garnishment served upon BOA that Plaintiff's counsel has no lawful basis for retaining Swift's funds and should be directed by the Court to wire the $423,312.67 it received from BOA back to Swift's account at BOA (No. 483093054855) immediately. Expedited treatment of this Motion is warranted because no justification exists for continuing the freeze the unlawful garnishment imposed on Swift's account in March for another day.

Undersigned counsel notes further that Plaintiff has this morning filed a Notice of Interpleader under 28 U.S.C. Sec. 1335 and represented therein that Swift's funds are being mailed simultaneously to the Court. But Plaintiff obtained those funds under what this Court has deemed an invalid Writ of Garnishment, should never have possessed those funds in the first place, and has no standing to Interplead them rather than return them to their rightful owner. Furthermore, under Rule 67 (a), Fed.R.Civ.Pro., Plaintiff was required in any event before depositing money with the Court to seek leave of Court to do so and to "deliver to the clerk a copy of the order permitting deposit." As these steps were not taken, the purported deposit into

court was premature and unauthorized and should be rejected.[1]  Accordingly, to the extent that the clerk has received funds from Plaintiff the clerk should be directed not to receive them and Plaintiff's counsel should be deemed still in possession of those funds for purposes of this Motion.

Dated this 6th day of May, 2024.

                               */s/ Richard A. Kaplan*
                               Richard A. Kaplan
                               YOUNG HOFFMAN, LLC
                               *Attorneys for Defendant BH Elegant Linens, LLC, d/b/AA Wholesale Deals; and putative Defendant Swift Innovations, LLC*

---

[1] Courts have discretion as to whether to accept or reject deposits of funds with the court.  See, e.g., *Zelaya/Capital International Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014).  Plaintiff's approach deprived the court the opportunity to exercise that discretion.

## **CERTIFICATE OF SERVICE**

I certify that on this 29th6th day of May 2024, I caused a true copy of the foregoing **Motion for Immediate Return of Property Improperly Garnished, for Expedited Consideration, and to Reject Deposit Into Court as Premature and Improper Without Leave** to be served upon the following:

| | |
|---|---|
| Jordan K. Cameron<br>jordan@cameronringwood.com<br>CAMERON RINGWOOD, LC<br>6975 South Union Park Avenue, Suite 600<br>Cottonwood Heights, UT 84047<br>*Attorneys for Apothecary Movement, LLC* | Bank of America NA<br>Attn: Legal Order and Case Resolution Operations<br>800 Samoset Drive<br>Newark, DE 19713-6001 |
| (via the court's electronic filing system) | (via USPS first-class mail) |

 */s/ Echo Peterson*
 Echo Peterson