Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendant BH Elegant Linens, LLC,
d/b/AA Wholesale Deals; and putative Defendant
Swift Innovations, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LIENNS, LLC dbas AA WHOLESALE DEALS; and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **OPPOSITION TO REQUEST FOR LEAVE UNDER RULE 67 (a) TO DEPOSIT GARNISHED FUNDS WITH THE COURT**<br><br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Swift Innovations, LLC, by and through counsel, Richard A. Kaplan of YOUNG HOFFMAN, LLC, having appeared for the limited purpose of contesting personal jurisdiction, respectfully submits this Opposition to Plaintiff's Request for Leave Under Rule 67 (a) to Deposit Garnished Funds with the Court on the ground that both the Amended Default Judgment and Writ of Garnishment through which Plaintiff obtained the subject funds have been vacated by this Court, Docket Text Order of May 5, 2024, establishing that Plaintiff had no right to garnish the funds in the first place.

As Swift maintained in its Motion for Return of Property Improperly Garnished, for Expedited Consideration, and to Reject Deposit into Court as Premature and Improper [Docket No. 52], it follows ineluctably from the Court's Order vacating the Writ of Garnishment served upon BOA that Plaintiff's counsel has no lawful basis for retaining Swift's funds and thus no right to tender them into court pursuant to Interpleader.  Rather, as Swift requested, Plaintiff's counsel should be directed by the Court to wire the $423,312.67 it received from BOA back to Swift's account at BOA (No. 483093054855) immediately.

Like any other litigant purporting to want to gain control of an adversary's assets, Plaintiff has other remedies, such as seeking a prejudgment writ of attachment, which of course would require posting of a bond.  Plaintiff should not be permitted to circumvent that process and the bond requirement it imposes through a misuse of Interpleader.

Courts have discretion to deny leave to deposit funds in appropriate circumstances.[1] and the fact that the garnishment through which Plaintiff obtained the funds at issue has been vacated is such a circumstance.  The request for leave should be denied, and to the extent that the clerk has received or receives a check from Plaintiff the clerk should be directed not to accept it.

Dated this 8th day of May, 2024.

                                                  */s/ Richard A. Kaplan*
Richard A. Kaplan
YOUNG HOFFMAN, LLC
*Attorneys for Defendant BH Elegant Linens, LLC, d/b/AA Wholesale Deals; and putative Defendant Swift Innovations, LLC*

---

[1] Courts have discretion as to whether to accept or reject deposits of funds with the court.  See, e.g., *Zelaya/Capital International Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014).  Plaintiff's approach deprived the court the opportunity to exercise that discretion.

## CERTIFICATE OF SERVICE

I certify that on this 8th day of May 2024, I caused a true copy of the foregoing **Opposition to Request for Leave Under Rule 67(a) to Deposit Garnished Funds with the Court** to be served upon the following:

| | |
|---|---|
| Jordan K. Cameron<br>jordan@cameronringwood.com<br>CAMERON RINGWOOD, LC<br>6975 South Union Park Avenue, Suite 600<br>Cottonwood Heights, UT 84047<br>*Attorneys for Apothecary Movement, LLC* | Bank of America NA<br>Attn: Legal Order and Case<br>Resolution Operations<br>800 Samoset Drive<br>Newark, DE 19713-6001 |
| (via the court's electronic filing system) | (via USPS first-class mail) |

                                                  */s/ Echo Peterson*
                                                  Echo Peterson