Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dba AA WHOLESALE DEALS, a New York limited liability company,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE JUDGMENT AGAINST BH ELEGANT LINENS, LLC**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Putative Defendant/Judgment Debtor BH Elegant Linens, LLC, dba AA Wholesalers, by and through counsel, Richard A. Kaplan of YOUNG HOFFMAN, LLC, appearing for the limited purpose of contesting personal jurisdiction, respectfully submits to the Court this Reply Memorandum in Support of BH's Motion to Set Aside Default Judgment as Void for Lack of Personal Jurisdiction and on other grounds.  In its opening Memorandum, BH showed that the purported service of the Summons and Complaint on a Mr. Joe Cohen was insufficient as a matter of law because Mr. Cohen was not an officer, director, employee or otherwise affiliated with BH; that regardless what Mr. Cohen may have said to the Process Server, he was not authorized by BH or by law to accept service on behalf of BH, and indeed that Mr. Alhakim, the

sole member of BH has no idea who Mr. Cohen is.  See generally Memorandum in Support of Motion to Set-Aside Default Judgment against BH [Docket 43], ¶¶ 4-5; Third Declaration of Avi Alhakim, ¶ 3, attached as Exhibit A.

In its Opposition, Plaintiff cannot come to grips with the showing that it simply failed to serve BH consistent with either the law of Utah (the issuing state), the law of New Jersey (the state of purported service), or Federal Rule 4.  Instead, Plaintiff attempts to obscure its failure with purported facts that are either irrelevant or simply false or both and with a legal argument that, if correct, which it is not, would effectively eliminate service challenges altogether and render the specific requirements of service meaningless.

## **FACTS**

As we understand the Opposition, Plaintiff makes three basic factual arguments as grounds for finding effective service, none of which is availing.  First, Plaintiff seeks to bolster Mr. Cohen's significance.  Second, Plaintiff seeks to create the impression that Mr. Cohen was the only option.  Third, Plaintiff offers circumstantial evidence to suggest that Mr. Alhakim either saw the Summons and Complaint or at least had notice of the lawsuit.  None of these points has any legal significance.

First, Plaintiff suggests that the warehouse had only a single door, a front desk, that Mr. Cohen was seated there, and that Mr. Cohen knew all the occupants. Oppo. at 4, ¶¶ 15-16. Notably, none of these assertions are made by the Process Server himself, not in the Return of Service [Docket  ], and not in the Report of Investigation Plaintiff's counsel commissioned. Oppo., ¶ 16, and Oppo., Exh. A (Report) [Docket 54-1].  Rather, the suggestion that Mr. Cohen was served at a front desk comes entirely from Plaintiff's purported recollection that there was a

front desk with someone sitting at it when he visited the building once before. Shaikh Decl., ¶ 21. Service on a man sitting at a front desk in this case is thus wholly unsupported. In fact, the building has multiple doors, no main door and no front desk; and to the best of Mr. Alhakim's knowledge, the building owner or manager, if any, is rarely around, as if the presence of the building manager or a person at a front desk were relevant to the issue at hand. Memo in Support, ¶ 3-4; Third Alhakim Declaration, ¶ 3. It is not, as elaborated below in Argument.

Second, Plaintiff implies that Mr. Cohen was the only option for service because "Defendant's registration record with the State of New York does not identify a registered agent …." Oppo., ¶ 15. That representation is false. The Articles of Organization of BH Elegant Linens, LLC, paragraph THIRD, state clearly that "The Secretary of State is designated as agent of the limited liability company upon whom process against it may be served." [Docket 37-1] And there can be no fuzziness about this point arising from subsequently filed Articles of Dissolution. That is so because there is no disputing that the Articles of Organization were in full force and effect on the date service was purportedly made on Joe Cohen.

Third, Plaintiff offers circumstantial evidence of communications between Mr. Shaikh and Mr. Alhakim and Plaintiff's counsel and Mr. Alhakim, apparently to show that despite his denial, Mr. Alhakim either did receive the Summons and Complaint, or that he was aware of the lawsuit in any event.[1] The Court can readily dispose of both points because whatever conclusions are to be drawn from this evidence are legally irrelevant as next discussed.

---

[1] It bears mention that none of the communications Plaintiff relies on provide the kind of information that a Summons and Complaint provide, ie., the name and address of the Court, the date of filing, the date a response is due, the nature of the claims and so forth.

## ARGUMENT

Boiled down to its essence, Plaintiff's legal argument against voiding the Default Judgment is that even if Mr. Cohen was not authorized to accept service on BH, the Court should disregard his lack of authority because it doesn't matter. But the cases establish that it most certainly does matter. The idea Plaintiff promotes that an "arguable basis" for personal jurisdiction is enough finds no support in common sense or the caselaw.[2]

First, Plaintiff suggests that the Court should find that, despite Mr. Alhakim's denial, he did receive the Summons and Complaint, presumably one supposes from Mr. Cohen, and that such delivery would amount to proper service even if the purported service on Mr. Cohen did not. That argument, however, was firmly rejected by the Utah Supreme Court in *Sewell v. Express Lube*, 321 P.3d 1080 (Utah 2013), and our research discloses not a single case in Utah or New Jersey in which a court has held that improper service on person A was cured when person A delivered the summons and complaint to the defendant. See also the *Pia* case Plaintiff quotes from at length. What Plaintiff omits is the Court's decision that, even though the Pia Anderson firm itself was its registered agent for service of process, even though service was made on a receptionist at the firm, and despite the firm's duties respecting service that the Court discussed in a footnote, "the Court could not conclusively determine that service was properly effectuated." *Position Logic, LLC v. Patent Licensing Alliance, LLC, et al.*, 2017 WL 1136959 (D. Utah 2017) (unreported).

---

[2] Plaintiff also argues that he can rely on the registered office of the Defendant as a place to attempt service. Oppo. at 7. But Plaintiff is assuming that the address to which the Secretary of State is authorized to mail service of process is a "registered office" on which Plaintiff may rely. Plaintiff presents no authority in support. Regardless, reliance on the address is one thing, service on a person authorized to receive service – ie., a registered agent, officer etc. – is quite another.

Second, Plaintiff argues that even if BH never received the Summons and Complaint, its circumstantial evidence shows that Mr. Alhakim "knew" about the lawsuit and that "actual notice" suffices to deny BH's motion to set aside the Default Judgment.  However, the case Plaintiff cites in support of this proposition is not on point as it involved service by publication, not service of process personally or on a registered agent.  *Kitchens v. Bryan County National Bank*, 825 F.2d 248 (10th Cir. 1987).  Plaintiff cites no case, and our research discloses none, where, as here, personal service is available and evidence of "actual notice" was deemed a sufficient substitute.

Third, Plaintiff argues that all the Court needs to deny the motion is an "arguable basis" for finding jurisdiction, not the personal jurisdiction that derives from proper service of process.  The cases Plaintiff cites for this proposition, however, center on whether a determination of subject matter jurisdiction was arguably correct, not on whether personal service was arguably effectuated.  See Oppo. at 6 and cases cited.  If Plaintiff were correct, which it is not, a court on a motion to set aside a default judgment could simply review the Docket to see whether it reflects a "Proof of Service" and, if so, deny the motion on that basis.  That is so because any Proof of Service would provide an "arguable basis" on its face for finding personal jurisdiction.  Here, again, Plaintiff has provided no authority for such a rule and our research discloses none.

Dated this 10th day of May, 2024.

        /s/ Richard A. Kaplan
Richard A. Kaplan
YOUNG HOFFMAN, LLC
*Attorneys for Defendant BH Elegant Linens, LLC, d/b/a Wholesale Deals; and putative Defendant Swift Innovations, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of April, 2024, I caused a true copy of the foregoing **Reply Memorandum in Support of Motion to Set Aside Judgment Against BH Elegant Linens, LLC** to be served upon the following:

| | |
|---|---|
| Jordan K. Cameron<br>jordan@cameronringwood.com<br>CAMERON RINGWOOD, LC<br>6975 South Union Park Avenue, Suite 600<br>Cottonwood Heights, UT 84047<br>*Attorneys for Apothecary Movement, LLC*<br><br>(via the court's electronic filing system) | Bank of America NA<br>Attn: Legal Order and Case<br>Resolution Operations<br>800 Samoset Drive<br>Newark, DE 19713-6001<br><br><br>(via USPS first-class mail) |

 */s/ Echo Peterson*
Echo Peterson