Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS dba AA WHOLESALE DEALS, a New Jersey company,<br><br>Defendants. | **OPPOSITION TO MOTION TO QUASH SUBPOENA TO BANK OF AMERICA AND TO DOCUMENTS PRODUCED BY BANK OF AMERICA AND BY JP MORGAN CHASE AS PRODUCT OF DEFAULT JUDGMENT PROCURED THROUGH FRAUD OR MISREPRESENTATION [DOC 48]**<br><br>Case No.: 2:23cv00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

COMES NOW, Plaintiff, through counsel, and respectfully submits this *Opposition* to *Motion to Quash* [Doc 48].

**Facts**

1. On Dec. 18, 2023, the Clerk entered a Default Certificate against Defendant. [Doc. 14].

2. On February 26, 2024, this Court entered judgment against Defendant. [Doc 23].

3. The judgment was based on paragraph 31 of the *Complaint* which identified $49,614 in overpayments made by Plaintiff to defendant for short-shipped goods, and paragraph 32 of the *Complaint* identifies lost monthly profits in the amount of $169,195 since August 2023. (*See Second Am. Compl.,* at ¶¶ 31, 32) [Doc 21].

4. Prior to Defendant making an appearance in this case, on April 3, 2024, Plaintiff issued subpoenas to Bank of America and Chase Bank pursuant to Fed. R. Civ. P. 45.

5. Because Defendant had not yet made an appearance, prior notice of subpoenas was not required pursuant to Fed. R. Civ. P. 5.

6. In the seven months leading up to the termination of Plaintiff's account by Amazon, Plaintiff's net revenue (or profit) after considering all expenses such as fees and costs of goods sold was ███████████. (*See* Declaration of Asif Shaikh, ¶ 4, Exhibit A, hereto).

7. Accordingly, Plaintiff's monthly profit in the seven-month period leading up to its Amazon termination was ████████. (*See id*. at ¶ 5).

8. In the *Declaration of Asif Shaikh* of April 24, 2024, Mr. Shaikh stated, "Apothecary has lost on average $169,195 per month in revenue since August 2023." [Doc. 45-1 at ¶ 12]. This is reference to net revenue, or profit, and is consistent with paragraph 32 of the *Complaint*. (*See id*. at ¶¶ 6-8).

9. Despite that Plaintiff's Profit and Loss records for the 2023 calendar year leading up to the Amazon termination support a higher computation of ████████] in lost profit per month, considering a longer time-period, a more conservative accounting of lost monthly profits

was $169,195. (*See id*. at ¶ 7). Accordingly, this was the number used in the *Complaint*, and the number on which the Default Judgment was based.

### Argument

Generally, "a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." *Richards v. Convergys Corp.*, No. 2:05-CV-00790DAK, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007).

Further, Fed. R. Civ. P. 45 recognizes only the following bases for quashing a subpoena: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(3)(A).

Defendant's argument for quashing the subpoenas issued to third parties has nothing at all to do with recognized grounds for quashing a subpoena. Rather, it is based on Defendants' fatally flawed challenge to the amount of judgment entered in this case. Of course, even if judgment had not entered in this case, where Defendant has yet to appear and defend the *Complaint*, Plaintiff is entitled to issue subpoenas. Accordingly, the amount of judgment, despite that it is justified by Plaintiff's accounting records and the uncontested pleadings in the *Complaint*, is not a basis for quashing subpoenas.

Defendant essentially argues that because Mr. Shaikh's April 24, 2024, *Declaration* states, "Apothecary has lost on average $169,195 in revenue since August 2023" the judgment amount must have been induced by fraud. But Defendant's reading of Mr. Shaikh's *Declaration*

3

is in error.

In the seven months leading up to the termination of Plaintiff's account by Amazon (which termination was the result of Defendant's conduct), Plaintiff's net revenue (or profit) after considering all expenses such as fees and costs of goods sold was ▮▮▮▮▮▮▮▮. Accordingly, Plaintiff's monthly profit in the seven-month period leading up to its Amazon termination was ▮▮▮▮▮▮.

In the *Declaration of Asif Shaikh* of April 24, 2024. Mr. Shaikh stated, "Apothecary has lost on average $169,195 per month in revenue since August 2023." [Doc. 45-1 at ¶ 12]. This is reference to net revenue, or profit, and is consistent with paragraph 32 of the *Complaint*.

Despite that Plaintiff's Profit and Loss records for the 2023 calendar year leading up to the Amazon termination support a higher computation of roughly ▮▮▮▮▮▮ in lost profit per month, considering a longer time-period, a more conservative accounting of lost monthly profits was $169,195. Accordingly, this was the number used in the *Complaint*, and the number on which the Default Judgment was based.

The amount of damages stated in the *Complaint*, which remains uncontested, is supported by Plaintiff's accounting records. If anything, the number was conservatively low. Defendant did not respond to the *Complaint* and judgment entered based in the uncontested allegations, which are supported by Plaintiff's accounting. The fact of a judgment in the amount of $726,394 is not a basis for quashing third-party subpoenas.

The actual purpose of Defendant's *Motion* is easy to decipher from information in the Chase Bank records. The records demonstrate that after receiving Plaintiff's demand, Defendant transferred all of its money from its Chase Bank account to a new account in the name of Swift

Innovations with Bank of America. Defendant's attempts to quash the Subpoenas is an attempt to conceal the fact of this fraudulent transfer and the fact that the Bank of America account, despite being in Swift Innovation's name, actually holds Defendant's money. If such were not the case, Defendant would have no fear of the production of the subpoenaed records.

## Conclusion

Based on the foregoing, this Court should deny the *Motion*.

DATED this 10th day of May 2024,

                                                    CAMERON RINGWOOD, LC

                                                    /s/ Jordan K. Cameron
                                                    Jordan K. Cameron
                                                    *Attorneys for Plaintiff*

**Certificate of Service**

   I, the undesigned, certify that on this 10th day of May 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*