Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS dba AA WHOLESALE DEALS, a New Jersey company,<br><br>Defendants. | **EX PARTE MOTION FOR LEAVE TO FILE UNREDACTED DECLARATION AND EXHIBIT UNDER SEAL**<br><br>Case No.: 2:23cv00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to DUCivR 5-3 and Rule 5.2(d) of the Federal Rules of Civil Procedure, Plaintiff, through counsel, hereby moves the Court, *ex parte*, for an Order permitting Plaintiff to file under seal an unredacted version of the *Opposition to Motion to Quash,* the *Declaration of Asif Shaikh* and the *Exhibit* attached thereto, that contain Plaintiff's confidential financial information. Plaintiff files concurrently herewith narrowly-tailored, redacted versions of the *Opposition* and *Declaration* to be available to the public, and submits unredacted versions of the

*Opposition*, *Declaration* and *Exhibit* requested to be filed under seal, together with a Proposed Order. Plaintiff requests that the information in question be sealed for the duration of this litigation.

### Argument

The *Standard Protective Order* defines Confidential - Attorney's Eyes Only information as:

> PROTECTED INFORMATION: . . . (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, . . . (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.

Standard Protective Order, § 2(b).

Within the *Opposition* and *Declaration* are various references to financial information of Plaintiff taken from its Profit and Loss statement. The *Declaration* also includes, as <u>Exhibit 1</u>, a non-public Profit and Loss statement. None of the information is presently known to the public and Plaintiff does not share the information outside its business other than to its accountants. The information in question qualifies as Confidential - Attorney's Eyes Only pursuant to the *Standard Protective Order* that governs this case pursuant to DUCivR 26-2 and should not be disclosed to the public.

Moreover, "Profit and loss statements are precisely the type of sensitive business information that should be sealed and kept confidential under DUCivR 5-3(b)(2). Courts have consistently found profit and loss statements to be confidential and appropriately sealed." *AH Aero Serv., LLC v. Heber City*, No. 217CV01118HCNDAO, 2020 WL 6135819, at *3 (D. Utah

Oct. 19, 2020) (citing *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 2:16-cv-13040, 2018 WL 3649554, at *4-5, 2018 U.S. Dist. LEXIS 129168, at *12–13 (E.D. Mich. Aug. 1, 2018) (unpublished) (sealing profit and loss statement as disclosure could reveal sensitive and private information); *Feed.Ing BV v. Principle Sols. LLC*, No. 14-C-1241, 2015 WL 136402, at *4, 2015 U.S. Dist. LEXIS 2464, at *12 (E.D. Wis. Jan. 8, 2015) (unpublished) (summarizing cases confirming the confidential nature of profit and loss statements); *Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. 12-1267-RSM, 2013 WL 1399349, at *3, 2013 U.S. Dist. LEXIS 49751, at *7-8 (W.D. Wash. Apr. 5, 2013) (unpublished) (finding good cause to seal confidential financial information like profit and loss statements); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-cv-403-FL, 2013 WL 1091054, at *2, 2013 U.S. Dist. LEXIS 35970, at *4–5 (E.D.N.C. Mar. 15, 2013) (unpublished) (ordering profit and loss statements sealed).

    The sealed filings have been narrowly tailored to protect only the specific information requiring protection. Only the financial information in the *Opposition* and *Declaration* is redacted, and only the Profit and Loss Exhibit will be filed under seal. Where portions of a document were sought to be sealed, rather than "entire documents or [holding] closed pre-trial proceedings," courts in this jurisdiction have found the request to be narrowly tailored. *See United States v. McVeigh, 119 F.3d 806, 815 (10th Cir. 1997).* Further, when "redacted versions of the documents at issue [would be] made available to the public" courts find that the requests are sufficiently narrow to support a filing under seal. *Id.*

    Plaintiff therefore requests that the Court grant leave to allow Plaintiff to file the unredacted *Opposition*, *Declaration of Asif Shaikh* and the *Exhibit* under seal and designated as Confidential - Attorney's Eyes Only.

## Conclusion

Based on the foregoing, this Court should grant this *Motion*.

DATED this 10th day of May 2024,

        CAMERON RINGWOOD, LC

        /s/ Jordan K. Cameron
        Jordan K. Cameron
        *Attorneys for Plaintiff*

## Certificate of Service

I, the undesigned, certify that on this 10th day of May 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*