Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS LLC, a New York limited liability company, <br><br> Defendants. | **REPLY RE REQUEST FOR LEAVE UNDER RULE 67(a) TO INTERPLEAD FUNDS WITH THE COURT** <br><br><br><br> Case No.: 2:23cv00845-HCN-DAO <br> Judge Howard C. Nielson, Jr. |

COMES NOW, Plaintiff, and respectfully submits this *Reply in Support of Request For Leave Under Rule 67(a) to Interplead Funds*. This Court should grant the request because Swift Innovations, LLC, has failed to satisfy its burden to demonstrate that the garnished funds are Swift Innovations' funds and not Defendant's. This Court should allow the interpleader of the funds until this question is resolved. Additionally, Swift Innovations LLC has not opposed Plaintiff's *Motion to add Swift Innovations LLC as a Judgment Debtor* [Doc 26], and this Court should allow the interpleader of the funds until that *Motion* is resolved through a ruling.

## Argument

On May 5, 2024, the Court entered a docket text entry in response to a *Motion* by Swift Innovations LLC to vacate the garnishments. The docket text entry does not specify as to whom the writs were vacated, but owing to the fact that the *Motion* was filed by Swift Innovations, and not the Defendant, it appears the *Writs* were only vacated as to Swift Innovations. Notably, Swift Innovations is not presently a Judgment Debtor or Defendant in this case, and Plaintiff's *Writ* was not against Swift Innovations LLC, but rather, against Defendant's money hidden in Swift Innovations' account. Accordingly, the Court's vacating writs as to Swift Innovations has little to do with the interpleader of funds belonging to the Defendant.

This court should permit the interpleader of the funds because: (1) money transferred to a third party by a Defendant can be attached through garnishment; and (2) Swift Innovations has not opposed Plaintiff's *Motion to add Swift Innovations LLC as a Judgment Debtor*, which exposes the funds to execution, even if the money is Swift Innovations'. Accordingly, this Court should permit the interpleader of funds until it is determined whether the funds are Defendant's or whether they are otherwise subject to collections.

A. **The court should allow the interpleader of funds because money transferred by a Defendant to a third party can be attached through garnishment, and the money should be interpleaded until a determination is made of whosmoney was garnished.**

Fed. R. Civ. P. 64 states, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Under Utah law, "Transfers of property designed to place a debtor's assets beyond the reach of the debtor's creditors are void as to the creditors." *National Loan Investors, L.P. v. Givens*, 952 P.2d 1067, 1069 (Utah 1998). On this premise, Utah R. Civ. P. 64D states,

2

"[a] writ of garnishment is available to seize property of the defendant in the possession or under the control of a person other than the defendant."

As outlined in Docs 46 and 47, after receiving Plaintiff's demand letter, Defendant transferred all of its money into the Bank of America account in the name of Swift Innovations. Despite that the money was in Swift Innovations' account, it remains subject to garnishment so long as it is Defendant's property. The burden to demonstrate that the money is in fact Swift Innovations' and not Defendant's falls to Swift Innovations. *See S & S Diversified Servs., L.L.C. v. Taylor*, 897 F. Supp. 549, 552 (D. Wyo. 1995); *see also J. Pochynok Co. v. Smedsrud*, 2003 UT App 375, ¶ 21, 80 P.3d 563 ("to avoid garnishment, a garnishee account owner must show by clear and convincing evidence that the funds belong to someone else."). *Paxton v. Paxton*, 15 P.2d 1051, 1056 (Utah 1932) ("The burden, in such case, is cast upon the grantee . . . to show the good faith of the transaction by clear and satisfactory evidence."). In other words, Swift Innovations must present clear and convincing evidence that the money in the Bank of America account is Swift Innovations' money. Despite many opportunities, Swift Innovations and Defendant have failed to do so.

As argued in Doc 37, to meet its burden to show that the money is Swift Innovations', "[t]here are several alternative methods, . . . courts exercise case-specific judgment to select the method best suited to achieve a fair and equitable result on the facts before them." *United States v. Henshaw*, 388 F.3d 738, 741 (10th Cir. 2004). One such method that would properly apply to the circumstances of this case is the "percentage" method. "The percentage approach requires the determination of the exempt funds to the account total when the deposit is made." *In re Bentley*, 622 B.R. 296, 309–10 (Bankr. W.D. Okla. 2020). Simply, what was the account balance of the

Bank of America account when Defendant transferred all of its money there. If the balance was $0, as Plaintiff suspects, all funds are subject to garnishment. Swift Innovations could address this issue through the production of its bank records, but rather than allowing the disclosure of the Bank of America statements, it has instead sought to quash the subpoena to Bank of America. Swift Innovations' efforts to avoid the disclosure of the bank records speaks volumes about whose money was garnished from the account. If the money were Swift Innovations, it would be leading the charge in the disclosure of its bank records.

Because this Court has not yet determined the ownership of the garnished money, it should permit interpleader of the money until this issue is resolved.

    **B. Even if the Funds were Swift Innovations, this Court should allow interpleader because Swift Innovations has not opposed Plaintiff's *Motion to add Swift Innovations LLC as a Judgment Debtor pursuant to Fed. R. Civ. P. 25* ("*Rule 25 Motion*", Doc 26).**

Swift Innovations LLC is not presently a Defendant or Judgment Debtor. But, on April 25, 2024, Plaintiff filed a *Rule 25 Motion* to add Swift Innovations LLC as a Judgment Debtor. Despite that Swift Innovations LLC appeared through counsel in this case on April 4, 2024, and requested that "All further notices and copies of pleadings, papers, and other materials relevant to this action" should be served upon its counsel, and despite that Swift Innovations' counsel received service of the *Rule 25 Motion* through this Court's ECF system on April 25, 2024, Swift Innovations has elected not to oppose the *Rule 25 Motion*. Plaintiff has not granted an extension, nor did Swift Innovations seek an extension from this Court before its deadline to respond.[1]

---

[1] Swift Innovations LLC's *Notice of Appearance* states that it appears for the limited purpose of challenging the Court's jurisdiction. But Swift Innovations has taken many actions unrelated to this purpose. (*See* Docs 39, 52, 55). Therefore, Swift Innovations cannot use its limited

4

Because the granting of the *Rule 25 Motion* will necessarily result in the addition of Swift Innovations LLC as a Judgment Debtor, this Court should permit the interpleader of the funds garnished from Bank of America until that *Motion* is resolved through ruling from this Court.

## Conclusion

Based on the foregoing, this Court should permit the interpleader of the money garnished from the Bank of America account.

DATED this 14th day of May 2024.

/s/ Jordan K. Cameron
Jordan K. Cameron

---

appearance as both a sword (i.e. to file motions and oppositions at will), while also using it as a shield (i.e., to claim that service of the *Rule 25 Motion* through the ECF filing system is insufficient).

## Certificate of Service

      I, the undesigned, certify that on this 14th day of May 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*