Richard A. Kaplan (13480)
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorney for BH Elegant Linens, LLC, d/b/a Wholesale Deals, Swift Innovations, LLC, and Avi Alhakim*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS a New York limited liability company,<br><br>Defendants. | **OPPOSITION TO AMENDED MOTION TO ADD SWIFT INNOVATIONS, LLC AND AVI ALHAKIM AS JUDGMENT DEBTORS**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Non-parties Swift Innovations, LLC ("Swift") and Avi Alhakim, through counsel, Richard A. Kaplan at Young Hoffman, appearing for the limited purpose of contesting jurisdiction, including jurisdiction as it relates to the instant Motion, respectfully submit this Opposition to Plaintiff's Amended Motion to Add Swift and Alhakim as Judgment Debtors. Plaintiff predicates its motion on Rule 25 (c), Fed. R. Civ. Pro., which upon demonstration of a transfer of interest allows substitution or addition of parties. Significantly, however, Rule 25 (c) states that "The motion must be served as provided in Rule 25 (a) (3), which as to non-parties (such as Swift and Alhakim) requires service as provided in Rule 4 ("Summons"). As of this

date no such service has been made or attempted on either Swift or Mr. Alhakim to the best of our knowledge. Neither is it apparent which of Plaintiff's Complaints, if any, is appropriate for service. None of them contains more than naked allegations about Swift being a dba of BH Elegant Linens, LLC ("BH") and both entities being alter egos of Mr. Alhakim. See, e.g., the never served Second Amended Complaint, Docket 21, ¶ 2. Accordingly, to advance its Rule 25 (c) motion, Plaintiff will require leave to file and then to serve a Third Amended Complaint. Under Rule 4, no response is required by these non-parties until after those steps are completed.[1]

Nevertheless, and without waiving their due process rights embodied in these rules, Swift and Mr. Alhakim respond to the Motion now because the Motion can and should be summarily denied as moot and to avoid further prejudice. More particularly, the Motion is moot in as much as the Amended Judgment has been vacated.[2] Furthermore, if granted, the Motion would compound the prejudice to Swift and Mr. Alhakim, both of whom would be stuck with a large money judgment in circumstances where it is undisputed that neither of them received service of process or was afforded an opportunity to present a defense on the merits. In vacating the Amended Judgment and the Writs of Garnishment, Docket Text Order of May 5, 2024 [Docket

---

[1] Plaintiff's most recent filing {Docket 61} asserting, among other things, that Swift has not replied to Plaintiff's Motion to Add Swift and Alhakim as Judgment Debtors suggests that Plaintiff may have overlooked these procedural requirements.

[2] Plaintiff's most recent filing [Docket 61] suggests that Docket 50 vacated the judgment and writs only as to Swift Innovations, LLC, but the Order at Docket 50 and the corresponding entries striking the Amended Judgment and the Writs from the Docket in their entirety show nothing other than that these entries have been completely vacated. The Amended Judgment was the operative Judgment as a legal matter, superseding the original Judgment. But even if the Court were to disagree, and to interpret its Order as leaving the original Default Judgment against BH Elegant Linens, LLC ("BH") in place, that Judgment, too, should be set aside as Void for lack of proper service of process as elaborated in BH's Motion to Set Aside Default Judgment {Docket 43} and BH's Reply Memorandum in Support of the Motion [Docket 56], both of which are incorporated herein by reference. See e.g. **Sewell v. Xpress Lube**, 321 P.3d 1080,1086 (Utah 2013) (holding, based on improper service, "The district court lacked jurisdiction to enter the default judgment … As a result, the default judgment is void under rule 60 (b)(4) of the Utah Rules of Civil Procedure.")

50], this Court has already recognized that Swift, a legal entity in its own right, should have received service and an opportunity to defend itself before any default judgment was entered against it.  The same reasoning plainly applies to Mr. Alhakim.  Adding them as Judgment Debtors now would essentially undo that Order, deprive Swift permanently of the opportunity to defend itself on the merits, and do the same to Mr. Alhakim.  The correct course here for Plaintiff if it believes non-parties Swift and Alhakim are liable for its damages and has adequate evidence to support that belief is to do what the Court's Order contemplated -- namely, to serve a summons and complaint upon them and prove their liability and Plaintiff's damages.  In that regard, Plaintiff's effort to join them as Judgment Debtors based on evidence of what Plaintiff claims are fraudulent transfers puts the cart before the horse.  Proof of liability, including causation, and proof of damages comes first.  Proof of purportedly fraudulent transfers comes next.  Evidence of the latter is no substitute for proof of the former.  No liability, no causation, no damages, no fraudulent transfers.

And in this case, issues of liability, including causation, and damages cry out for discovery.  Commonsense alone raises a serious question whether on the merits Amazon would suspend and refuse ever again to onboard Plaintiff's entire marketplace if Amazon did not find serious violations by Plaintiff itself of Amazon's policies and procedures.  The assumption underlying Plaintiff's entire case is that the suspension, ongoing as Plaintiff says it is, was based not on any fault whatsoever of Plaintiff's but solely and exclusively on a finding by Amazon that only a single one of Plaintiff's vendors, BH, was supplying allegedly non-conforming products without Plaintiff's involvement or knowledge. That assumption cannot withstand scrutiny because if Amazon conclusively exonerated Plaintiff, logic and basic business incentives compel

the conclusion that Plaintiff's marketplace would have been re-onboarded months ago. What is more, if permitted to pursue discovery, Swift and Mr. Alhakim will have to opportunity to prove the most likely, logical reason for the suspension – namely, that Plaintiff had multiple issues with multiple vendors and products and that Plaintiff's own conduct in respect of those issues created a pattern of violations of Amazon's policies and procedures that Amazon could not trust or tolerate. .

       These issues matter because their very existence provides another, independent reason (in addition to lack of personal jurisdiction) for denying Plaintiff's motion, namely, that adding them to a default judgment and thereby precluding them from pursing these issues in discovery and raising them on the merits is unfair and unjust. Fairness matters here not just as it does in an any case but also because Plaintiff's motion is also predicated on Rule 21, Fed. R. Civ., Pro., which entrusts the issue whether to add parties to the sound discretion of the court, and permits the court to add parties "on just terms" Here, Plaintiff does not simply want to add parties; it wants the Court to take the extraordinary step of adding parties as Judgment Debtors, which, as noted, would deprive Swift and Alhakim of the opportunity to file an Answer or move to dismiss the Complaint and litigate the merits. Simply put, Swift and Alhakim submit that there are no "just terms" on which they could be added to the Default Judgment, even if there were still a Default Judgment in place, not just because Swift and Alhakim were never served, had no cause to answer, and did not default by definition; but also because adding them to a default judgment and depriving them of the opportunity to raise defenses that comport with common sense and experience would be unjust and unfair.

What is more, undersigned counsel believes he has a duty to point out to the Court in opposition to Plaintiff's Motion the deficiencies in the foundation Plaintiff provided for the original Default Judgment, even if doing so involves going slightly beyond jurisdictional challenges. Plaintiff directed its Motion for Default Judgment [Docket 12] to the Clerk of Court under Rule 55 (b) (1), maintaining in its Motion and in the Affidavit of Jordan Cameron in Support [Docket 15-1] that Plaintiff's damages "can be made certain by computation."  Id., ¶ 9. More particularly, Plaintiff's counsel's Declaration maintained that the bulk of its damages consisted of monthly losses of $169,195 "since August 2023", id. ¶ 11; and that "[c]omputing $169,195 from August through the date of this filing [December 18, 2023] Defendant is liable for four months of loss, equaling $676,780." Id., ¶ 12 (emphasis supplied).  This submission, as elaborated below, constitutes a bastardization of the "computational" requirement imposed by Rule 55 (b) (1); as such it was at best ill conceived and at worst legerdemain designed to create the impression that no court-hearing on damages under Rule 55 (b) (2) was necessary.  And unfortunately, and erroneously, the same day a Magistrate Judge entered default judgment for Plaintiff [Docket 23], so too did this Court, finding based on Plaintiff's submission that no hearing on damages was necessary. [Docket 22]

.       The Declaration was insufficient in two fundamental ways.  For one thing, there is no reason to believe, or evidence to find, that Plaintiff's counsel has first-hand knowledge of Plaintiff's damages, if any, and thus the conclusory assertion in his Declaration that Plaintiff's damages amounted to exactly $169,195 per month is not admissible evidence of damages. *See* Federal Rules of Evidence, Rule 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the

matter.")  That lack of personal knowledge was itself sufficient ground for requiring an evidentiary hearing before imposition of judgment.  But there is more.  Plaintiff's counsel was dead wrong in asserting under oath that "[t]he amount of damages for claims of Plaintiff against Defendant can be made certain by computation." Id.  ¶ 9.  On the contrary, multiplying an unsubstantiated, conclusory figure by four does not result in a sum certain by computation.  Yet that is exactly what happened here.   Nothing more. Nothing less.

Boiled down to its essence, this approach leaves one to wonder how exactly the purported monthly losses themselves were determined.  What was the basis for the assertion that the damages every month were exactly $169,195?  We are not told.. No. 14-2619 – JAR, 2015 WL 668017 at    What makes that figure certain?   One can guess that the purported loss of exactly $169,195 for each of the four months that had allegedly elapsed since the suspension is not at all certain, but rather was a forecast, involving averages, perhaps weighted, perhaps not, perhaps based on the preceding four months, perhaps not, of unspecified past monthly results (during 2023?  The year before?) and ultimately on projections that are necessarily based on the assumption that if Plaintiff had not been suspended it would have continued to experience the exact same average monthly results month after month in the future.  Simply put, whatever exactly it is that counsel was offering here, there is nothing "certain" about his naked assertion of monthly losses, the uncertainty is compounded four times over rather than cured when his asserted monthly losses are multiplied by four, and for those reasons his approach falls far short of producing the "sum certain or sum that can be made certain through computation" requirement imposed by Rule 55 (b)(1).   The fatally flawed default judgment that Plaintiff secured on such a rationale should not be given new or prolonged life to the unfair prejudice of

nonparties Swift and Alhakim, or for that matter to BH, the putative Defendant when he original Default Judgment was issued.

Plaintiff's Motion and Memorandum cites no authority for its position that the certainty by computation requirement can be satisfied merely by multiplying a conclusory, uncertain damages figure, but the authority to the contrary is consistent and overwhelming. "A claim is liquidated if the amount of damages can be accurately calculated by the court from the factual, as opposed to the conclusory, allegations in the petition and an instrument in writing." "But where the damage claim is for other than a sum certain, the district court has an 'obligation under rule 55 (b)(2) to conduct such hearings and take such evidence as it deems advisable for determining the damages." *Sewell v. Express Lube*, supra, n. 2, 321 P.3d at 1088 (citing *Cadlerock Joint Venture II, LP*, 2011 UT App 98, ¶ 11). See also *BNSF R. Co. v. Armstrong*,*1 (D. Kan. Feb. 17, 2015) ("Typically, Rule 55(b)(1) is used to collect a specific amount that was due on a specific date under a specific contract, such as the balance due on a student loan. Rule 55(b)(1) is not used when the amount of the judgment cannot be used such certainty."); *Dyno Nobel Inc. v. C. Valley Tank of California Inc.*, No. 220CV00357DBBCMR, 2021 WL 1293325, at *3 (D. Utah Apr. 7, 2021) (("Plaintiff does not identify definite damage amounts for the additional injuries (which included consequential damages)). Thus, there is doubt as to the damages to which Plaintiff is entitled as a result of Defendant's default. Plaintiff's requests are not 'certain, settled with respect to amount, or fixed,' and they are not capable of simple mathematical calculation or 'fixed by operation of law.'"); *Wachocki v. Luna*, 330 P.3d 717, 720 (Utah App. 2014) ("When a defendant fails to appear and answer a complaint, the entry of default does not automatically entitle a plaintiff to a default judgment for the damages claimed in the complaint",

citing *Skanchy v. Calcados Ortope* SA, 952 P.2d 1071, 1076 (Utah 1998).  Further, "If the damages the complaint seeks are not liquidated damages, the court must review the complaint, 'determine whether the allegations state a valid claim for relief, and award damages in an amount that is supported by some valid evidence." *Wachock,* at 720.  In the iustant case, the only evidence of any kind submitted to support the default judgment was the Affidavit of counsel, which as a legal matter is no evidence at all.

      For all of these reasons, the Motion to Add Swift and Mr. Alhakim as Judgment Debtors should be summarily denied on any or all of the following grounds:  that the motion is moot, or, if not moot, that the original Default Judgment was invalid for lack of evidentiary support or sufficient computational certainty under Rule 55 (b) (1), or under Rule 21 inasmuch as there are no "just terms" on which these non-parties could be added now as Judgment Debtors even if there were a valid judgment to which to add them.

                                                Respectfully submitted,

                                                Richard Kaplan

## CERTIFICATE OF SERVICE

I certify that on this 15th day of May, 2024, I caused a true copy of the foregoing **Opposition to Amended Motion to Add Swift Innovations, LLC, and Avi Alhakim as Judgment Debtors** to be served via the court's electronic filing system upon the following:

>Jordan K. Cameron
>jordan@cameronringwood.com
>CAMERON RINGWOOD, LC
>6975 South Union Park Avenue, Suite 600
>Cottonwood Heights, UT 84047
>*Attorneys for Apothecary Movement, LLC*

Echo Peterson