Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendant BH Elegant Linens, LLC,
d/b/AA Wholesale Deals; and putative Defendant
Swift Innovations, LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LIENNS, LLC dba AA WHOLESALE DEALS; a New York limited liability company,<br><br>Defendants. | **NON-PARTY SWIFT INNOVATIONS, LLC'S AMENDED MOTION FOR IMMEDIATE RETURN OF WRONGFULLY GARNISHED FUNDS AND FOR EXPEDITED CONSIDERATION**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Non-party Swift Innovations, LLC ("Swift"), by and through counsel, Richard A. Kaplan of YOUNG HOFFMAN, LLC, having appeared for the limited purpose of contesting personal jurisdiction, and having established the same, respectfully submits this Amended Motion for Immediate Return of Wrongfully Garnished Funds and for Expedited Consideration. This Amended Motion is warranted because it will not prejudice Plaintiff – its opposition to the original Motion is not yet due, and because it will be helpful and expeditious to let Plaintiff know what Swift has to say about the recent arguments Plaintiff made in support of Interpleader, [e.g., Docket 61, Reply in Support of Interpleader], the flip side of the issue. Swift addresses those

arguments here because they serve only to confirm Swift's position and thus provide additional grounds for the relief Swift is seeking.  Time being of the essence, Swift's original Motion for Return of Improperly Garnished Funds requested expedited consideration and Swift reiterates that request here.

By way of context, amidst the disputed issues in this case, one thing is certain:  In Docket 50, this Court vacated and caused to be stricken both the Amended Default Judgment and the Writs of Garnishment and in so doing put a stake in the ground.  On the basis of Docket 50, Swift's original Motion was predicated on what seems obviously to follow:  that because the Writs have now been deemed void, there is no legal basis for Plaintiff's counsel or the Clerk of Court to continue holding Swift's funds.

Plaintiff sets forth its argument to the contrary in Docket 61, which foreshadows Plaintiff's likely opposition to the original Motion.  Boiled down to its essence, Plaintiff's argument is that the Clerk should maintain possession of the funds pending this Court's resolution of two issues:  These are: (1) whether Swift has met its burden of proving that the funds in Swift's account were Swift's and did not simply come from BH; and (2) whether Plaintiff's Motion to Alter Judgment to Add Swift and Mr. Alhakim as Judgment Debtors is granted or denied.  Id.

The first argument is readily disposed of.  Swift has no burden to prove anything to justify return of wrongfully garnished funds.  Plaintiff constructs an argument that the funds were properly garnished pursuant to the original default judgment against BH, but that is precisely the same argument Plaintiff made in its Opposition to Swift's Motion to Set Aside

Judgment as void [Docket 37] , and this Court necessarily rejected that argument when it granted Swift's Motion, and vacated the Amended Default Judgment and the Writs in Docket 50.[1]

As to the second argument, what Plaintiff overlooks in asking that the garnished funds remain with the Clerk of Cout pending the outcome of its motion to add judgment debtors is that even assuming *arguendo* that Plaintiff were to prevail on that motion, the Writ of Garnishment under which Plaintiff obtained the funds from Swift's bank account would remain null and void. Plaintiff would therefore still have no possessory right to or interest in those funds and the funds themselves would have to be returned pending further proceedings such as, if Swift so chose, a new application for a new Writ.  By the same token, should Plaintiff not prevail on its motion to add judgment debtors, the improperly garnished funds would have to be returned.  At that point the proper course by which Plaintiff could seek to regain control over the funds would be to serve and file a new Complaint against Swift, move for a pre-judgment Writ of Attachment, and post a bond.  Swift maintains that that scenario describes we are in this case, since the idea of adding judgment debtors to a vacated judgment makes no sense as elaborated in Swift's Opposition to Amended Motion to Alter Judgment to add Judgment Debtors.  [Docket 63]

In sum, whether it wins or loses its motion to add judgment debtors, Plaintiff will continue to have no right of possession to improperly garnished funds.  What necessarily follows is that holding those funds pending resolution of the motion to add judgment debtors is not just

---

[1] It was somewhat disingenuous for Plaintiff to argue the first time that Swift was a dba of BH, not a party Defendant, and then to reiterate that failed argument in Docket 51 and 61, when it was Plaintiff's revised caption of the case that created the impression that Swift was named not as a dba but as a separate and distinct defendant.  See generally Swift's Motion to Set Aside Default Judgment as Void [Docket 30].  The Amended Default Judgment, Plaintiff's Application for Writs of Garnishment, and the Writs of Garnishment themselves all bore Plaintiff's revised caption, id, and all left reasonable people with the impression that Swift was both a party defendant and judgment debtor.

unsupported but also serves no legitimate purpose. For these reasons and for the reasons expressed in the original Motion at Docket 52, the wrongfully garnished funds should be Ordered released and returned to Swift's bank account forthwith. Since every day that the wrongfully garnished funds are withheld from Swift adds further injury, Swift respectfully requests that the Court give expedited consideration to this Amended Motion.

Dated this 16th<sup>th</sup> day of May, 2024.

                     */s/ Richard A. Kaplan*
                     Richard A. Kaplan
                     YOUNG HOFFMAN, LLC
                     *Attorneys for Defendant BH Elegant Linens, LLC, d/b/AA Wholesale Deals; and putative Defendant Swift Innovations, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of May 2024, I caused a true copy of the foregoing **Non-Party Swift Innovations, LLC's Amended Motion for Immediate Return of Wrongfully Garnished Funds and for Expedited Consideration** to be served via the court's electronic filing system upon the following:

> Jordan K. Cameron
> jordan@cameronringwood.com
> CAMERON RINGWOOD, LC
> 6975 South Union Park Avenue, Suite 600
> Cottonwood Heights, UT 84047
> *Attorneys for Apothecary Movement, LLC*

                                      */s/ Echo Peterson*
                                      Echo Peterson