Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **REPLY IN SUPPORT OF AMENDED MOTION TO ADD SWIFT INNOVATIONS, LLC AND AVI ALHAKIM AS JUDGMENT DEBTORS [DOC 46]**<br><br><br>Case No.: 2:23cv00845-HCN-DAO<br>Judge Howard C. Nielson, Jr. |

COMES NOW, Plaintiff, through counsel, and pursuant to Fed. R. Civ. P. 7 and 25, and respectfully submits this *Reply Memorandum in Support of Motion to Add Judgment Debtor*.

## Introduction

Swift Innovations and Avi Alhakim's (the "Responding Parties") *Opposition* fails to address the issue presented through the *Motion*, and instead appears to assert a collateral attack on the underlying Judgment. But such entirely misses the mark. As stated at the outset of the *Motion*, the only question presented is "whether the new party is an entity to whom the original

party's interest is transferred"—i.e., as successors or transferees. *Jones* at ¶ 91 (citing Utah R. Civ. P. 25(c)) (cleaned up). The *Motion* does not (as Responding Parties suggest), require the establishment of independent liability for the underlying claims vis-à-vis the Responding Parties. On this point, liability was already established against Defendant through *Default Judgment*. Rather, Rule 25 exists to add a judgment debtor who is a successor.

Through the *Motion*, Plaintiff establishes that Responding Parties are successors and transferees, and Responding Parties make no showing to prove otherwise. In fact, Responding Parties do not dispute a single fact presented through the *Motion* and fail to address the substantive law or issues. On this basis, this Court should grant the *Motion*, should add Swift Innovations, LLC and Avi Alhakim as judgment debtors, and should prohibit them from disposing of any assets until the Judgment is paid in full.

## Argument

Rather than raising defenses to the actual issue—i.e., that Responding Parties are successors and transferees of Defendant, and therefore responsible for the Judgment, Responding Parties instead attempt to attack the merits of the underlying claim. But such is not the purpose of a Rule 25 motion. Because Responding Parties fail to address the substantive law and issues raised in the *Motion* under Rule 25, a reply is largely unnecessary. Nevertheless, in an effort to disabuse this Court of any concern, Plaintiff endeavors to address Responding Parties' arguments in the order presented in the *Opposition*.

Aside from failing to address the actual issue presented through the *Motion*, Responding Parties' arguments fail because: (1) their procedural challenges (e.g. regarding service of a complaint) ignore established law under Rule 25; (2) their arguments that the *Amended Judgment*

[Doc 24] was vacated is inapposite, as the *Motion* relies on the February 26, 2024 Judgment [Doc 23]; and (3) their *Opposition* amounts to a collateral attack on the Judgment, and Rule 25 does not create a basis to revisit prior decisions of the court.

I.     RESPONDING PARTIES' PROCEDURAL AND DUE PROCESS CHALLENGES IGNORE ESTABLISHED LAW AND THE EXPRESS PURPOSE OF RULE 25.

Responding Parties argue "The motion must be served as provided in Rule 25 (a) (3), which as to non-parties (such as Swift and Alhakim) requires service as provided in Rule 4" and appears to argue that an amended *Complaint* need also be served in order to preserve Responding Parties' due process rights. (*Oppos*. at 1-2). These arguments fail.

Regarding service of process, while the Responding Parties are correct that Rule 25 dictates that a *Motion* be served, Responding Parties' voluntary appearance and their filing an *Opposition* to the *Motion* obviates the need for formal service. Further, Swift was served.

As to Swift, Swift appeared in this matter through *Notice of Appearance* on April 4, 2024. [Doc 29]. The *Notice* states that Swift appeared for the limited purpose of challenging the Court's jurisdiction. But Swift has taken many actions unrelated to this purpose. (*See* Docs 39, 52, 55). Therefore, Swift cannot use its limited appearance as both a sword (i.e. to file motions and oppositions at will), while also using it as a shield (i.e., to claim that service of the *Motion* through the ECF filing system is insufficient). To this point, "[t]he Federal Rules do not in any way suggest that a [party] may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit . . . To countenance this train of events would elevate formality over substance and would lead plaintiffs to waste time, money, and judicial resources pursuing a cause of action." *Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987)

Further, Fed. R. Civ. P. Rule 5(b)(E) allows service through the court's electronic filing system. Swift was served through electronic filing of the *Motion* on April 25, 2024. No additional service is necessary.

Regarding both Swift and Mr. Alhakim, each has voluntarily appeared to address and defend against the *Motion* through their *Opposition*.[1] As noted, Swift appeared through counsel on April 4, 2024. Mr. Alhakim appeared through counsel on May 15, 2024, for the specific purpose of addressing this *Motion*. [Doc 62]. Due to their voluntary appearances, service is no longer necessary. *See Ziegler v. Akin*, 261 F.2d 88, 92 (10th Cir.1958) (holding that voluntary appearance cures any defect in service). Requiring Plaintiff to formally serve Swift and Mr. Alhakim with the *Motion* where each has already appeared and opposed it, would elevate form over substance. such is not a basis to deny the *Motion*.

Regarding Responding Parties' argument that Plaintiff must amend and serve an amended *Complaint*, such entirely ignores the purpose of Rule 25 and applicable law. In seeking to add a judgment debtor under Rule 25, "there is no requirement that the plaintiff initiate a new proceeding by service of a summons and complaint." *Jones v. Mackey Price Thompson & Ostler*, 2020 UT 25, ¶ 92, 469 P.3d 879, 899. Rather, Rule 25 "provide[s] authority for a court to add a party to a judgment as a successor in interest to a party to the original proceedings—even after" judgment has already entered. *See id*. at ¶ 91. Further, when dealing with Rule 25, there is no need "order . . . an amended complaint, nor is there a need to amend" prior pleadings or orders.

---

[1] Notably, Plaintiff requested that counsel for Responding Parties accept or waive service on multiple occasions, but counsel refused. Nevertheless, counsel has still appeared and voluntarily opposed the *Motion*.

*See HSBC Mortg. Servs., Inc. v. Martinez*, No. 13-508 KG/KK, 2015 WL 11089505, at *4 (D.N.M. June 1, 2015) (unpublished).

Therefore, the Responding Parties contention that a *Third Amended Complaint* need be filed and served is unsupported by the law and is plainly wrong. Rule 25 exists for the purpose of avoiding the necessity of amending a complaint. It creates a "more truncated process under the umbrella of the initial proceeding, requiring only that a party seeking to add an alleged successor 'serve the motion and any notice of hearing' . . . ." *Jones* at 92 (citing Utah R. Civ. P. 25(a)(1), (c)). Regarding service, such was accomplished as to Swift, or the need for service was otherwise obviated through Responding Parties' voluntary appearance.

In presenting the *Motion* to the Responding Parties, Plaintiff provided them all due process required under the law. Responding Parties' opportunity to defend themselves exists in their right to file an opposition—which they have done. Yet curiously in that very *Opposition*, Responding Parties argue that if the Court were to grant this *Motion* it would deprive the Responding Parties of the ability to defend themselves. Rather than taking the opportunity through the *Opposition* to defend against the actual issue (i.e., whether they are successors or transferees), the Responding Parties elected to instead attempt to evade through procedural technicalities and assert a collateral attack on the underlying Judgment. But in doing so, they have failed in all regard to present any argument or evidence that they are not successors and transferees. In fact, they are, and there is no evidence or argument they can legitimately and honestly present. Because Responding Parties are successors and transferees of Defendant, and because they have voluntarily appeared in this action and voluntarily defended against this

*Motion*, there are no due process concerns, and this Court should add them as debtors under Rule 25.

> II. THE COURT'S VACATING THE AMENDED JUDGMENT IS INAPPOSITE TO THE ISSUE PRESENTED THROUGH THE *MOTION*.

Responding Parties allege that the *Amended Judgment* has been vacated and therefore, the *Motion* must be denied. But Plaintiff does not seek to add Responding Parties as judgment debtors to the *Amended Judgment* [Doc 24], but rather, to the original Judgment dated February 26, 2024 [Doc 23].

The *Amended Judgment* was vacated upon *Motion* by Swift. But Swift was not actually a judgment debtor, rather, it was mentioned as a dba in a caption. This Court's vacating the *Amended Judgment*, which identified Swift in the caption, had no effect on the original Judgment dated February 26, 2024 [Doc 23], which did not identify Swift. That Judgment against Defendant still stands. And through this *Motion*, Plaintiff seeks to add Responding Parties as judgment debtors to that Judgment. Rule 25 permits "a court to add a party to a judgment as a successor in interest to a party to the original proceedings—even after" judgment has already entered. *See Jones*. at ¶ 91.

Accordingly, because the judgment against Defendant stands, and because Swift and Mr. Alhakim are successors (a fact Responding Parties do not deny or even argue), this Court should add them as judgment debtors to the original Judgment.

> III. RESPONDING PARTIES' COLLATERAL ATTACK ON THE JUDGMENT FAILS.

Responding Parties dedicate the majority of their briefing to a collateral attack on the underlying Judgment. However, "[t]he general rule of law is that a judgment may not be drawn

in question in a collateral proceeding and an attack upon a judgment is regarded as collateral if made when the judgment is offered as the basis of a claim in a subsequent proceeding." *Olsen v. Board of Educ.,* 571 P.2d 1336, 1338 (Utah 1977). *Tolle v. Fenley*, 2006 UT App 78, ¶ 15, 132 P.3d 63, 67. Such is also true for supplemental proceedings, such as a post-judgment proceeding for collections purposes, which this *Motion* is. *See Utah State Tax Comm'n v. Echols*, 2006 UT App 19 (The court found that it "has no jurisdiction in this proceeding under Rule 64D of the Utah Rules of Civil Procedure to entertain collateral attacks on the underlying judgment."). On this basis, the court can disregard Responding Parties' collateral challenges. Moreover, Responding Parties' substantive arguments fail.

First, the substantive claims in the *Complaint* are not at issue or subject to dispute. In "considering a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)). "Once a district court concludes that it has the power to enter a default judgment against a defendant, the court next must determine whether the well-pled allegations of the complaint, if true, state a claim for relief." *Nevada Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018). Part of this process is a determination of jurisdiction. *See Dyno Nobel Inc. v. Cent. Valley Tank of California Inc.*, No. 220CV00357DBBCMR, 2021 WL 1293325, at *2 (D. Utah Apr. 7, 2021) (unpublished). Finally, the decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

Here, there is no indication that this Court shirked its responsibility in entering default judgment in this case. In fact, the docket shows otherwise. After Plaintiff sought default, this Court required amendments to the *Complaint* to ensure that jurisdiction in this Court was proper. (*See* Docs 18, 20, *Docket Text* Entries). Such illustrates the fact that the court followed proper procedure and sound judgment in considering the pleadings and entering the Judgment in this case.

Second, the fact that the Judgment exists, and the amount of the Judgment are not at issue in considering a motion under Rule 25 which only asks if the new parties are successors and which allows the case to proceed unabated. *See HSBC Mortg. Servs., Inc.* at *4 (Rule 25 "is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands . . . there is no need to dismiss the Complaint for Foreclosure or to order . . . an amended complaint, nor is there a need to amend the Court's pretrial orders on the basis of a substitution.")

Moreover, the Judgment amount was supported by the plain allegations in the *Complaint* which identified Plaintiff's loss for certain goods as $49,614, and Plaintiff's monthly losses as the result of its Amazon expulsion as $169,195. The methodology for computing damages was further set forth in supporting *Declaration* which stated,

> Paragraph 31 of the *Complaint* identifies $49,614 in overpayments made by Plaintiff to defendant for short-shipped goods. Paragraph 32 of the *Complaint* identifies losses in the monthly amount of $169,195 since August 2023. Computing $169,195 from August through the date of this filing, Defendant is liable to Plaintiff for four months of loss, equaling $676,780. Defendant is liable to Plaintiff for to the total sum of $726,394.

(Doc 9-1, *Declaration of Jordan K Cameron*, ¶¶ 10-13).

8

Here, the court, not the clerk, entered judgment. Under Rule 55(b)(2), the court is vested with discretionary authority to conduct a hearing on damages, but such is not required. *See* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . ."). Further to this point, while in the Tenth Circuit, "a court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation" (*Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983), "an evidentiary hearing may not be necessary when affidavits and other documentary evidence before it will create a record sufficient to make the necessary findings." *Dyno Nobel Inc. v. Cent. Valley Tank of California Inc.*, No. 220CV00357DBBCMR, 2021 WL 1293325, at *3 (D. Utah Apr. 7, 2021).

Upon receiving Plaintiff's *Complaint* and Plaintiff's *Motion for Entry of Default*, which identifies the amounts of Plaintiff's loss and the methodology for computing damages (i.e., the amount of monthly losses multiplied by the months since the loss began and the date judgment would enter), the court was satisfied, and finding the computation of damages to be simple, did not require a hearing and entered Judgment. Such was well within this Court's discretionary authority. Nevertheless, lest there be any doubt regarding the amount of Plaintiff's damages, this Court need look no further that Plaintiff's *Opposition to Motion to Quash* [Doc 57], and the *Declaration of Asif Shaikh* [Doc 57-1], which are incorporated as of fully set forth herein. Therein, Plaintiff provides financial records supporting its claims for losses suffered as the result of Defendant's conduct.

## Conclusion

This Court should exercise its power under Fed. R. Civ. P. 25 and add Swift and Mr. Alhakim as Judgment Debtors in this action. Further, given the efforts to which Defendant and

these parties have gone to move money out of reach of Plaintiff, this Court should order that neither party dispose of any assets other than to pay the Judgment until the Judgment is paid in full.

DATED this 21st day of May 2024.

/s/ Jordan K. Cameron
Jordan K. Cameron
*Attorney for Plaintiff*

## Certificate of Service

  I, the undesigned, certify that on this 21st day of May 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*