Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **MOTION FOR RECONSIDERATION OF MOTION TO VACATE WRITS [DOC 30]**<br><br><br><br><br><br>Case No.: 2:23cv00845-HCN-DAO<br>Judge Howard C. Nielson, Jr. |

COMES NOW, Plaintiff, and respectfully submits this *Motion for Reconsideration of Swift Innovations, LLC's Motion to Set Aside Judgment as to Swift Innovations, LLC and to Vacate Writs* [Doc 30] regarding which this Court entered a docket text order on May 5, 2024.

## Introduction

On May 5, 2024, the Court entered a docket text entry in response to the *Motion* [Doc 50] by Swift Innovations, LLC to, *inter alia*, vacate writs of garnishment. The docket text entry does not specify as to whom the writs were vacated, but because the *Motion* was filed by Swift

Innovations, LLC, and not the Defendant, it appears the *Writs* were only vacated as to Swift Innovations, LLC. But Plaintiff did not garnish Swift Innovation, LLC's money. Rather, it garnished Defendant's money that was hidden in Swift Innovation, LLC's account. Nevertheless, through this *Motion*, Plaintiff respectfully requests that this Court reconsider its ruling on the *Motion* based on evidence discovered after Plaintiff filed its opposition to the *Motion* and the material impact the new evidence has on the application of controlling law regarding Plaintiff's garnishment rights.

The new evidence shows that Defendant, in November 2023, transferred the full balance of its garnishable bank account (over $900,000) to the garnished Bank of America account in the name of Swift Innovations, LLC. (*See* Doc 46-1, *Declaration of Asif Shaik*, ¶ 17; *see also* Exhibit C hereto). Rule 64D permits Plaintiff to garnish accounts of third parties that hold the funds of the Defendant, and neither Defendant nor Swift Innovations has presented any argument or evidence that the garnished funds are not the Defendant's. On this basis, the *Writs of Garnishment* should stand, and this Court should reconsider and amend its prior ruling.

## Legal Standard

"Motions for reconsideration filed before entry of final judgment are construed under Rule 54(b)." *Gale v. Uintah Cnty.*, No. 2:13-CV-725-RJS-DBP, 2021 WL 4553218, at *2 (D. Utah Oct. 5, 2021). Rule 54(b) provides that "any order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Motions for reconsideration may only be granted based on the

availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice." *Gale* at *3.

Utah law is further instructive on this point as collection proceedings are governed under State law. In Utah, a court's decision to consider a motion for reconsideration is discretionary. *See Tschaggeny v. Milbank Ins. Co.*, 163 P.3d 615, 619, ¶¶ 15-16 (Utah, 2007). "Factors that weigh in favor of the district court's decision to reconsider include, but are not limited to, (1) the matter being presented in a new or different light, (2) a change in the governing law, (3) the discovery of new evidence, or (4) a conviction that the prior decision was clearly erroneous." *Blueridge Homes Inc. v. Method Air Heating and Air Conditioning*, 450 P.3d 114, 119–20, ¶ 20 (Utah App., 2019) (internal quotations omitted).

Here, the material impact of new evidence on the application of controlling law regarding Plaintiff's garnishment rights compels the reconsideration of the *Motion*. Further, rewarding Defendant's efforts in hiding its money in Swift Innovations, LLC's account by vacating the *Writ* that garnished the money would constitute a manifest injustice.

### Argument

Fed. R. Civ. P. 64 states, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Under Utah law, "Transfers of property designed to place a debtor's assets beyond the reach of the debtor's creditors are void as to the creditors." *National Loan Investors, L.P. v. Givens*, 952 P.2d 1067, 1069 (Utah 1998). On this premise, Utah R. Civ. P. 64D states, "[a] writ of garnishment is available to seize property of the defendant in the possession or under the control of a person other than the defendant."

As outlined in Docs 46 and 47, after receiving Plaintiff's demand letter, Defendant transferred all of its money into the Bank of America account in the name of Swift Innovations, LLC. Despite that the money was in the Swift Innovations, LLC's account, it remains subject to garnishment by Plaintiff in this action so long as it is Defendant's property because the law permits garnishment of property of the Defendant "in the possession . . . of a person other than the defendant." *See id*.

The burden to demonstrate that the money is in fact Swift Innovations, LLC's and not Defendant's falls to Swift Innovations, LLC. *See S & S Diversified Servs., L.L.C. v. Taylor*, 897 F. Supp. 549, 552 (D. Wyo. 1995); *see also J. Pochynok Co. v. Smedsrud*, 2003 UT App 375, ¶ 21, 80 P.3d 563 ("to avoid garnishment, a garnishee account owner must show by clear and convincing evidence that the funds belong to someone else."). *Paxton v. Paxton*, 15 P.2d 1051, 1056 (Utah 1932) ("The burden, in such case, is cast upon the grantee . . . to show the good faith of the transaction by clear and satisfactory evidence."). Therefore, Swift Innovations, LLC must present clear and convincing evidence that the money in the Bank of America account is Swift Innovation, LLC's money before any writ against the property could be vacated. Despite many opportunities, Swift Innovations, LLC and Defendant have failed to do so.

As argued in Doc 37, to meet its burden to show that the money is Swift Innovations, LLC's, "[t]here are several alternative methods, . . . courts exercise case-specific judgment to select the method best suited to achieve a fair and equitable result on the facts before them." *United States v. Henshaw*, 388 F.3d 738, 741 (10th Cir. 2004). One such method that would properly apply to the circumstances of this case is the "percentage" method. "The percentage approach requires the determination of the exempt funds to the account total when the deposit is

4

made." *In re Bentley*, 622 B.R. 296, 309–10 (Bankr. W.D. Okla. 2020). Simply, what was the account balance of the Bank of America account when Defendant transferred all of its money there. If the balance was $0, as Plaintiff suspects, all funds are subject to garnishment. Swift Innovations could address this issue through the production of its bank records, but rather than allowing the disclosure of the Bank of America statements, it has instead sought to quash the subpoena to Bank of America. (*See* Doc 49, *Motion to Quash Subpoena*).

Swift Innovations, LLC's efforts to avoid the disclosure of the bank records speaks volumes about whose money was garnished from the account. If the money were Swift Innovations, LLC's, Swift Innovations, LLC would be leading the charge in the disclosure of its bank records. Yet, due to its attempts to avoid and block such disclosure, the only logical inference is that the garnished money is Defendant's, not Swift Innovation, LLC's.

Because the law permits garnishment of Defendant's money in the account of another, and because the evidence conclusively demonstrating that money sufficient to pay the judgment was transferred from Defendant to the garnished Swift Innovations, LLC account was discovered after briefing on this *Motion* was complete, this Court should reconsider its ruling on the *Motion*, consider the new evidence, and order that the *Writs* stand. Moreover, allowing Defendant to hide its money from Plaintiff, then vacating the very writ that garnished the hidden money, would constitute a manifest injustice as to Plaintiff's garnishment rights.

## Conclusion

Based on the foregoing, this Court should reconsider its ruling on the *Motion* and change its ruling to allow the *Writs* to stand.

DATED this 25th day of May 2024.

/s/ Jordan K. Cameron
Jordan K. Cameron

## Certificate of Service

   I, the undesigned, certify that on this 25th day of May 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*