Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **OPPOSITION TO MOTION FOR IMMEDIATE RETURN OF GARNISHED FUNDS**<br>**[DOC 65]**<br><br><br><br>Case No.: 2:23cv00845-HCN-DAO<br>Judge Howard C. Nielson, Jr. |

COMES NOW, Plaintiff, and respectfully submits this *Opposition to Motion for Immediate Return of Garnished Funds* [Doc 65].

**Introduction and Requested Disposition**

On May 5, 2024, the Court entered a docket text entry in response to the *Motion* by Swift Innovations, LLC to, *inter alia*, vacate writs of garnishment. [Doc 50] The docket text entry does not specify as to whom the writs were vacated, but because the *Motion* was filed by Swift Innovations, LLC, and not the Defendant, it appears the *Writs* were only vacated as to Swift

Innovations, LLC. But Plaintiff did not garnish Swift Innovation, LLC's money. Rather, it garnished Defendant's money that was hidden in Swift Innovation, LLC's account, and the question regarding proper ownership of the garnished money has not yet been resolved by this Court.

There are there pending *Motions* that address this issue which must be resolved before the court should determine whether any portion of the garnished funds should be returned to Swift Innovations, LLC. The *Motions* include: (1) Plaintiff's *Amended Motion to Add Swift Innovations, LLC as Judgment Debtor* [Doc 46] which has been fully briefed; (2) Plaintiff's *Request for Interpleader* [Doc 53], which has been fully briefed; and (3) Plaintiff's *Motion for Reconsideration regarding Swift Innovation's Motion to Vacate* [Doc 68].

Each of these *Motions* challenges Swift Innovations, LLC's position that the garnished money is its property. Each of the *Motions* relies on credible evidence, including bank statements, showing that, in fact, the money in the garnished Bank of America account was Defendant's. Despite multiple opportunities, Swift Innovations, LLC has failed to present any evidence that the garnished money is its money. Yet, through its *Motion* it demands that the money be returned to it.

The Court should deny the *Motion* because Swift Innovations, LLC has once again failed to demonstrate that the garnished money is its money. Alternatively, this Court should withhold from ruling on this *Motion* until after is has ruled on the other pending *Motions* that address ownership of the money.

**Argument**

I.      THE WRITS WERE PROPER AS TO DEFENDANT'S MONEY.

Docket Text Order 50 did not state whether the *Writ* in question was vacated entirely or only as to the moving party. Logically, where Defendant did not challenge the *Writ*, any *Writ* as to Defendant's property still stands.

Fed. R. Civ. P. 64 states, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Under Utah law, "Transfers of property designed to place a debtor's assets beyond the reach of the debtor's creditors are void as to the creditors." *National Loan Investors, L.P. v. Givens*, 952 P.2d 1067, 1069 (Utah 1998). On this premise, Utah R. Civ. P. 64D states, "[a] writ of garnishment is available to seize property of the defendant in the possession or under the control of a person other than the defendant."

As outlined in Docs 46 and 47, after receiving Plaintiff's demand letter, Defendant transferred all of its money into the Bank of America account in the name of Swift Innovations, LLC. Despite that the money was in the Swift Innovations, LLC's account, it remains subject to garnishment by Plaintiff in this action so long as it is Defendant's property because the law permits garnishment of property of the Defendant "in the possession . . . of a person other than the defendant." *See id*.

On this basis, the *Writ*, as to Defendant, was proper against the funds in the Bank of America account, and this Court should not order the return of the money.

II.    SWIFT INNOVATIONS HAS FAILED TO MEET ITS BURDEN TO ESTABLISH THAT THE GARNISHED MONEY IS ITS OWN AND THAT IT IS ENTITLED TO RETURN OF THE PROPERTY.

As a fundamental maxim of law, property that is not owned by a party should not be ordered delivered to the Party absent some legal basis for the same. Further to this point, when money is garnished, it is the burden of the party seeking return of the money to establish that the money is its own. *See S & S Diversified Servs., L.L.C. v. Taylor*, 897 F. Supp. 549, 552 (D. Wyo. 1995); *see also J. Pochynok Co. v. Smedsrud*, 2003 UT App 375, ¶ 21, 80 P.3d 563 ("to avoid garnishment, a garnishee account owner must show by clear and convincing evidence that the funds belong to someone else."). *Paxton v. Paxton*, 15 P.2d 1051, 1056 (Utah 1932) ("The burden, in such case, is cast upon the grantee . . . to show the good faith of the transaction by clear and satisfactory evidence."). Therefore, Swift Innovations, LLC (and/or Defendant) must present clear and convincing evidence that the money in the Bank of America account is Swift Innovation, LLC's money before this Court should order the return of any portion of the money. Despite many opportunities, Swift Innovations, LLC and Defendant have failed to meet their burden to show that the garnished money is not Defendant's. In fact, they have not even tried.

As argued in Doc 37, to meet its burden to show that the money is Swift Innovations, LLC's, "[t]here are several alternative methods, . . . courts exercise case-specific judgment to select the method best suited to achieve a fair and equitable result on the facts before them." *United States v. Henshaw*, 388 F.3d 738, 741 (10th Cir. 2004). One such method that would properly apply to the circumstances of this case is the "percentage" method. "The percentage approach requires the determination of the exempt funds to the account total when the deposit is made." *In re Bentley*, 622 B.R. 296, 309–10 (Bankr. W.D. Okla. 2020). Simply, what was the

account balance of the Bank of America account when Defendant transferred all of its money there. If the balance was $0, as Plaintiff suspects, all funds are subject to garnishment and this Court should not order the return of the same.

Swift Innovations could address this issue through the production of its bank records, but rather than allowing the disclosure of the Bank of America statements, it has instead sought to quash the subpoena to Bank of America. (*See* Doc 49, *Motion to Quash Subpoena*). Swift Innovations, LLC's efforts to avoid the disclosure of the bank records speaks volumes about whose money was garnished from the account. If the money were Swift Innovations, LLC's, Swift Innovations, LLC would be leading the charge in the disclosure of its bank records. Yet, due to its attempts to avoid and block such disclosure, the only logical inference is that the garnished money is Defendant's, not Swift Innovation, LLC's.

Because the law permits garnishment of Defendant's money in the account of another, and because the evidence conclusively demonstrating that money sufficient to pay the judgment was transferred from Defendant to the garnished Swift Innovations, LLC account, which account was garnished through *Writ* properly issued against Defendant, this Court should deny the *Motion*.

## Conclusion

Based on the foregoing, this Court should deny the *Motion* or alternatively, should withhold from ruling on this *Motion* until after is has ruled on the other pending *Motions* that address ownership of the money.

DATED this 28th day of May 2024.

/s/ Jordan K. Cameron  
Jordan K. Cameron

## Certificate of Service

      I, the undesigned, certify that on this 28th day of May 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*