Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dba AA WHOLESALE DEALS, a New York limited liability company,<br><br>Defendants. | **DECLARATION OF RICHARD A. KAPLAN SUPPORTING BH ELEGANT LINENS, LLC'S MOTION TO DISMISS AND REQUEST FOR ORAL HEARING**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

I, Richard Kaplan, hereby declare under oath and penalty of perjury as follows:

1.     Before Plaintiff Apothecary Movement, LLC ("Plaintiff") and BH Elegant Linens, LLC ("BH") began doing business, Plaintiff itself was a Defendant in two lawsuits in which trademark owners sued for infringement, that is, using their marks illegally on counterfeit products.  In July 2021, Plaintiff and another of its principals, Amaar Ashraf, were sued in Federal District Court in Nebraska for injunctive relief and damages arising allegedly from "Defendants' misappropriation of Fitlife's trademarks in conjunction with their unlawful and unauthorized sale of non-genuine, materially different products bearing FitLife's registered trademarks online."  See Attachment 1.  While a search service display of the case's docket

indicates that the case was dismissed without prejudice, *id.*, docket, p. 3, the facts and circumstances of the resolution are not public.

2.    In 2022, Plaintiff was sued together with other Amazon sellers in United States District Court for the Southern District of Florida for trademark infringement. *See* attachment 2. Here, again, the resolution of the lawsuit is not public.

Dated this 29th day of May, 2024.

Richard A. Kaplan

Subscribed and sworn before a person authorized to administer the oath under the laws of the State of New York this 29th day of May, 2024.

Notary Public

STEPHANI S PETERSON
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 04/09/2025
Commission # 717733

## CERTIFICATE OF SERVICE

I certify that on this 29th day of May, 2024, I caused a true copy of the foregoing

**Declaration of Richard A. Kaplan Supporting BH Elegant Linen, LLC's Motion to Dismiss**

**and Request for Oral Hearing** to be served via the court's electronic filing system upon the

following:

>Jordan K. Cameron
>CAMERON RINGWOOD, LC
>6975 South Union Park Avenue, Suite 600
>Cottonwood Heights, UT 84047
>*Attorneys for Apothecary Movement, LLC*

>>>>*/s/ Echo Peterson*
>>>>Echo Peterson

# EXHIBIT 1

# Fitlife Brands, Inc. v. Apothecary Movement LLC (8:21-cv-00271)

## District Court, D. Nebraska

[🏷 Tags ▾] [🔔 Get Alerts (/alert/docket/toggle/)] [▾]

[⧉ View on PACER (https://ecf.ned.uscourts.gov/cgi-bin/DktRpt.pl?92378)] [▾]

Last Updated: May 7, 2024, 2:53 p.m.

Assigned To: Brian Craig Buescher (/person/14413/brian-craig-buescher/)

Referred To: Cheryl R. Zwart (/person/9372/cheryl-r-zwart/)

Citation: Fitlife Brands, Inc. v. Apothecary Movement LLC, 8:21-cv-00271, (D. Neb.)

Date Filed: July 21, 2021

Date Terminated: Aug. 31, 2021

Date of Last Known Filing: Aug. 31, 2021

Cause: 15:1114 Trademark Infringement (/?type=r&cause="15:1114 Trademark Infringement")

Nature of Suit: 840 Trademark (/?type=r&nature_of_suit="840 Trademark")

Jury Demand: Plaintiff (/?type=r&q=juryDemand:"Plaintiff")

Jurisdiction Type: Federal Question

⊞ Docket Entries (/docket/60076161/fitlife-brands-inc-v-apothecary-movement-llc/)

👥 Parties and Attorneys (/docket/60076161/parties/fitlife-brands-inc-v-apothecary-movement-llc/)

| Search this docket | |
|---|---|
| **Filed** | [🔍 (/?type=r&q=docket_id%3A60076161)] |
| MM/DD/YYYY | **Documents** |
| **to** | |
| MM/DD/YYYY | **to** |
| | |
| [↓¹₉ Asc.] [↓⁹₀ Desc.] | [◂ Prev.] [Next ▸] |

| | Date Filed | Description |
|---|---|---|
| 1 | Jul 21, 2021 | COMPLAINT with jury demand against Apothecary Movement LLC, Amaar Ashraf ( Filing fee $ 402, receipt number ANEDC-4440052), by Attorney Luke C. Holst on behalf of Fitlife Brands, Inc. (Attachments: # 1 Exhibit A - Cert of Registration for AMINO-GRO, # 2 Exhibit B - Cert of Registration for CARDIO CUTS, # 3 Exhibit C - Example of Infringing Use 1, # 4 Exhibit D - Example of Infringing Use 2, # 5 Exhibit E - Example of Infringing Use 3, # 6 Exhibit F - Cease and Desist Letter) (Holst, Luke) (Entered: 07/21/2021) |
| | | Main Doc    Complaint (/docket/60076161/1/fitlife-brands-inc-v- |

apothecary-
movement-llc/)

Att 1
(/docket/60076161/1/1/fitlife-
brands-inc-v-
apothecary-
movement-llc/)

Exhibit A - Cert of Registration for
AMINO-GRO

Att 2
(/docket/60076161/1/2/fitlife-
brands-inc-v-
apothecary-
movement-llc/)

Exhibit B - Cert of Registration for
CARDIO CUTS

Att 3
(/docket/60076161/1/3/fitlife-
brands-inc-v-
apothecary-
movement-llc/)

Exhibit C - Example of Infringing Use 1

Att 4
(/docket/60076161/1/4/fitlife-
brands-inc-v-
apothecary-
movement-llc/)

Exhibit D - Example of Infringing Use 2

Att 5
(/docket/60076161/1/5/fitlife-
brands-inc-v-
apothecary-
movement-llc/)

Exhibit E - Example of Infringing Use 3

Att 6
(/docket/60076161/1/6/fitlife-
brands-inc-v-
apothecary-
movement-llc/)

Exhibit F - Cease and Desist Letter

| 2 | Jul 21, 2021 | Summons Requested as to Apothecary Movement LLC dba NaqshBeauty regarding Complaint,, 1 . (Holst, Luke) (Entered: 07/21/2021) |
| | | Main Doc          Summons Requested |
| 3 | Jul 21, 2021 | Summons Requested as to Amaar Ashraf regarding Complaint,, 1 . (Holst, Luke) (Entered: 07/21/2021) |
| | | Main Doc          Summons Requested |
| 4 | Jul 22, 2021 | TEXT NOTICE OF JUDGES ASSIGNED: Judge Brian C. Buescher and Magistrate Judge Cheryl R. Zwart assigned. In accordance with 28 U.S.C. 636(c)(2), the parties are notified that, if all parties consent, a magistrate judge may conduct a civil action or proceeding, including a jury or nonjury trial, subject to the courts rules and policies governing the assignment of judges in civil cases. See Fed. R. Civ. P. 73; NEGenR 1.4. (LRM) (Entered: 07/22/2021) |
| | | Main Doc |
| 5 | Jul 22, 2021 | REPORT on the filing of an action regarding a trademark. Complaint filed on 07/21/2021. Notification sent to the U.S. Trademark Office. (Attachments: # 1 Complaint) (LRM) (Entered: 07/22/2021) |
| | | Main Doc |

| 6 | Jul 22, 2021 | Summons Issued as to defendants Apothecary Movement LLC and Amaar Ashraf. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (LRM) (Entered: 07/22/2021) |
|---|---|---|
| | | Main Doc |
| 7 | Jul 22, 2021 | TEXT NOTICE REGARDING CORPORATE DISCLOSURE STATEMENT by Deputy Clerk as to Plaintiff Fitlife Brands, Inc. Pursuant to Fed. R. Civ. P. 7.1, non-governmental corporate parties are required to file Corporate Disclosure Statements (Statements). The parties shall use the form Corporate Disclosure Statement, available on the Web site of the court at http://www.ned.uscourts.gov/forms/. If you have not filed your Statement, you must do so within 15 days of the date of this notice. If you have already filed your Statement in this case, you are reminded to file a Supplemental Statement within a reasonable time of any change in the information that the statement requires.(LRM) (Entered: 07/22/2021) |
| | | Main Doc |
| 8 | Jul 28, 2021 | CORPORATE DISCLOSURE STATEMENT pursuant to Fed. R. Civ. P. 7.1 identifying Corporate Parent Fitlife Brands, Inc. for Fitlife Brands, Inc.. by Attorney Luke C. Holst on behalf of Plaintiffs Fitlife Brands, Inc., Fitlife Brands, Inc..(Holst, Luke) (Entered: 07/28/2021) |
| | | Main Doc      Corporate Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 |
| 9 | Aug 4, 2021 | STRICKEN SUMMONS Returned Executed upon Amaar Ashraf defendant Fitlife Brands, Inc. on 7/26/2021. (Holst, Luke) Modified on 8/4/2021 to strike per text order 13. (CEW) (Entered: 08/04/2021) |
| | | Main Doc      Summons Returned Executed |
| 10 | Aug 4, 2021 | SUMMONS Returned Executed upon defendant Apothecary Movement LLC on 7/27/2021. (Holst, Luke) (Entered: 08/04/2021) |
| | | Main Doc      Summons Returned Executed |
| 11 | Aug 4, 2021 | SUMMONS Returned Executed upon defendant Amaar Ashraf on 7/26/2021. (Holst, Luke) (Entered: 08/04/2021) |
| | | Main Doc      Summons Returned Executed |
| 12 | Aug 4, 2021 | MOTION to Strike Summons Returned Executed 9 by Attorney Luke C. Holst on behalf of Plaintiff Fitlife Brands, Inc..(Holst, Luke) (Entered: 08/04/2021) |
| | | Main Doc      Strike |
| 13 | Aug 4, 2021 | TEXT ORDER granting 12 Motion to Strike Summons Returned Executed 9 as the document was mislabeled and was refiled at Filing No. 11 . Ordered by Magistrate Judge Cheryl R. Zwart. (CEW) (Entered: 08/04/2021) |
| | | Main Doc |
| | Aug 4, 2021 | Order on Motion to Strike |
| 14 | Aug 16, 2021 | UNOPPOSED MOTION for Extension of Time to File a Responsive Pleading by Attorney Dan H. Ketcham on behalf of Defendant Apothecary Movement LLC. (Ketcham, Dan) (Entered: 08/16/2021) |
| | | Main Doc      Extension of Time to File Responsive Pleading |
| 15 | Aug 16, 2021 | |

TEXT ORDER granting 14 Stipulated Motion for Extension of Time to File a Responsive Pleading. The deadline for Defendants Apothecary Movement, LLC d/b/a Naqshbeauty and Amaar Ashraf to answer or respond to Plaintiff's Complaint is extended to August 30, 2021. Ordered by Magistrate Judge Cheryl R. Zwart. (JLK) (Entered: 08/16/2021)

Main Doc

| | | |
|---|---|---|
| 16 | Aug 17, 2021 | TEXT NOTICE REGARDING CORPORATE DISCLOSURE STATEMENT by Deputy Clerk as to Defendant Apothecary Movement LLC. Pursuant to Fed. R. Civ. P. 7.1, non-governmental corporate parties are required to file Corporate Disclosure Statements (Statements). The parties shall use the form Corporate Disclosure Statement, available on the Web site of the court at http://www.ned.uscourts.gov /forms/. If you have not filed your Statement, you must do so within 15 days of the date of this notice. If you have already filed your Statement in this case, you are reminded to file a Supplemental Statement within a reasonable time of any change in the information that the statement requires. (ADB) (Entered: 08/17/2021) |
| | | Main Doc |
| | Aug 17, 2021 | Order on Motion for Extension of Time to File Responsive Pleading |
| | Aug 17, 2021 | Notice Regarding Corporate Disclosure Statement |
| 17 | Aug 31, 2021 | NOTICE of Case Dismissal Without Prejudice by Attorney Luke C. Holst on behalf of Plaintiff Fitlife Brands, Inc. (Holst, Luke) (Entered: 08/31/2021) |
| | | Main Doc         Notice of Case Dismissal (/docket/60076161/17/fitlife-brands-inc-v-apothecary-movement-llc/) |
| | Aug 31, 2021 | Remark - Public: This case has been dismissed pursuant to the filing of a Notice of Case Dismissal. (LKO) |
| 18 | Aug 31, 2021 | REPORT on the determination of an action regarding a Trademark. Notice of Dismissal filed on 8/31/21. Notification sent to the U.S. Trademark Office. (Attachments: # 1 Notice of Case Dismissal) (LKO) (Entered: 08/31/2021) |
| | | Main Doc         Report regarding Patent & Trademark (FIREFOX ONLY) |
| | Aug 31, 2021 | Remark - Public |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:22-CV-21514

DS HEALTHCARE GROUP, INC.
and MEDITAGO HOLDINGS LLC,

      Plaintiffs

v.

ELEANOR PATTERSON; IDIMINO
LLC; APOTHECARY MOVEMENT;
ZAQUE SALES INC.; BLUE TIME,
INC.; JEREMY HARDYMON;
and KATHRYN DE JONG,
Each an Individual,
Partnership, Business Entity, or
Unincorporated Association

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, DS HEALTHCARE GROUP, INC. ("DS Healthcare") and MEDITAGO

HOLDINGS, LLC ("MEDITAGO") (collectively, "Plaintiffs"), by and through undersigned

counsel, hereby sue Defendants, the individuals, partnerships, business entities, and

unincorporated associations identified in the caption. In support of their claims, Plaintiffs allege

as follows:

### JURISDICTION AND VENUE

1.      This is an action for federal trademark infringement, common law unfair

competition, and common law trademark infringement pursuant to 15 U.S.C. §§1114, 1116, and

1125(a), The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter

jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 and 1338.  This

Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiffs' state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     Defendant Blue Time Inc. (henceforth "Blue Time") is subject to personal jurisdiction in this district because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida.

3.     Defendant Jeremy Hardymon (henceforth "Hardymon") is subject to personal jurisdiction in this district because he directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "Pick me Please!".

4.     Defendant Eleanor Patterson (henceforth "Patterson") is subject to personal jurisdiction in this district because she directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "Cat Heaven."

5.     Defendant iDimino LLC (henceforth "iDimino") is subject to personal jurisdiction in this district because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "iDimino LLC."

6.      Defendant Apothecary Movement (henceforth "Apothecary") is subject to personal jurisdiction in this district because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "NaqshBeauty."

7.      Defendant Zaque Sales Inc. (henceforth "Zaque") is subject to personal jurisdiction in this district because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "Zaque Sales."

8.      Defendant Kathryn De Jong (henceforth "De Jong") is subject to personal jurisdiction in this district because she directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "KEDJ_Products."

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Blue Time is, upon information and belief, an entity located at 60 Jiffy Rd. Somerset, New Jersey 08873, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Hardymon is, upon information and belief, an individual located at 14909 Newport Dr. Westfield, Indiana

46074, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

11.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Patterson is, upon information and belief, an individual located at 9783 E 116th St. PMB 1065 Fishers, Indiana 46037, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

12.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because iDimino is, upon information and belief, an entity located at 10402 Viera Ln Unit 632 Fairfax, Virginia 22030, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

13.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Apothecary is, upon information and belief, an entity located at 4537 S Basin Ridge Ct. West Valley, Utah 84128, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Zaque is, upon information and belief, an entity located at 183 Wilson St. Brooklyn, NY 11211, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

15.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because De Jong is, upon information and belief, an individual located at 254 N Meadow Dr. Sioux Center, Iowa 51250-1651, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## THE PLAINTIFFS

16.     Plaintiff MEDITAGO is a Delaware limited liability company with its principal place of business located in Miami, Florida. MEDITAGO is the owner of various trademarks in the field of haircare, skincare, and cosmetics, including the distinctive DS Laboratories, Revita, and Spectral trademarks.

17.     Plaintiff DS HEALTHCARE GROUP, INC. is a Florida corporation with its principal place of business in Miami, Florida.  DS HEALTHCARE GROUP, INC. manufactures, sells and distributes haircare, skincare, and cosmetic products (the "Products") out of its South Florida headquarters, under exclusive license from Plaintiff MEDITAGO to commercialize MEDITAGO trademarks throughout various territories around the globe.

5

18.     Plaintiffs' trademarked Products are sold through various channels of trade within the State of Florida, including in this district.

19.     Defendants, through the sale and offer to sell infringing versions of Plaintiffs' branded products, are directly and unfairly competing with Plaintiffs' economic interests in the State of Florida and thereby causing Plaintiffs harm within this jurisdiction.

## THE AMAZON DEFENDANTS

20.     Hardymon, Patterson, iDimino, Apothecary, Zaque, and De Jong (collectively "The Amazon Defendants") are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations.  The Amazon Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  The Amazon Defendants target their business activities towards consumers throughout the United States, including within this district, through the operation of Internet e-commerce stores via the online marketplace website Amazon.com.

21.     The Amazon Defendants are past and present controlling forces behind the sale of products bearing infringements of Plaintiffs' trademarks as described herein.

22.     Generally, Plaintiffs' Products that are destined for territories outside of the United States are materially different in various respects from Products that are destined for the United States and are therefore infringing products when sold within United States territory (the "Infringing Products").  Davidoff & Cie, SA v. PLD International Corp., 263 F.3d 1297, 1302 (11th Cir. 2001) ("[A] materially different product is not genuine and therefore its unauthorized sale constitutes trademark infringement.").

6

23.    The Amazon Defendants engage in trademark infringement and unfair competition by selling the Products through deceit on the Internet in the United States.

24.    The Amazon Defendants are selling the Infringing Products on the Internet to consumers within the United States and this district, including through the following Amazon Seller IDs and entity names:

Pick me Please! – Jeremy Hardymon; Cat Heaven – Eleanor Patterson; iDimino LLC – iDimino LLC; NaqshBeauty – Apothecary Movement; Zaque Sales – Zaque Sales Inc; KEDJ_Products – Kathryn De Jong.

25.    The Amazon Defendants have registered, established or purchased, and maintain the Seller IDs. Upon information and belief, the Amazon Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to Amazon, the Internet marketplace website where they sell, during the registration or maintenance process related to their respective seller IDs.  Upon information and belief, some Amazon Defendants have registered or maintained the Seller IDs for the sole purpose of engaging in infringing activities.

26.    Upon information and belief, the Amazon Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods infringing upon one or more of the Plaintiffs' trademarks unless preliminarily and permanently enjoined.

27.    The Amazon Defendants use their Internet-based business in order to infringe the intellectual property rights of Plaintiffs.

28.    The Amazon Defendants' Seller IDs, associated seller accounts and any other alias seller identification names used in connection with the sale of infringing goods bearing one

or more of Plaintiffs' trademarks are essential components of Defendants' online activities and are the means by which the Amazon Defendants further their infringement scheme and cause harm to Plaintiffs.

29.      Further, the Amazon Defendants are using Plaintiffs' famous names and/or trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs and decreasing the size and value of Plaintiffs' legitimate marketplace at Plaintiffs' expense.

30.      Upon information and belief, the Amazon Defendants directly engage in unfair competition with Plaintiffs by advertising, offering for sale, and selling Infringing Products to consumers within the United States and this district through Internet-based e-commerce stores.

## BLUE TIME – THE WALMART DEFENDANT

31.      Blue Time is a corporation of unknown makeup which, upon information and belief, operates in foreign jurisdictions, or redistributes products from the same or similar sources in those locations.  Blue Time has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Blue Time targets its business activities towards consumers throughout the United States, including within this district, through the operation of Internet e-commerce stores via the online marketplace website Walmart.com.

32.      Upon information and belief, Blue Time solicited and initiated a wholesaler account with Walmart under the guise of DS Healthcare (Plaintiff).

33.      Blue Time is not an affiliate of Plaintiff, and Plaintiff never authorized Blue Time to enter into a wholesaler relationship with Walmart as such.

34.      Blue Time successfully manipulated Walmart into allowing Blue Time to sell Plaintiffs' Products as a wholesaler.

8

35.     Blue Time fraudulently held itself out as Plaintiffs' wholesaler to the detriment of Plaintiffs' goodwill, famous names, trademarks, intellectual property and marketplace.

36.     Upon information and belief, Blue Time further directly engages in fraudulent business practices to the Plaintiffs' detriment by advertising, offering for sale, and selling Plaintiffs' Products to consumers within the United States and this district through Internet-based e-commerce stores such as Walmart.

## COMMON ALLEGATIONS OF FACT

37.     Plaintiff MEDITAGO is the owner of various trademarks in the field of haircare, skincare, and cosmetics, including the distinctive DS Laboratories, Revita, and Spectral trademarks, which are generally marketed under the distinctive "DS Laboratories" label.

38.     MEDITAGO is the owner of multiple trademark registrations as reflected in the United States Patent and Trademark Office ("USPTO") for the "DS Laboratories" trademarks, including the valid registrations identified on Schedule "A" hereto, which include the registered trademarks that are affected by the actions of the Defendants named herein.

39.     Based upon its distribution licenses, Plaintiff DS HEALTHCARE GROUP, INC. has expended significant resources in developing, marketing, advertising, and otherwise promoting its brand and trademarks.

40.     Plaintiffs have carefully monitored and policed the use of their trademarks and have never assigned or licensed their trademarks to any Defendant in this matter

41.     In April 2022, Plaintiffs discovered that the Defendants are promoting, selling, offering for sale and distributing the Infringing Products within the United States without the authorization of Plaintiffs, through various Internet based e-commerce stores including, upon

information and belief, the Seller IDs.  The origin of the Infringing Products sold through the Seller IDs is unknown.

42.     Plaintiffs have ordered test sample products from Defendants in order to verify that the products being sold by Defendants are indeed Infringing Products.

43.     Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "Pick me Please!" are attached as Composite Exhibit "2." Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "Cat Heaven" are attached as Composite Exhibit "3" hereto. Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "iDimino LLC" are attached as Composite Exhibit "4" hereto. Examples of the Infringing Product listings on Amazon by the Seller ID "NaqshBeauty" are attached as Composite Exhibit "5" hereto. Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "Zaque Sales" are attached as Composite Exhibit "6" hereto. Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "KEDJ_Products" are attached as Composite Exhibit "7" hereto.

44.     Generally, Plaintiffs' Products that are destined for territories outside of the United States (the "International Products") are materially different in various respects from Products that are destined for the United States.  For instance, Plaintiffs' International Products generally have different labels, in different languages, setting out different information and legally required indicators.  Further, International Products contain ingredient labels that differ from United States Products based upon regulatory and consumer considerations.  Finally, Plaintiffs' International Products are packaged for retail sales rather than online sales.

Consequently, a U.S. consumer purchasing Infringing Product from a Defendant Seller ID would receive product with information and labels that are not meant for U.S. consumers, and would receive product that is not packaged for online sale in the manner that Plaintiff DS HEALTHCARE GROUP, INC. packages its e-commerce products.

45.  Plaintiffs were readily able to ascertain that the Infringing Products delivered by the Amazon Defendants are Plaintiffs' European Products.

46.  The European Products that are being sold to United States consumers by the Defendants have different packaging and labels, which Plaintiffs' customers expect when they buy DS HEALTHCARE Products. As a result, consumers purchasing the products from the Defendants are likely to be confused, eroding consumer goodwill towards the Products.

47.  The Defendants, through the sale and offer to sell infringing versions of Plaintiffs' branded products, are directly and unfairly competing with Plaintiffs' economic interests in the State of Florida and causing Plaintiffs harm within this jurisdiction.  The Plaintiffs are seeking injunctive and other equitable relief as a result of the actions of the Defendants. A *Verified Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Memorandum of Law in Support Thereof* is being filed contemporaneously with this *Complaint*.

48.  All conditions precedent to bringing this action have been waived, excused, performed, or otherwise occurred.

## GENERAL ALLEGATIONS

49.  Plaintiff MEDITAGO is the owner of multiple trademark registrations, including the valid trademark registrations identified on Schedule "A" hereto, issued by the United States Patent and Trademark Office (collectively, the "Marks"). True and correct copies of the Certificates of Registration for the Marks are attached as Composite Exhibit "1" hereto.

50.      The Marks have been used in interstate commerce to identify and distinguish Plaintiffs' products for an extended period of time and serve as a symbol of Plaintiffs' quality, reputation and goodwill. The Marks are well-known and famous and have been for many years. Indeed, Plaintiffs have expended substantial time, money and other resources developing, advertising and otherwise promoting the Marks. The Plaintiffs' Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

51.      Plaintiffs have extensively used, advertised, and promoted the Marks in the United States and abroad in association with the sale of quality products.

52.      The Plaintiffs' Marks have achieved secondary meaning as identifiers of quality goods as a result of Plaintiffs' advertisement, promotion, and sale of such goods thereunder.

53.      As a result of Plaintiffs' efforts, members of the public readily identify merchandise bearing or sold under the Marks as being quality products.

54.      The Defendants are obtaining Infringing Products that are destined for international markets through unknown means and selling them through Amazon and Walmart.com, including through the Seller IDs.

## CAUSES OF ACTION

### COUNT I
### TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT
### (15 U.S.C. § 1114)

55.      Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54 hereof as if fully set forth herein.

56.      This is an action for trademark infringement against all Defendants based on their use and unauthorized promotion, advertisement, distribution, offer for sale and sale of products

bearing Plaintiffs' Marks in commerce, which products are materially different than those sold by Plaintiffs in the United States.

57.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing products that infringe upon one or more of Plaintiffs' Marks. Defendants are continuously infringing and inducing others to infringe the Marks by using one or more of them to advertise, promote, offer to sell, and/or sell infringing products.

58.     Defendants' concurrent infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' infringing goods.

59.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiffs and are unjustly enriching Defendants with profits at Plaintiffs' expense.

60.     Defendants' above-described illegal actions constitute infringement of Plaintiffs' Marks in violation of Plaintiffs' rights under § 32 of the Lanham Act, 15 U.S.C. § 1114. Davidoff & Cie, SA v. PLD International Corp., 263 F.3d 1297, 1302 (11th Cir. 2001) ("[A] materially different product is not genuine and therefore its unauthorized sale constitutes trademark infringement.").

61.     Plaintiffs' have suffered and will continue to suffer irreparable injury and damages due to Defendants' above-described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

62.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54 hereof as if fully set forth herein.

63.     This is an action against all Defendants based on their unauthorized promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks that infringe upon Plaintiffs' Marks in violation of Florida's common law of unfair competition.

64.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing one or more of Plaintiffs' Marks that constitute trademark infringement based on the fact that the products are materially different than those offered and sold by Plaintiffs in the United States. Defendants are also using infringements of one or more of the Plaintiffs' Marks to unfairly compete with Plaintiffs and others for (i) space in search engine results across an array of search terms and/or (ii) visibility on the Internet.

65.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Plaintiff's Marks.

66.     Plaintiffs have no adequate remedy at law and are suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

67.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54 hereof as if fully set forth herein.

68.     This is an action for common law trademark infringement against all Defendants based on their unauthorized promotion, advertisement, offering for sale, and sale of goods bearing one or more of the Plaintiffs' Marks that are materially different than the products

offered and sold by Plaintiffs within the United States. Plaintiffs are the owners of all common law rights in and to the Marks.

69.     Defendants' infringing activities are likely to cause and are actually causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' infringing goods bearing Plaintiffs' Mark.

70.     Plaintiffs have no adequate remedy at law and are suffering damages and irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs DS Healthcare Group, Inc. and Meditago Holdings LLC demand judgment on all counts of this Complaint and an award of equitable relief and monetary relief against the Defendants as follows:

a.   Entry of temporary restraining order, as well as preliminary and permanent injunction, enjoining the Defendants, their agents, representatives, servants, employees and all those acting in concert or participation therewith, from selling or offering to sell Plaintiffs' Products without Plaintiffs' authorization; from falsely representing to Walmart.com and other Internet e-commerce outlets that Defendant is an authorized e-commerce distributor of the Plaintiffs; and from otherwise unfairly competing with Plaintiffs.

b.   Entry of an order pursuant to 28 U.S.C. 1651(a), The All Writs Act, requiring the Seller IDs and any other alias seller identification names being used or controlled by Defendants to engage in the business of marketing Plaintiffs' unauthorized products be disabled by each Defendant and the applicable governing Internet

marketplace website operators and/or administrators who are provided with notice of the injunction, including Amazon and Walmart.com.

c.   Entry of an order that, upon Plaintiffs' request, any Internet marketplace website operators who are provided with notice of the injunction identify any e-mail address known to be associated with Defendants' Seller IDs immediately cease facilitating access to any or all e-commerce stores through which Defendants engage in promotion, offering for sale and/or sale of Plaintiffs' unauthorized Products;

d.   Entry of an order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to Amazon and Walmart.com, permanently remove from the multiple platforms any and all listings and associated images of goods bearing Plaintiffs' Marks via the e-commerce stores operating under the Seller IDs;

e.   Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators, including Amazon and Walmart.com, who are provided with notice of the injunction, immediately cease fulfillment of and sequester all Products from the Defendants and surrender those goods to Plaintiffs.

f.   Entry of an order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' unfairly competitive activities.

g.   Entry of judgment for compensatory damages for Defendants' fraudulent activities.

h. Entry of an order that, upon Plaintiffs' request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon and Walmart and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) to be surrendered to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

i. Entry of an award of pre-judgment interest on the judgment amount.

j. Entry of an order for any further relief as the Court may deem just and proper.

Dated: May 16, 2022.

Respectfully submitted,

**RECALDE LAW FIRM, P.A.**
*Attorneys for Plaintiffs*
1815 Purdy Ave, Second Floor
Miami Beach, FL 33139
Ph: 305-792-9100
By: _/s/ Rafael Recalde_
Rafael Recalde, Esq.
FBN: 60040
Geremy Klein, Esq.
FBN: 106981
Primary Email: rafael@recaldelaw.com
Secondary Email: geremy@recaldelaw.com

SCHEDULE "A"

Schedule of Certain Meditago Holdings LLC Trademarks

| Mark | Serial Number | Registration Number |
| --- | --- | --- |
| DS Laboratories | | 3460674, 4758774 |
| Revita | | 3518989 |
| DS Labs | | 5200746 |
| Spectral.BRD | | 6153296 |
| Spectral.DNC | | 3510924 |
| Spectral.RS | | 3776938 |

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CV-21514

DS HEALTHCARE GROUP, INC.
and MEDITAGO HOLDINGS LLC,

      Plaintiffs

v.

ELEANOR PATTERSON; IDIMINO
LLC; APOTHECARY MOVEMENT;
ZAQUE SALES INC.; BLUE TIME,
INC.; JEREMY HARDYMON;
and KATHRYN DE JONG,
Each an Individual,
Partnership, Business Entity, or
Unincorporated Association

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, DS HEALTHCARE GROUP, INC. ("DS Healthcare") and MEDITAGO

HOLDINGS, LLC ("MEDITAGO") (collectively, "Plaintiffs"), by and through undersigned

counsel, hereby sue Defendants, the individuals, partnerships, business entities, and

unincorporated associations identified in the caption. In support of their claims, Plaintiffs allege

as follows:

## JURISDICTION AND VENUE

1.     This is an action for federal trademark infringement, common law unfair

competition, and common law trademark infringement pursuant to 15 U.S.C. §§1114, 1116, and

1125(a), The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter

jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 and 1338.  This

Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiffs' state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     Defendant Blue Time Inc. (henceforth "Blue Time") is subject to personal jurisdiction in this district because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida.

3.     Defendant Jeremy Hardymon (henceforth "Hardymon") is subject to personal jurisdiction in this district because he directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "Pick me Please!".

4.     Defendant Eleanor Patterson (henceforth "Patterson") is subject to personal jurisdiction in this district because she directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "Cat Heaven."

5.     Defendant iDimino LLC (henceforth "iDimino") is subject to personal jurisdiction in this district because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "iDimino LLC."

6.      Defendant Apothecary Movement (henceforth "Apothecary") is subject to personal jurisdiction in this district because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "NaqshBeauty."

7.      Defendant Zaque Sales Inc. (henceforth "Zaque") is subject to personal jurisdiction in this district because it directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "Zaque Sales."

8.      Defendant Kathryn De Jong (henceforth "De Jong") is subject to personal jurisdiction in this district because she directs business activities toward and conducts business with consumers throughout the United States, including within the State of Florida and this district, including through solicitation in the State of Florida and including through Internet based e-commerce stores accessible in Florida under the Seller ID "KEDJ_Products."

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Blue Time is, upon information and belief, an entity located at 60 Jiffy Rd. Somerset, New Jersey 08873, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Hardymon is, upon information and belief, an individual located at 14909 Newport Dr. Westfield, Indiana

46074, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Patterson is, upon information and belief, an individual located at 9783 E 116th St. PMB 1065 Fishers, Indiana 46037, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because iDimino is, upon information and belief, an entity located at 10402 Viera Ln Unit 632 Fairfax, Virginia 22030, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Apothecary is, upon information and belief, an entity located at 4537 S Basin Ridge Ct. West Valley, Utah 84128, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Zaque is, upon information and belief, an entity located at 183 Wilson St. Brooklyn, NY 11211, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

15.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because De Jong is, upon information and belief, an individual located at 254 N Meadow Dr. Sioux Center, Iowa 51250-1651, and engaged in activities and causing harm within this district by engaging in unfair trade practices in this district, by advertising, offering to sell, selling and/or shopping infringing products into this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## THE PLAINTIFFS

16.     Plaintiff MEDITAGO is a Delaware limited liability company with its principal place of business located in Miami, Florida. MEDITAGO is the owner of various trademarks in the field of haircare, skincare, and cosmetics, including the distinctive DS Laboratories, Revita, and Spectral trademarks.

17.     Plaintiff DS HEALTHCARE GROUP, INC. is a Florida corporation with its principal place of business in Miami, Florida.  DS HEALTHCARE GROUP, INC. manufactures, sells and distributes haircare, skincare, and cosmetic products (the "Products") out of its South Florida headquarters, under exclusive license from Plaintiff MEDITAGO to commercialize MEDITAGO trademarks throughout various territories around the globe.

18.     Plaintiffs' trademarked Products are sold through various channels of trade within the State of Florida, including in this district.

19.     Defendants, through the sale and offer to sell infringing versions of Plaintiffs' branded products, are directly and unfairly competing with Plaintiffs' economic interests in the State of Florida and thereby causing Plaintiffs harm within this jurisdiction.

## THE AMAZON DEFENDANTS

20.     Hardymon, Patterson, iDimino, Apothecary, Zaque, and De Jong (collectively "The Amazon Defendants") are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations.  The Amazon Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  The Amazon Defendants target their business activities towards consumers throughout the United States, including within this district, through the operation of Internet e-commerce stores via the online marketplace website Amazon.com.

21.     The Amazon Defendants are past and present controlling forces behind the sale of products bearing infringements of Plaintiffs' trademarks as described herein.

22.     Generally, Plaintiffs' Products that are destined for territories outside of the United States are materially different in various respects from Products that are destined for the United States and are therefore infringing products when sold within United States territory (the "Infringing Products").  Davidoff & Cie, SA v. PLD International Corp., 263 F.3d 1297, 1302 (11th Cir. 2001) ("[A] materially different product is not genuine and therefore its unauthorized sale constitutes trademark infringement.").

6

23.     The Amazon Defendants engage in trademark infringement and unfair

competition by selling the Products through deceit on the Internet in the United States.

24.     The Amazon Defendants are selling the Infringing Products on the Internet to

consumers within the United States and this district, including through the following Amazon

Seller IDs and entity names:

Pick me Please! – Jeremy Hardymon; Cat Heaven – Eleanor Patterson; iDimino LLC – iDimino

LLC; NaqshBeauty – Apothecary Movement; Zaque Sales – Zaque Sales Inc; KEDJ_Products –

Kathryn De Jong.

25.     The Amazon Defendants have registered, established or purchased, and maintain

the Seller IDs. Upon information and belief, the Amazon Defendants may have engaged in

fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or

misleading information to Amazon, the Internet marketplace website where they sell, during the

registration or maintenance process related to their respective seller IDs.  Upon information and

belief, some Amazon Defendants have registered or maintained the Seller IDs for the sole

purpose of engaging in infringing activities.

26.     Upon information and belief, the Amazon Defendants will continue to register or

acquire new seller identification aliases for the purpose of selling and offering for sale goods

infringing upon one or more of the Plaintiffs' trademarks unless preliminarily and permanently

enjoined.

27.     The Amazon Defendants use their Internet-based business in order to infringe the

intellectual property rights of Plaintiffs.

28.     The Amazon Defendants' Seller IDs, associated seller accounts and any other

alias seller identification names used in connection with the sale of infringing goods bearing one

or more of Plaintiffs' trademarks are essential components of Defendants' online activities and are the means by which the Amazon Defendants further their infringement scheme and cause harm to Plaintiffs.

29.     Further, the Amazon Defendants are using Plaintiffs' famous names and/or trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs and decreasing the size and value of Plaintiffs' legitimate marketplace at Plaintiffs' expense.

30.     Upon information and belief, the Amazon Defendants directly engage in unfair competition with Plaintiffs by advertising, offering for sale, and selling Infringing Products to consumers within the United States and this district through Internet-based e-commerce stores.

### BLUE TIME – THE WALMART DEFENDANT

31.     Blue Time is a corporation of unknown makeup which, upon information and belief, operates in foreign jurisdictions, or redistributes products from the same or similar sources in those locations.  Blue Time has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Blue Time targets its business activities towards consumers throughout the United States, including within this district, through the operation of Internet e-commerce stores via the online marketplace website Walmart.com.

32.     Upon information and belief, Blue Time solicited and initiated a wholesaler account with Walmart under the guise of DS Healthcare (Plaintiff).

33.     Blue Time is not an affiliate of Plaintiff, and Plaintiff never authorized Blue Time to enter into a wholesaler relationship with Walmart as such.

34.     Blue Time successfully manipulated Walmart into allowing Blue Time to sell Plaintiffs' Products as a wholesaler.

35.     Blue Time fraudulently held itself out as Plaintiffs' wholesaler to the detriment of Plaintiffs' goodwill, famous names, trademarks, intellectual property and marketplace.

36.     Upon information and belief, Blue Time further directly engages in fraudulent business practices to the Plaintiffs' detriment by advertising, offering for sale, and selling Plaintiffs' Products to consumers within the United States and this district through Internet-based e-commerce stores such as Walmart.

## COMMON ALLEGATIONS OF FACT

37.     Plaintiff MEDITAGO is the owner of various trademarks in the field of haircare, skincare, and cosmetics, including the distinctive DS Laboratories, Revita, and Spectral trademarks, which are generally marketed under the distinctive "DS Laboratories" label.

38.     MEDITAGO is the owner of multiple trademark registrations as reflected in the United States Patent and Trademark Office ("USPTO") for the "DS Laboratories" trademarks, including the valid registrations identified on Schedule "A" hereto, which include the registered trademarks that are affected by the actions of the Defendants named herein.

39.     Based upon its distribution licenses, Plaintiff DS HEALTHCARE GROUP, INC. has expended significant resources in developing, marketing, advertising, and otherwise promoting its brand and trademarks.

40.     Plaintiffs have carefully monitored and policed the use of their trademarks and have never assigned or licensed their trademarks to any Defendant in this matter

41.     In April 2022, Plaintiffs discovered that the Defendants are promoting, selling, offering for sale and distributing the Infringing Products within the United States without the authorization of Plaintiffs, through various Internet based e-commerce stores including, upon

9

information and belief, the Seller IDs.  The origin of the Infringing Products sold through the Seller IDs is unknown.

42.     Plaintiffs have ordered test sample products from Defendants in order to verify that the products being sold by Defendants are indeed Infringing Products.

43.     Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "Pick me Please!" are attached as Composite Exhibit "2." Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "Cat Heaven" are attached as Composite Exhibit "3" hereto. Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "iDimino LLC" are attached as Composite Exhibit "4" hereto. Examples of the Infringing Product listings on Amazon by the Seller ID "NaqshBeauty" are attached as Composite Exhibit "5" hereto. Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "Zaque Sales" are attached as Composite Exhibit "6" hereto. Examples of the Infringing Product listings on Amazon and subsequent delivery to Plaintiffs' representatives by the Seller ID "KEDJ_Products" are attached as Composite Exhibit "7" hereto.

44.     Generally, Plaintiffs' Products that are destined for territories outside of the United States (the "International Products") are materially different in various respects from Products that are destined for the United States.  For instance, Plaintiffs' International Products generally have different labels, in different languages, setting out different information and legally required indicators.  Further, International Products contain ingredient labels that differ from United States Products based upon regulatory and consumer considerations.  Finally, Plaintiffs' International Products are packaged for retail sales rather than online sales.

Consequently, a U.S. consumer purchasing Infringing Product from a Defendant Seller ID would receive product with information and labels that are not meant for U.S. consumers, and would receive product that is not packaged for online sale in the manner that Plaintiff DS HEALTHCARE GROUP, INC. packages its e-commerce products.

45.     Plaintiffs were readily able to ascertain that the Infringing Products delivered by the Amazon Defendants are Plaintiffs' European Products.

46.     The European Products that are being sold to United States consumers by the Defendants have different packaging and labels, which Plaintiffs' customers expect when they buy DS HEALTHCARE Products. As a result, consumers purchasing the products from the Defendants are likely to be confused, eroding consumer goodwill towards the Products.

47.     The Defendants, through the sale and offer to sell infringing versions of Plaintiffs' branded products, are directly and unfairly competing with Plaintiffs' economic interests in the State of Florida and causing Plaintiffs harm within this jurisdiction.  The Plaintiffs are seeking injunctive and other equitable relief as a result of the actions of the Defendants.  A *Verified Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Memorandum of Law in Support Thereof* is being filed contemporaneously with this *Complaint*.

48.     All conditions precedent to bringing this action have been waived, excused, performed, or otherwise occurred.

## GENERAL ALLEGATIONS

49.     Plaintiff MEDITAGO is the owner of multiple trademark registrations, including the valid trademark registrations identified on Schedule "A" hereto, issued by the United States Patent and Trademark Office (collectively, the "Marks"). True and correct copies of the Certificates of Registration for the Marks are attached as Composite Exhibit "1" hereto.

50.     The Marks have been used in interstate commerce to identify and distinguish Plaintiffs' products for an extended period of time and serve as a symbol of Plaintiffs' quality, reputation and goodwill. The Marks are well-known and famous and have been for many years. Indeed, Plaintiffs have expended substantial time, money and other resources developing, advertising and otherwise promoting the Marks. The Plaintiffs' Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

51.     Plaintiffs have extensively used, advertised, and promoted the Marks in the United States and abroad in association with the sale of quality products.

52.     The Plaintiffs' Marks have achieved secondary meaning as identifiers of quality goods as a result of Plaintiffs' advertisement, promotion, and sale of such goods thereunder.

53.     As a result of Plaintiffs' efforts, members of the public readily identify merchandise bearing or sold under the Marks as being quality products.

54.     The Defendants are obtaining Infringing Products that are destined for international markets through unknown means and selling them through Amazon and Walmart.com, including through the Seller IDs.

## CAUSES OF ACTION

### COUNT I
### TRADEMARK INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT
### (15 U.S.C. § 1114)

55.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54 hereof as if fully set forth herein.

56.     This is an action for trademark infringement against all Defendants based on their use and unauthorized promotion, advertisement, distribution, offer for sale and sale of products

bearing Plaintiffs' Marks in commerce, which products are materially different than those sold by Plaintiffs in the United States.

57.    Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing products that infringe upon one or more of Plaintiffs' Marks. Defendants are continuously infringing and inducing others to infringe the Marks by using one or more of them to advertise, promote, offer to sell, and/or sell infringing products.

58.    Defendants' concurrent infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' infringing goods.

59.    Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiffs and are unjustly enriching Defendants with profits at Plaintiffs' expense.

60.    Defendants' above-described illegal actions constitute infringement of Plaintiffs' Marks in violation of Plaintiffs' rights under § 32 of the Lanham Act, 15 U.S.C. § 1114. Davidoff & Cie, SA v. PLD International Corp., 263 F.3d 1297, 1302 (11th Cir. 2001) ("[A] materially different product is not genuine and therefore its unauthorized sale constitutes trademark infringement.").

61.    Plaintiffs' have suffered and will continue to suffer irreparable injury and damages due to Defendants' above-described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

**COUNT II**
**COMMON LAW UNFAIR COMPETITION**

62.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54 hereof as if fully set forth herein.

63.     This is an action against all Defendants based on their unauthorized promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks that infringe upon Plaintiffs' Marks in violation of Florida's common law of unfair competition.

64.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing one or more of Plaintiffs' Marks that constitute trademark infringement based on the fact that the products are materially different than those offered and sold by Plaintiffs in the United States. Defendants are also using infringements of one or more of the Plaintiffs' Marks to unfairly compete with Plaintiffs and others for (i) space in search engine results across an array of search terms and/or (ii) visibility on the Internet.

65.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Plaintiff's Marks.

66.     Plaintiffs have no adequate remedy at law and are suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

67.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 54 hereof as if fully set forth herein.

68.     This is an action for common law trademark infringement against all Defendants based on their unauthorized promotion, advertisement, offering for sale, and sale of goods bearing one or more of the Plaintiffs' Marks that are materially different than the products

14

offered and sold by Plaintiffs within the United States. Plaintiffs are the owners of all common law rights in and to the Marks.

69.      Defendants' infringing activities are likely to cause and are actually causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' infringing goods bearing Plaintiffs' Mark.

70.      Plaintiffs have no adequate remedy at law and are suffering damages and irreparable injury as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs DS Healthcare Group, Inc. and Meditago Holdings LLC demand judgment on all counts of this Complaint and an award of equitable relief and monetary relief against the Defendants as follows:

     a.   Entry of temporary restraining order, as well as preliminary and permanent injunction, enjoining the Defendants, their agents, representatives, servants, employees and all those acting in concert or participation therewith, from selling or offering to sell Plaintiffs' Products without Plaintiffs' authorization; from falsely representing to Walmart.com and other Internet e-commerce outlets that Defendant is an authorized e-commerce distributor of the Plaintiffs; and from otherwise unfairly competing with Plaintiffs.

     b.   Entry of an order pursuant to 28 U.S.C. 1651(a), The All Writs Act, requiring the Seller IDs and any other alias seller identification names being used or controlled by Defendants to engage in the business of marketing Plaintiffs' unauthorized products be disabled by each Defendant and the applicable governing Internet

marketplace website operators and/or administrators who are provided with notice of the injunction, including Amazon and Walmart.com.

c.  Entry of an order that, upon Plaintiffs' request, any Internet marketplace website operators who are provided with notice of the injunction identify any e-mail address known to be associated with Defendants' Seller IDs immediately cease facilitating access to any or all e-commerce stores through which Defendants engage in promotion, offering for sale and/or sale of Plaintiffs' unauthorized Products;

d.  Entry of an order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to Amazon and Walmart.com, permanently remove from the multiple platforms any and all listings and associated images of goods bearing Plaintiffs' Marks via the e-commerce stores operating under the Seller IDs;

e.  Entry of an Order that, upon Plaintiffs' request, any Internet marketplace website operators and/or administrators, including Amazon and Walmart.com, who are provided with notice of the injunction, immediately cease fulfillment of and sequester all Products from the Defendants and surrender those goods to Plaintiffs.

f.  Entry of an order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' unfairly competitive activities.

g.  Entry of judgment for compensatory damages for Defendants' fraudulent activities.

h. Entry of an order that, upon Plaintiffs' request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon and Walmart and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) to be surrendered to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

i. Entry of an award of pre-judgment interest on the judgment amount.

j. Entry of an order for any further relief as the Court may deem just and proper.

Dated: May 16, 2022.

Respectfully submitted,

**RECALDE LAW FIRM, P.A.**
*Attorneys for Plaintiffs*
1815 Purdy Ave, Second Floor
Miami Beach, FL 33139
Ph: 305-792-9100
By: _/s/ Rafael Recalde_
Rafael Recalde, Esq.
FBN: 60040
Geremy Klein, Esq.
FBN: 106981
Primary Email: rafael@recaldelaw.com
Secondary Email: geremy@recaldelaw.com

SCHEDULE "A"

Schedule of Certain Meditago Holdings LLC Trademarks

| Mark | Serial Number | Registration Number |
| --- | --- | --- |
| DS Laboratories | | 3460674, 4758774 |
| Revita | | 3518989 |
| DS Labs | | 5200746 |
| Spectral.BRD | | 6153296 |
| Spectral.DNC | | 3510924 |
| Spectral.RS | | 3776938 |