Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dba AA WHOLESALE DEALS; a New York limited liability company,<br><br>Defendant. | **OPPOSITION TO MOTION TO RECONSIDER**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Comes now Defendant BH Elegant Linens, LLC, dba AA Wholesalers ("BH"), and Nonparties Swift Innovations, LLC ("Swift") and Avi Alhakim, by and through counsel, Richard A. Kaplan of YOUNG HOFFMAN, LLC, appearing for the limited purpose of contesting personal jurisdiction, who respectfully submit this Opposition to Plaintiff's Motion to Reconsider the Court's Docket Text Order #50 granting Swift's Motion to Set Aside Default Judgment and to Vacate Writs, insofar as the order vacated the Writs of Garnishment [Doc 70]. As its sole ground for requesting reconsideration, Plaintiff relies on what it claims is newly discovered evidence — that is, evidence of a transfer of hundreds of thousands of dollars from BH's account at JP Morgan Chase to Swift's account at Bank of America that purportedly came to light after

Plaintiff filed its Opposition to Swift's Motion to Set Aside Default Judgment and to Vacate writs of Garnishment.  Plaintiff moreover asserts that the bank transfer reinforces its legal position that the Court's decision to vacate the Writs of Garnishment was erroneous.

Plaintiff is simply mistaken.  The relevant chronology of facts shows that the so-called newly discovered evidence is not new — in fact, Plaintiff itself brought that self-same evidence to the Court's attention, and Plaintiff did so well before the Court decided the Motion Plaintiff now wants reconsidered. Furthermore, the evidence Plaintiff relies on here defeats its legal position.  Plaintiff says the transfer was made to avoid a creditor after Plaintiff's counsel sent a demand letter to Defendant BH.  Motion to Reconsider at 2.  What follows ineluctably from that position is that Plaintiff was required to amend its Complaint to allege that BH made a fraudulent transfer to Swift and to add Swift as a defendant with respect to that claim through service of summons and the amended complaint.  Plaintiff has not done so, apparently in the hope that Swift will never be permitted to raise and prove its defenses.  The motion to reconsider should be denied for lack of proper basis for reconsideration.  In addition, there are multiple other grounds for sustaining the Court's decision to vacate the writs that reinforce the conclusion that the Court was right the first time.

**FACTS**

1. Swift Innovations, LLC is a legal entity separate and apart from BH Elegant Linens, LLC. [Doc 50].

2. Swift filed its Certificate of Formation as a New Jersey Limited Liability Company on October 17, 2023 [id.], and its existence as such has thus been a matter of public record since that time.

3. Plaintiff nevertheless named Swift as a dba in its Second Amended Complaint filed on February 19, 2024 [Doc 21], its form of Amended Default Judgment [Doc 24] and in its Applications for Garnishment [Docs 25 and 26].

4. Plaintiff concedes that Swift was never served, neither as a Defendant with respect to the purported damages nor as a fraudulent transferee.

5. Service on Defendant BH was insufficient. [Doc 60, ¶ 4] See generally Motion to Dismiss for Lack of Personal Jurisdiction [Doc 70, ¶¶ 33-37 and pp. 9-11]

6. This Court lacks personal jurisdiction over BH, Swift and Alhakim both for lack of service and for insufficient contacts with the State of Utah. Id., pp.12-16.

7. Defendant BH and nonparties Swift and Alhakim have previously argued that the Default Judgment was secured without a hearing on damages based on the false and misleading assertion that damages could be made certain in this case by computation. See generally Opposition to Plaintiff's Amended Motion to Alter Judgment to include Swift and Alhakim [Doc 63]; and Motion to Dismiss [Doc 70].

8. Despite Plaintiff's allegations in the Second Amended Complaint specifically identifying Swift not just as a dba but also together with BH as alter egos of Alhakim [Doc 21, ¶ 2], Plaintiff's Application for Garnishment of Swift's bank account at Bank of America did not identify as persons known to claim an interest in Swift's bank account either Swift itself or Avi Alhakim. [Doc 25, ¶ 5]. Instead, Plaintiff's Application identified only "debtor" as claiming an interest and defined "Debtor" as "BH Elegant Linens dba AA Wholesale Deals, and Swift Innovations". Id.

9. The Writ of Garnishment [Doc 27] was served on Bank of America on or about March 29.

10. Bank of America froze the funds in Swift's account on or about March 29, 2024. Id.

11. That was when Alhakim learned that the lawsuit had been filed and engaged counsel [Doc 60, ¶ 2.

12. Swift filed its Motion to Set Aside Default Judgment timely on April 4, 2024 [Doc 30].

13. Plaintiff filed its Opposition to Motion to Set Aside Default Judgment on April 15, 2024, 2024 [Doc 37].

14. Swift filed its Reply to Opposition on April 17, 2024, 2024 [Doc 38].

15. Plaintiff filed its "Notice of Supplemenat Evidence Re Opposition to Motion to Set Aside Judgment Against Swift Innovations, LLC" ("NOTICE") [Doc 37] on April 23, 2024.

16. In Plaintiff's "Notice", it brought to the Court's attention evidence (JP Morgan Chase bank records) showing the transfer of funds from BH's account at JP Morgan Chase to Swift's Account at BOA. Id.

17. In Plaintiff's "Notice", it made the legal argument that Swift bore the burden of proving that the money transferred belonged to Swift. Id.

18. When the Court decided Swift's Motion to Set Aside Judgment and Vacate Writs, the Court thus had before it both the facts and legal arguments Plaintiff now makes in its Motion for Reconsideration.

19. The Court issued its Docket Text Order #50 on May 5, 2024, nearly two full weeks after Plaintiff filed its "Notice".

## DISCUSSION

On this record, it is apparent that Plaintiff has spun its purported basis for a reconsideration motion out of whole cloth. There is no "newly discovered evidence" to support reconsideration. Plaintiff's Notice contained exactly the same evidence. Plaintiff's legal position that Swift bears the burden of proving that the funds are its own is neither new – it was also set forth in Plaintiff's "Notice" — nor correct inasmuch as Swift has no burden at all unless and until Swift is served with a summons and complaint alleging that Swift is a transferee. *Brigham Young University v. Tremco Consultants, Inc*. 156 P.3d 782 (Utah 2007), cited with approval on this point in *Jones v. Mackey Price Thompson & Ostler*, 469 P.3d 879, 893-94 (Utah 2020). The Court was presented with both the purportedly new facts and legal arguments before it decided the motion in question. Facts, supra, ββ 15-18. As noted by Plaintiff, "Motions for reconsideration may only be granted based on the availability of new evidence, an intervening change in the controlling law, or to prevent manifest injustice." *Gale v. Uintah Cnty.*, No. 2:13-CV-725-RJS-DBP, 2021 WL 4553218, at *3 (D. Utah Oct. 5, 2021). Since Plaintiff has presented nothing new, the law is the same, and the interests of justice favor the Court's Order as is, Plaintiff has no accepted basis for requesting reconsideration and its Motion to Reconsider should be denied.

State court opinions on motions to reconsider, which Plaintiff also relies on to establish discretion to reconsider, only reinforce the conclusion that the Court's Order should remain intact. "Our Supreme Court has labeled these types of motions 'the cheatgrass of the litigation

landscape' and has discouraged their use absent an 'extraordinary circumstance." *Shipman v. Evans*, 2004 UT 44, β 18 n. 5, 100 P.3d 1151, abrogated on other grounds by *Utahns For Better Dental Health-Davis, Inc. V. Davis County Clerk*, 2007 UT 37, β 15, 175 P.3d 1036.  Asking the Court to look at evidence it has already seen and legal arguments it has already rejected comes nowhere close to extraordinary circumstances.

    Moreover, the Court's decision in Docket Text Order #50 was correct.  Inasmuch as Swift was not merely a dba of BH but a separate and independent legal entity that did not receive service of a summons and complaint, the Amended Default Judgment was void for lack of jurisdiction, Rule 60 (b) (4), see generally Motion to Set Aside Default Judgment, [Doc 30]; and the Writs treating Swift as a dba of the debtor were rightly vacated. The fact that the Writs were issued based on Applications for Garnishment that contained erroneous information and that lacked required information [Facts, supra, ¶ 8] only reinforces the Court's decision.  See Utah Rule Civ. Pro. 64 (d) (3) (A) (writs must be served on all persons claiming an interest in the property).  See also *Bristol v. Brent*, 103 P. 1076, 1079 (Utah 1909) (holding that failure to satisfy requirements for valid garnishment is jurisdictional).

    Furthermore, the Court should leave Docket Text Order # 50 intact in all respects because the Amended Default Judgment and the Writs are all of a piece.  Plaintiff would have this Court leave in place its decision to set aside the Amended Default Judgment as void but nevertheless reverse its decision to vacate the Writs of Garnishment.  That makes no sense, because logically and legally the Writs depend on the Amended Default Judgment for their validity.

    As for the interests of justice, the Court should leave Docket Text Order #50 in place because as a practical matter its impact is to require Plaintiff to litigate these issues correctly –

that is, by serving a summons and complaint properly on BH and on Swift that includes allegations and a claim of fraudulent transfer; *Brigham Young University v. Tremco Consultants, Inc*. 156 P.3d 782 (Utah 2007), cited with approval on this point in *Jones v. Mackey Price Thompson & Ostler*, 469 P.3d 879, 893-94 (Utah 2020); and that enables BH and Swift to defend themselves on the merits of the claims. The Order thus serves the interests of justice. It is axiomatic that the law favors judgments on the merits over judgments by default.[1] "[A] district court should exercise its discretion in favor of granting relief [on a Rule 60 (b) motion so that controversies can be decided on the merits rather than technicalities." *Menzies v. Galetka,* 2006 UT 81, ¶ 54, 150 P.3d 480. Moreover, both BH and Swift acted promptly to challenge the Default Judgment as void for lack of personal jurisdiction once Mr. Alhakim learned that a lawsuit had actually been filed in Utah. Facts, supra, ¶¶ 11-12.

Finally, reconsideration would serve no purpose even it the motion did have merit, which it does not. That is so because through insufficient service on Defendant BH and no service at all on nonparties Swift or Alhakim, Plaintiff has failed to establish personal jurisdiction over any of them. Neither do they have sufficient general or case-specific contacts with the State of Utah to support the exercise of constitutional jurisdiction in any event. See Motion to Dismiss for

---

[1] On the underlying merits, BH has a substantial meritorious defense on the elements of causation and damages. As to causation, as we have noted elsewhere, it defies commonsense to think that Amazon suspended Plaintiff's store because of BH's conduct as opposed to the conduct of Plaintiff, with whom it presumably has a contract governing its responsibilities as an Amazon seller. And apart from commonsense, there is substantial evidence that in at least in the last few years Plaintiff has been sued twice for selling counterfeit trademarked goods and that in the months leading up to the suspension Plaintiff's store front had a mountain of complaints involving products other than Plaintiff's. See Declaration of Avi Alhakim in Support of Motion to Dismiss [Attachment to Doc 70], ¶ 20. As to damages, the Amended Default Judgment on Plaintiff's application held Defendant responsible for all of Plaintiff's claimed losses – that is, for the total collapse of Plaintiff's business. Vacating the Amended Default Judgment and the Writs, as the Court did, permits Defendant to defend itself against what appears to be grossly excessive damages.

Lack of Jurisdiction [Doc 70]. A decision on either of those grounds in favor of the movants would render the Motion to Reconsider moot.

Dated this 7th day of June, 2024.

                                                Respectfully submitted,

                                                */s/ Richard A. Kaplan*
                                                Richard A. Kaplan
                                                YOUNG HOFFMAN, LLC
                                                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this 7th day of June, 2024, I caused a true copy of the foregoing **Opposition to Motion to Reconsider** to be served via the court's electronic filing system upon the following:

> Jordan K. Cameron
> CAMERON RINGWOOD, LC
> 6975 South Union Park Avenue, Suite 600
> Cottonwood Heights, UT 84047
> *Attorneys for Apothecary Movement, LLC*

                                                  */s/ Echo Peterson*
                                                  Echo Peterson