Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendant BH Elegant Linens, LLC,
d/b/AA Wholesale Deals; and putative Defendant
Swift Innovations, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LIENNS, LLC dbas AA WHOLESALE DEALS; and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF**<br><br>**MOTION FOR IMMEDIATE RETURN OF PROPERTY IMPROPERLY GARNISHED, FOR EXPEDITED CONSIDERATION, AND TO REJECT DEPOSIT INTO COURT AS PREMATURE AND IMPROPER WITHOUT LEAVE**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Swift Innovations, LLC, by and through counsel, Richard A. Kaplan of YOUNG HOFFMAN, LLC, having appeared for the limited purpose of contesting personal jurisdiction, respectfully submits its Reply Memorandum in Support of Motion for Immediate Return of Property Wrongfully Garnished, for Expedited Consideration, and to reject Plaintiff's purported deposit of the funds with the clerk as premature and improper without leave of court ("the Motion").

In its opening Memorandum, Swift discussed the Court's Docket Text Order #50 dated May 5, 2024, and maintained that it followed ineluctably from the Court's Order vacating the Writ of Garnishment served upon BOA that Plaintiff's counsel has no lawful basis for retaining Swift's funds and should be directed by the Court to wire the $423,312.67 it received from BOA back to Swift's account at BOA (No. 483093054855) immediately.  Swift asked for expedited treatment of the Motion is warranted because no justification exists for continuing the freeze the unlawful garnishment imposed on Swift's account in March for another day.

Plaintiff's Opposition to the Motion is based on the notion that the writs were somehow vacated only as to Swift Innovations, LLC, and not as to "Defendant BH Elegant Linens, LLC, dbas AA Wholesale Deals and Swift Innovations."  But there is no support in the Order for that interpretation.  Rather, it is apparent that the Court found the Amended Default Judgment void and vacated the Writs of Garnishment because it found all three fatally flawed for identifying Swift Innovations as a dba, that is, a part and parcel of Defendant BH, when in fact Swift Innovations, LLC had demonstrated its separate legal existence [Doc 50], and enjoyed its own due process right to receive service of a summons and complaint (which service had not occurred).

Even if there were somehow room for Plaintiff's interpretation of the Order, which there was not,  the Court eliminated any basis whatsoever for doubt when several days after issuing Docket Text Order #50 it directed the Clerk to strike from the Docket both the Writ issued to Bank of America [Doc 27] and the Writ issued to JP Morgan Chase [Doc 28].  The striking of those Docket entries was complete and unqualified.  Clearly the Writs have no present force or effect, there is no legal basis for Swift's funds to be withheld another day, and those funds

should be returned (whether now in the possession of the Clerk of Court or of Plaintiff's counsel) forthwith.

Although unnecessary, there are two additional grounds for granting Swift's Motion for Return of Garnished Funds that the Court should be made aware of. One is that because plaintiff failed to comply with the requirements of garnishment as set forth in Utah Rule of Civ. Pro. 64 (d), as elaborated in Swift's Opposition to Plaintiff's Motion to Reconsider [Doc 71], Plaintiff failed to convey jurisdiction over the funds to the Court. *Bristol v. Brent*, 103 P. 1076, 1079 (1909) (all legal requirements for writ must be satisfied to convey jurisdiction over the property) and its progeny.

Perhaps even more basically, the Court lacks jurisdiction over the persons of Defendant BH, Swift and Avi Alhakim as set forth in detail in their Motion to Dismiss for Lack of Personal Jurisdiction [Doc 70].

## Conclusion

For all of these reasons, the Court should grant Swift's Motion and Order that the garnished funds be returned to Swift's account immediately.

Dated this 6th day of June, 2024.

                                               */s/ Richard A. Kaplan*
                                               Richard A. Kaplan
                                               YOUNG HOFFMAN, LLC
                                               *Attorneys for Defendant BH Elegant Linens,*
                                               *LLC, d/b/AA Wholesale Deals; and putative*
                                               *Defendant Swift Innovations, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 6th day of June, 2024, I caused a true copy of the foregoing **Reply Memorandum in Support of Motion for Immediate Return of Property Improperly Garnished, For Expedited Consideration, and to Reject Deposit into Court as Premature and Improper Without Leave** to be served via the court's electronic filing system upon the following:

>Jordan K. Cameron
>jordan@cameronringwood.com
>CAMERON RINGWOOD, LC
>6975 South Union Park Avenue, Suite 600
>Cottonwood Heights, UT 84047
>*Attorneys for Apothecary Movement, LLC*

                 */s/ Echo Peterson*
                 Echo Peterson