Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION [DOC 68]**<br><br><br><br><br><br>Case No.: 2:23cv00845-HCN-DAO<br>Judge Howard C. Nielson, Jr. |

COMES NOW, Plaintiff, through counsel, and respectfully submits this *Reply Memorandum in Support of Motion for Reconsideration regarding Writs of Garnishment* [Doc 68].

1

**Requested Disposition**

Utah R. Civ. P. 64D permits a plaintiff to garnish accounts of a third-party that hold the funds of a defendant. It is the account holder's burden to demonstrate that the garnished property is its property, not the defendant's.

Here, bank record evidence demonstrates that Defendant hid its money in the garnished Bank of America account, and because Judgment against Defendant still stands, the money was properly garnished under Rule 64D. Despite multiple opportunities, neither Defendant nor Swift Innovations has presented any argument or evidence that the garnished funds are not the Defendant's. Rather, Defendant and Swift Innovations raise arguments based in technicalities that this Court should disregard.

As argued in the *Motion* and further herein, the *Writs of Garnishment* should stand, and this Court should reconsider and amend its prior ruling regarding the *Writs*.

**Arguments**

Defendant is correct that on April 23, 2024, Plaintiff filed a *Notice of Supplemental Evidence Re Opposition to Motion to Set Aside Judgment Against Swift Innovations, LLC* [Doc 44], which provided this Court with the bank records showing Defendant's transfer of its money to the Bank of America account. However, at no point did Plaintiff provide the new evidence in the context of Utah Rule 64D which governs writs of garnishment.

As set forth in the *Motion for Reconsideration*, "Factors that weigh in favor of the district court's decision to reconsider include, but are not limited to, (1) the matter being presented in a new or different light, [coupled with] the discovery of new evidence." *Blueridge Homes Inc. v. Method Air Heating and Air Conditioning,* 450 P.3d 114, 119–20, ¶ 20 (Utah App., 2019) (internal quotations omitted). Therefore, through the *Motion for Reconsideration*, Plaintiff

2

presents the evidence to this Court and positions the matter in a new light in the context of the plain language of Utah R. 64D which states, "[a] writ of garnishment is available to seize property of the defendant in the possession or under the control of a person other than the defendant."

Notably, Defendant's *Opposition* does not attempt to address the subject language of Rule 64D or argue why the application of the bank record evidence to the plain language of Rule 64D should not result in this Court's reconsidering and changing its prior ruling and allowing the *Writs* against Defendant's property to stand. Rather, Defendant ignores the arguments raised and instead, raises various unrelated issues that do not, in any way, pertain to the limited nature of the *Motion for Reconsideration*.

First, Defendant erroneously asserts that Swift Innovations must be served with a summons and complaint alleging that Swift is a transferee because the judgment identifying swift as a DBA of Defendant was vacated. (*See Oppos*. at 5-7)[1] But this argument entirely misses the mark. Through the *Motion for Reconsideration*, Plaintiff does not seek reconsideration of this Court's vacating the *Amended Judgment* identifying Swift Innovations as a DBA of Defendant. Rather, it only seeks reconsideration regarding the *Writs of Garnishment* against Defendant's money hidden in the Bank of America account. This Court did not vacate the *Judgment* [Doc 23] against Defendant. Rather, it vacated only the *Amended Judgment* [Doc 24] which identified Swift Innovations as a DBA. The *Judgment* still stands, and *Writs* issued against Defendant's property toward the collection of the *Judgment* are valid.

---

[1] Defendant misapplies law, but in the interest of brevity, Plaintiff will not repeat the arguments set forth in the pending *Motion to Add Swift Innovations as a Judgment Debtor* [Doc 46] which addresses this point in detail.

3

To this point, Rule 64D plainly permits garnishment of property in the possession of someone other than the Defendant and does not require service of a summons or complaint. As noted in the *Motion*, a party in Swift Innovation's position has the burden to show that the garnished property is its property, not the Defendant's. Despite yet another opportunity to do so, Swift Innovations utterly fails to present any evidence that the garnished account is its money, not Defendant's. The evidence and argument compel only one conclusion—the garnished money is Defendant's and its was properly garnished pursuant to Rule 64D.

Second, Defendant argues that Utah Rule Civ. Pro. 64(d)(3)(A) requires that *Writs* be served on all persons claiming an interest in the property. (*See Oppos.* at 6-7). While this may be technically true, there is no dispute that both Defendant and Swift Innovations have voluntarily appeared in this matter to challenge the *Writs* (i.e., establishing that each had fair notice of the same) and have had full and fair opportunity to address the *Writs*. It is well established that voluntary appearance cures any defect in service. *See Ziegler v. Akin*, 261 F.2d 88, 92 (10th Cir.1958).

Lastly, Defendant argues that the law favors judgments on the merits over judgments by default. *Menzies v. Galetka,* 2006 UT 81, ¶ 54, 150 P.3d 480. Plaintiff does not disagree with this premise, but its application to the *Motion for Reconsideration* is misplaced. Defendant has filed a separate *Motion* under Rule 60 to set aside Judgment [Doc 43]. The court has not yet ruled on that *Motion*, and for the reasons set forth in Plaintiff's *Opposition* to that *Motion*, the court should deny that *Motion*. Regardless, the *Judgment* against Defendant presently stands, and the *Writs* which seek to garnish Defendant's money should also stand.

Allowing Defendant to hide its money from Plaintiff in an account in the name of Swift Innovation's, then vacating the very *Writ* that garnished the hidden money, would constitute a

manifest injustice as to Plaintiff's garnishment rights particularly because despite multiple opportunities, neither Swift Innovations nor Defendant have presented any evidence or supporting argument that the garnished money is anyone's money but Defendant's. Due process has been satisfied on this point and the *Writs* should stand.

## Conclusion

Based on the foregoing, this Court should reconsider its ruling vacating the *Writs* and change its ruling to allow the *Writs* to stand.

DATED this 12th day of June 2024.

CAMERON RINGWOOD, LC

/s/ Jordan K. Cameron
Jordan K. Cameron

**Certificate of Service**

      I, the undesigned, certify that on this 12th day of June 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*