**Jordan K. Cameron (12051)**
**CAMERON RINGWOOD, LC**
Counsel for Plaintiff
6975 S Union Park Ave. Suite 600
Cottonwood Heights, Utah 84047
Telephone: (385) 463-2524
E-mail: *jordan@cameronringwood.com*

<br>

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS, a New York limited liability company,<br><br>　　　　Defendants. | **NOTICE OF INSUFFICIENCY OF EVIDENCE TO SUPPORT OPPOSITION TO JURISDICTION MOTION [DOC 70], MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY, MOTION TO STAY RESPONSE DEADLINES FOR MOTION TO DISMISS UNTIL AFTER A RULING ON THIS MOTION**<br><br>Case No.: 2:23cv00845-HCN-DAO<br>Judge Howard C. Nielson, Jr. |

COMES NOW Plaintiff Apothecary Movement, LLC ("Apothecary"), and respectfully submits this *Notice of Insufficiency of Evidence to Support Opposition to Jurisdiction Motion [Doc 70], Motion for Leave to Conduct Jurisdiction Discovery*, and *Motion to Stay Deadline to Respond to Motion to Dismiss until after ruling on this Motion*.

### Requested Relief

On May 29, 2024, BH Elegant Linens, LLC, Swift Innovations, LLC and Avi Alhakim

1

(collectively "Defendants" for convenience in this *Motion*), after having engaged in substantial motion practice before this Court which likely submits them to the jurisdiction of this Court in any event, filed a *Motion to Dismiss* for, *intern alia*, lack of personal jurisdiction (the "*Motion to Dismiss*"). [*See* Doc 70]. Apothecary respectfully notifies this Court of an insufficiency of evidence to properly address facts raised in the *Motion to Dismiss*, respectfully requests leave to conduct jurisdictional discovery, and a stay of response deadlines for the *Motion to Dismiss* until after this Court rules on this *Motion*. If granted, Apothecary anticipates that discovery will likely include written discovery and possibly a single deposition of Avi Alhakim. Apothecary expects discovery to take 90 days.

## Argument

I.     THE COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY

It is well settled "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat. Institute of Standards and Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002). Further, "A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.'" *Id*.[1]

A jurisdiction analysis is not limited exclusively to the contact a defendant had with the Plaintiff in the subject forum. Rather, jurisdiction, general or specific, considers the "quantity

---

[1] Citing *First City, Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176–77 (2d Cir.1998); *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir.1990); *Majd–Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir.1984); *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 865 (3d Cir.1977); Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir.1977).

and quality" of a party's contacts with the forum. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999). Further, the claims and harm at issue need not directly arise from the Defendants' contacts with the forum so long as the claims generally relate to the contacts (e.g., there does not need to be a causal link between the activities giving rise to jurisdiction and the plaintiff's injuries). *See Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1026-29 (2021). Additionally, an out-of-state defendant's solicitations of or direct communications with forum state residents also provide some evidence suggesting purposeful direction. *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1277 (10th Cir. 2005) (cleaned up). Accordingly, discovery regarding the breadth of Defendants' contacts and communications with residents of Utah in conducting their business is necessary for a proper jurisdiction analysis in this case. As set forth below, there is a high probability limited jurisdictional discovery will affect the outcome of this case.

As an illustrative example, but not an exhaustive list, Apothecary identifies the following areas of dispute where discovery is needed to present a more satisfactory showing of the facts. To identify these topics, Apothecary relies on the *Declaration of Avi Alhakim* [Doc 70-1] submitted in support of Defendant's *Motion to Dismiss*. Specifically:

1.      Mr. Alhakim claims Defendants "never solicited business in the State of Utah" and Defendant "did not solicit Plaintiff's business. It was the other way around. Plaintiff contacted me . . . ." (*Declaration* at ¶¶ 8, 18). Defendants submit Exhibit 2 to support their position, which is an undated, truncated portion of a conversation from a message app. However, on July 15, 2022, Mr. Alhakim sent a direct message to Plaintiff through Amazon soliciting Plaintiff's business. (*See* Exhibit A). Discovery is necessary to determine to what extent

3

Defendants initiated contact and solicited business from other Utah individuals and businesses through similar communication technology and messaging services, and to what extent Defendants conduct business with other Utah individual or companies.

2.      Mr. Alhakim claims that all orders of "non-conforming" products were shipped to Amazon warehouses outside of Utah (*Declaration* at ¶ 19), but Mr. Alhakim was careful to limit his search and qualify his testimony on this point. Because jurisdiction looks to the total quantity and quality of contacts with the forum, discovery is necessary to determine to what extent Defendants shipped products and goods to Utah warehouses for Plaintiff, others, or for themselves, as part of their business. The analysis is not limited to "non-confirming" goods involved in this case alone. Additionally, Mr. Alhakim claims "apart from its sales the Plaintiff, BH never conducted business operations in Utah." (Decl. at ¶ 3). Yet, Mr. Alhakim's qualified and intentionally narrow statement regarding Defendants' shipping to and warehousing products in Utah, suggests a much broader connection with Utah warehouses than Defendants admit. Discovery is necessary to determine to what extent Defendants relied on warehouses in Utah to act as a hub in conducting its business both for Plaintiff, for others, and for themselves.

3.      Defendants' invoices identify the location of their clients. For example, on Exhibit 5 to the *Declaration of Mr. Alhakim*, the invoice clearly identifies that Defendant is billing its services into the state of Utah. However, Mr. Alhakim's *Declaration* is silent regarding what volume of Defendants' business, or what percentage of Defendants' revenue, Defendants have earned through their business with Utah clients. The same exhibit also includes shipping labels used by Defendants that ostensibly identify a shipping location from within Utah. Discovery is necessary to determine the number of current and former clients, and the volume

4

and percentages of Defendants' business, that is associated with Utah.

Therefore, Plaintiff respectfully requests leave to conduct jurisdictional discovery through discovery requests substantially similar to the following:

1.      Defendants' messages sent through Amazon or other messaging services to potential clients between January 2021 to present through which Defendants promoted their businesses or solicited business.

2.      Defendants' communications (e.g., emails, texts, SMS, etc.) regarding its business with potential, current or former clients located in Utah, or where the location is otherwise unknown.

3.      Defendants' written, telephonic based communications (e.g., text, SMS, What's App, etc.) with any number including an area code of 801, 435, or 385 between January 1, 2021, and present.

4.      Defendants' shipping records identifying any and all inventory shipments made to warehouses or other locations in Utah.

5.      Inventory records for all inventory warehoused in Utah from January 2021 to present.

6.      Copies of shipping labels used by Defendants that either identified the shipping location or the destination in Utah from January 1, 2021, to present.

7.      Financial records (such as Quickbooks) sufficient to show what percentage of Defendants' revenues were earned from business in Utah since 2021.

8.      Copies of all of Defendants' invoices that included an address in Utah.

5

and percentages of Defendants' business, that is associated with Utah.

Therefore, Plaintiff respectfully requests leave to conduct jurisdictional discovery through discovery requests substantially similar to the following:

1.      Defendants' messages sent through Amazon or other messaging services to potential clients between January 2021 to present through which Defendants promoted their businesses or solicited business.

2.      Defendants' communications (e.g., emails, texts, SMS, etc.) regarding its business with potential, current or former clients located in Utah, or where the location is otherwise unknown.

3.      Defendants' written, telephonic based communications (e.g., text, SMS, What's App, etc.) with any number including an area code of 801, 435, or 385 between January 1, 2021, and present.

4.      Defendants' shipping records identifying any and all inventory shipments made to warehouses or other locations in Utah.

5.      Inventory records for all inventory warehoused in Utah from January 2021 to present.

6.      Copies of shipping labels used by Defendants that either identified the shipping location or the destination in Utah from January 1, 2021, to present.

7.      Financial records (such as Quickbooks) sufficient to show what percentage of Defendants' revenues were earned from business in Utah since 2021.

8.      Copies of all of Defendants' invoices that included an address in Utah.

Truthful and complete responses to discovery requests of this nature are likely to reveal the fact that Defendants have had substantial contact with residents of the State of Utah, and there is a high probability that the discovery will affect the outcome of this case vis-à-vis a jurisdiction analysis.

II.       THE COURT SHOULD STAY DEADLINES ON THE MOTION TO DISMISS

Fed. R. Civ. P. 6 states, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Prior to filing this *Motion*, Plaintiff's counsel sought and received a stipulation from Defendants' counsel regarding an extension of time to respond to the *Motion to Dismiss*. Defendants' counsel agreed to extend the deadline until July 8, 2024. During that telephone call, Plaintiff's counsel indicated that Plaintiff would likely move for jurisdictional discovery to be able to fully respond to the *Motion*.

Because the deadline to respond has not yet passed, and due to this *Motion* which seeks leave to conduct discovery to develop facts to mount a defense to the jurisdiction challenge, good cause exists to extend the deadline for the *Motion to Dismiss*. Therefore, Plaintiff respectfully requests that this Court extend the deadline to the later of 14 days after a ruling on this *Motion,* in case of denial, or 14 days after the completion of limited jurisdictional discovery as permitted by the court in response to this *Motion*.

### Conclusion

Based on the foregoing, the Court should grant this *Motion*, permit limited jurisdictional discovery, and stay response deadlines to the *Motion to Dismiss* until discovery is completed.

DATED this 24th day of June 2024.

CAMERON RINGWOOD, LC

/s/ Jordan K. Cameron
Jordan K. Cameron
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I, the undesigned, certify that on this 24th day of June 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*