Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendant BH Elegant Linens, LLC,
d/b/AA Wholesale Deals; and putative Defendant
Swift Innovations, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS; and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **OPPOSITION TO MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND MOTION FOR STAY**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Defendant BH Elegant Linens, LLC, and nonparties Swift Innovations, LLC and Avi Alhakim, by and through counsel, Richard A. Kaplan of YOUNG HOFFMAN, LLC, having appeared for the limited purpose of contesting personal jurisdiction, respectfully submit this Opposition to Plaintiff's Motions for Leave to Conduct Jurisdictional Discovery and to Stay Response Deadlines. Plaintiff's motions should be denied as unfounded.

First, though, it is important to put Plaintiff's motions in their proper context. While this case should not have been brought in Utah for lack of personal jurisdiction, it was brought here, and the Court has issued both an Amended Default Judgment and Writs of Garnishment, all of

which have been vacated [Doc. 50].  Funds belonging to Swift Innovations, LLC, a nonparty, have been wrongfully garnished and are in possession of either Plaintiff's counsel or the Clerk of Court.  While the motion practice in this matter has become somewhat convoluted, primarily due to the unusual procedural posture of Plaintiff's numerous amended complaints and default judgments in conjunction with Plaintiff's attempts to retain the wrongfully-garnished funds of a non-party at any cost, the key preliminary issue in this matter is that no defendant was ever properly served in this matter. (*See* Doc. #70 at pp. 9-11). If in fact service has never been properly executed, then this Court has never established jurisdiction over any Defendant or the funds at issue in this lawsuit, rendering all other pending motions moot.  As additional grounds, the Judgment and Writ of Garnishment by which such funds were garnished have both been vacated by the Court.  Therefore, the two preliminary issues that must be first resolved by the court are whether service was properly effectuated on *any* Defendant and /or that the judgment and writs of garnishment are all vacated, either of which requires that wrongfully garnished funds be returned to non-party Swift Innovations, LLC forthwith.

     Properly understood, then, the question of whether or not this Court, or any Utah Court can establish personal jurisdiction over BH Elegant Linens, LLC, Swift Innovations, LLC and/or Avi Alhakim[1]  is not one warranting delay, whether through jurisdictional discovery or any other delay in deciding the fully briefed motions to return garnished funds (Doc. #65). Lack of personal jurisdiction is yet another, additional ground for vacating the default judgment and writs and dismissing this action, as they relate to BH (and also the other two-nonparties), even

---

[1] Although Plaintiff refers to the three parties collectively as "Defendants" in their motion (*See* Doc. 74 at pp.1-2), it is essential to note that only BH Elegant Linens, LCC has ever been plead as a Defendant in this action and they have never been properly served.  The other two purported "Defendants" have never been named in any complaint as a Defendant nor has service even been attempted on either party.

assuming arguendo that they weren't vacated already by Docket Text Order 50. However, lack of jurisdiction is not a necessary ground for decision.

Thus, Plaintiff's motions should not delay resolution of pending, fully briefed motions to vacate the default judgment on other grounds that do not depend in any respect on a finding of jurisdiction or lack of jurisdiction. In addition, inasmuch as the Court has already determined that the default judgment and the writs of garnishment were improperly issued against Swift, a separate entity, the Court should also resolve the pending, fully briefed motion for return of the improperly garnished funds. (Doc. 65)

While the inability for this Court or any Utah court to establish personal jurisdiction over Defendant or the non-parties Swift Innovations, LLC and Avi Alhakim reinforces the aforementioned motions to return the wrongfully garnished funds and clarify that the any judgments and writs of garnishment are already vacated in their entirety , or alternatively should be vacated,  and is a separate and independent ground for granting them and dismissing this action, neither a finding of jurisdiction or lack of jurisdiction is necessary as it relates to deciding these motions.  Accordingly, Plaintiff's motions present no reason to delay resolution of these other motions, and the Court should address them at its earliest convenience.  It is simply inappropriate for non-party Swift Innovations, LLC to continue to be deprived of its funds a moment longer than necessary, much less for 90 days to allow Plaintiff to pursue what at best is a sideshow and at worst is a boondoggle.

Nonetheless, should this Court be inclined to entertain Plaintiff's Motion for Jurisdictional discovery, such Motion must also be denied as lacking merit. It is indisputable that Plaintiff bears the burden of establishing personal jurisdiction over any defendant, including both

whether any applicable statute conveys jurisdiction and whether the exercise of personal jurisdiction comports with due process. *See e.g.*, *Rayware Ltd. v. New Creations Brands,* No. 223CV00355DBBDAO, 2024 WL 1771688, at *2 (D. Utah Apr. 24, 2024); *Icon Health & Fitness, Inc. v. Relax-a-cizor Products, Inc.*, No. 1:12-CV-00017-SA, 2012 WL 1604376, at *3 (D. Utah May 7, 2012) (*citing Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir.2006)). When jurisdiction is contested, the plaintiff has the burden of proving that proper jurisdiction exists. See Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1075 (10th Cir. 1995). A Plaintiff is required to plead more than "labels and conclusions," "a formulaic recitation of the elements," or naked assertion[s]" devoid of "further factual enhancement." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This is primarily because it is plaintiffs' submission of their initial complaint that invokes the jurisdiction the courts. *Tiscareno v. Frasier*, No. 2:07-CV-336, 2012 WL 1377886, at *15 (D. Utah Apr. 19, 2012). The primary function of imposing a pleading standard on a plaintiff in the first instance is to ensure that "largely groundless claims" are not made to "take up the time of a number of other people." *Bell A. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quotation marks and citation omitted). The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). When a complaint contains "bare assertions," involving "nothing more than a formulaic recitation of the elements", courts consider those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations and quotations omitted). In other words, "the mere metaphysical possibility that

some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Mata v. Douglas*, No. 2:15-CV-575 DN, 2020 WL 1492741, at *2 (D. Utah Mar. 27, 2020) (*citing Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Here, in Plaintiff's Second Amended Complaint, only bare, conclusory legal allegations regarding certain elements of personal jurisdiction are plead, rather than the specific set of facts required under *Twombly/Iqbal* and their progeny. *See* Doc. 21 at ¶5.[2] To date, including in its Motion requesting jurisdictional discovery, Plaintiff has not even specified whether this Court purportedly has general jurisdiction, specific jurisdiction, or both over Defendant or the two non-parties. *Id.*; Doc. 74. As such, Plaintiff has failed to meet its most basic pleading requirements regarding personal jurisdiction, such that any request for jurisdictional discovery should be entertained. *See Franklin Covey Co. v. Com. Metals Co.*, No. 2:16-CV-1221-CW, 2017 WL 3503366, at *5 (D. Utah Aug. 15, 2017) ("Franklin Covey is not entitled to the second category of discovery because it has not pled facts that, if proven, would create a substantial connection between [D]efendant's suit-related conduct. It is insufficient for a plaintiff seeking jurisdictional discovery to identify a category of evidence that possibly could demonstrate minimum contacts… 'Indeed, [plaintiff]'s conclusory assertion that jurisdictional discovery was necessary seems almost like an attempt to use discovery as a fishing expedition rather than to obtain needed documents to defeat [dismissal for lack of jurisdiction].'" (*citing Boschetto v. Hansing,* 539 F.3d

---

[2] "This Court has personal jurisdiction over the Defendant because Defendant transacted business with Plaintiff, a Utah business, shipped items on Plaintiff's behalf pursuant to contract with Defendant, directed its unlawful activities at Defendant, in Utah, and knowingly caused harm to Plaintiff which it knew would be felt in Utah."

1011, 1014 (9th Cir. 2008))*; see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 715 (1982) (J. Powell concurring). "Moreover, assuming that minimum contacts remain a constitutional predicate for the exercise of a State's in personam jurisdiction over an unconsenting defendant, constitutional questions would arise if Rule 37 were read to permit a plaintiff in a diversity action to subject a defendant to a "fishing expedition" in a foreign jurisdiction. A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction.")

Here, Plaintiff has asserted only one non-speculative fact, whether or not properly plead, imputing potential jurisdiction: that Plaintiff is a Utah Corporation. However, personal jurisdiction, general or specific, is based on a defendant's contact with the forum state. Merely causing harm felt by a plaintiff in such forum state, knowingly or not, is insufficient. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.") (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). Courts have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Even if Plaintiff had appropriately plead jurisdiction over Defendant, Plaintiff has offered no evidence or reason in its Motion to think that jurisdictional discovery would yield even a scintilla of legally relevant information sufficient to demonstrate personal jurisdiction over Defendant or the two non-party individuals. As described in greater detail above, Plaintiff has

not clearly indicated, let alone properly plead, whether specific or general jurisdiction is asserted. However, Plaintiff has not asserted even conclusory allegations sufficient to meet the strict requirements necessary to establish general jurisdiction over a foreign defendant.  *See e.g. Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (requiring for general jurisdiction to exist over a nonresident, the defendant must engage in "continuous and systematic general business contacts," that "approximate physical presence" in the forum state.)  (citing *Bancroft & Masters, Inc. v. Augusta Nat. Inc*., 223 F.3d 1082, 1086 (9th Cir.2000)); *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."); *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum).

It is notable that Plaintiff does not attempt to provide any evidence or refute facts provided in Defendant's Motion and Declaration (Docs. 70, 70-1) relating to the lack of specific general jurisdiction, even though such information related to the specific transactions between Plaintiff and Defendant is within the personal knowledge of Plaintiff.  Instead, Plaintiff apparently concedes that the limited contacts BH had with Plaintiff in Utah do not suffice to establish specific jurisdiction;[3] instead directing its focus towards factors, entirely speculative, that could *potentially* demonstrate general jurisdiction over Defendant and the two non-parties,

---

[3] "A jurisdiction analysis is not limited exclusively to the contact a defendant had with the Plaintiff in the subject forum."  Motion at 2.

in spite of the specific affidavit in Defendant's Motion to Dismiss providing that none of the factors typically evaluated by courts when evaluating general jurisdiction or even the consideration of non-suit related conduct in the context of evaluating whether "fair play and substantial justice" is violated when the requirements for specific jurisdiction are otherwise met. *See* Doc. 70-1; *XMission, L.C. v. PureHealth Research*, No. 23-4001, 2024 WL 3216478, at *4 (10th Cir. June 28, 2024); *Lumen Techs. Serv. Group, LLC v. CEC Group, LLC*, 691 F. Supp. 3d 1282, 1286 (D. Colo. 2023); *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of California, Solano Cnty.,* 480 U.S. 102, 113 (1987) (stating "the determination of the reasonableness of the exercise of jurisdiction in each case will depend on an evaluation of several factors."); *Haas v. A.M. King Industries, Inc.*, 28 F. Supp. 2d 644, 650 (D. Utah 1998) (*citing Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 457 (10th Cir.1996).)

Therefore, it is clear that Plaintiff's Motion is merely a further tactic to continue withholding the wrongfully garnished funds of a non-party by requesting the archetypical discovery "fishing expedition," which remains impermissible for any purpose, including for the purportedly "limited jurisdictional discovery." If such conduct were allowable, any Plaintiff could assert conclusory allegations of the basic elements of "purposeful availment" against any defendant, without any evidence of said defendant's connections to the forum state, then continue to delay dismissal of the case for lack of personal jurisdiction with a motion for speculative jurisdictional discovery, just as Plaintiff has done here. Doc. 20 at ¶5, Doc. 74. The only attempt Plaintiff has made to introduce any fact that has even the remotest relationship to personal jurisdiction over Defendant is in Exhibit A to its motion – a message purportedly sent through Amazon to Plaintiff, an Amazon seller, that on its face has no facial connection with

Utah. However, Plaintiff makes no analysis of how this message may relate to jurisdiction over Defendant or the two non-parties; instead engaging in further speculation that BH and these non-parties could have potentially and purposely made numerous entreaties to Utah companies, might do a significant portion of their business in Utah, or might have assets in Utah including even its own warehouses.[4] Plaintiff's argument thus mounts speculation upon speculation; which is clearly insufficient to warrant any jurisdictional discovery fishing expedition, particularly without legal analysis of how such discovery could even potentially uncover facts relating to either general or specific jurisdiction over Defendant or the non-parties in Utah. In contrast, the cases Plaintiff cites where jurisdictional discovery was warranted (Motions at 2 and fn.1) all involve at least some evidence of jurisdiction, i.e. evidence sufficient to controvert material facts presented in a motion to dismiss and that thus raise fact issues needing to be resolved. None of those cases says jurisdictional discovery is warranted when, as here, the Plaintiff has offered neither evidence nor reason to find that Defendant or either non-party had sufficient contacts with Utah to establish general jurisdiction. In short, Plaintiff's motions are at best a sideshow, a distraction and at worst merely a delay tactic. The motions should be denied.

At all events, the Court has before it fully briefed motions to dismiss for failure to serve Defendant (or any non-party for that matter) (Doc. 70) and for return of funds improperly garnished (Doc. 65). Even if Plaintiff's Motion requesting jurisdictional discovery had merit, it would be rendered entirely moot by the decision on such fully-briefed motions already before the court.

---

[4] Plaintiff knows full well that the shipping labels BH used were provided to it by Plaintiff. To the extent that a shipping label Plaintiff provided identifies a warehouse in Utah, that warehouse was used by Plaintiff, not BH.

Dated this 8th day of May, 2024.

    */s/ Richard A. Kaplan*
Richard A. Kaplan
YOUNG HOFFMAN, LLC
*Attorneys for Defendant BH Elegant Linens, LLC, d/b/AA Wholesale Deals; and putative Defendant Swift Innovations, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of July, 2024, I caused a true copy of the foregoing

**Opposition to Motion for Leave to Conduct Jurisdictional Discovery and Motion for Stay**

to be served upon the following:

| | |
|---|---|
| Jordan K. Cameron<br>jordan@cameronringwood.com<br>CAMERON RINGWOOD, LC<br>6975 South Union Park Avenue, Suite 600<br>Cottonwood Heights, UT 84047<br>*Attorneys for Apothecary Movement, LLC*<br><br>(via the court's electronic filing system) | Bank of America NA<br>Attn: Legal Order and Case<br>Resolution Operations<br>800 Samoset Drive<br>Newark, DE 19713-6001<br><br><br>(via USPS first-class mail) |

                                              */s/ Echo Peterson*
                                              Echo Peterson