Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company, | **OPPOSITION TO MOTION TO DISMISS [DOC 70]** |
| Plaintiff, | |
| vs. | |
| BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS, a New York limited liability company, | Case No.: 2:23cv00845-HCN-DAO
Judge Howard C. Nielson, Jr. |
| Defendant. | |

COMES NOW, Plaintiff, through counsel, and respectfully submits this *Opposition to Motion to Dismiss* (Doc 70). As argued in its *Notice of Insufficiency of Evidence and Motion for Jurisdictional Discovery* (Doc 74), which arguments are incorporated herein, Plaintiff lacks sufficient evidence to respond to Defendant's challenge to personal jurisdiction. Notwithstanding, Defendant files this Opposition to address other issues raised in the *Motion*.

1

**Introduction and Requested Disposition**

Through its *Motion*, Defendant attempts a second bite at the apple regarding its challenge to service of the *Summons* and *Complaint*. Notably, Defendant already filed a challenge to this very issue through its *Motion to Set Aside Judgment* (Doc 43). In that motion, Defendant failed to challenge personal jurisdiction through minimum contacts analysis, but rather, challenged sufficiency of service process. Through the instant *Motion*, Defendant again challenges sufficiency of service of process, but also belatedly challenges personal jurisdiction.

Defendant's *Motion* does not enhance its prior motion challenging service of process. Defendant has failed to present clear and convincing evidence that it was not served, and lacks credibility. Accordingly, this Court should deny the *Motion*.

Regarding personal jurisdiction, the moving parties waived their challenge to personal jurisdiction through their active involvement in this case to date. Plaintiff respectfully requests that this Court deny the *Motion*.

**Arguments**

I.     THE MOVING PARTIES WAIVED THEIR CHALLENGES TO PERSONAL JURISDICTION.

"A defect in the district court's jurisdiction over a party . . . is a personal defense which may be asserted or waived by a party." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986). "Objections to personal jurisdiction must be asserted in the answer or in a pre-answer motion. If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174–75 (10th Cir. 1992) (citing Fed. R. Civ. P. 12(b), 12(h)(1)).

Further, "[i]f a party makes a motion under Rule 12 but omits therefrom any defense or objection then available which can be raised by motion, that party shall not thereafter make a motion based on the defense or objection so omitted." *Travelers Cas. & Sur. Co. of Am. v. Unistar Fin. Serv. Corp.*, 35 F. App'x 787, 789 (10th Cir. 2002) (citing Fed. R. Civ. P. 12(g) (cleaned up)). "In addition, Rule 12(h)(1) specifically states that the defense of lack of personal jurisdiction is waived if omitted from a motion in the circumstances described in Rule 12(g)." *Id.* (cleaned up). Additionally, a party waives jurisdiction when it seeks affirmative relief from the court. *See Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.,* No. 99–4042, 2000 WL 147392 (10th Cir. Feb. 4, 2000) (reasoning that defendant "actively participated in the litigation and sought affirmative relief from the court" thereby waiving personal jurisdiction defense).

Here, all moving parties have waived their challenges to personal jurisdiction through their filing of motions under Rule 12 without objecting to jurisdiction, and their active participation and seeking affirmative relief from the court in this case.

In examining a party's substantive defenses and challenges, titles are insignificant; rather, it is the substance that counts. *United States v. Palmer*, No. 2:12-cr-00663-RJS, 2022 WL 16553184, at *2 (D. Utah Oct. 31, 2022), *certificate of appealability denied,* No. 23-4012, 2023 WL 3883973 (10th Cir. June 8, 2023) ("The court is not bound by a motion's title; it is the substance that counts."). It follows that, despite brief titles and references to jurisdiction in various filings, until this *Motion*, Defendants have not substantively challenged jurisdiction, but rather, have consented to the proceedings of this court for months.

In its *Motion to Set Aside Judgment and Vacate Writs of Garnishment* filed on April 4, 2024 (Doc 30), "Putative Defendant" Swift Innovations challenged service of process and certain

3

writs issued against Defendant. (*See* Doc 30). That motion acknowledges that "Plaintiff commenced this action on November 22 by filing the Complaint against a single Defendant: BH elegant Linens." (Doc. 30 at Fact 1). Yet, the motion appears to have been filed by a non-party challenging the underlying action and seeking affirmative relief vis-à-vis court-issued writs. Of course, a non-party lacks standing for any such challenge, and the ultimate beneficiary of such challenge could only be the Defendant.

A challenge to service is brought under Rule 12(b)(4). Nowhere in that motion did Defendant raise any challenge to personal jurisdiction or present any minimum contacts analysis, any personal jurisdiction analysis arising under *International Shoe*, or any other personal jurisdiction jurisprudence. Accordingly, in bringing a Rule 12 challenge, but failing to substantively challenge personal jurisdiction, the moving parties waived their personal jurisdiction challenge. Similarly, in seeking affirmative relief regarding writs, but failing to challenge jurisdiction, the moving parties waived their personal jurisdiction challenge.

Thereafter, on April 17, 2024, Defendants filed a *Motion to Stay Enforcement Proceedings.* (*See* Doc 39). Despite its title, the motion sought affirmative relief in the form of a request that this Court set aside judgment specifically as to Defendant "Swift Innovations as a purported d/b/a/ of" Defendant—in other words, as to Defendant. (*See id*. at 4). As with Doc 30, this motion sought affirmative relief from the court, but did not challenge jurisdiction.

On April 22, 2024, the moving parties filed a joint *Motion to Set Aside Judgment and to Vacate Writs*. (*See* Doc 43). As with Doc 30, the moving parties challenged sufficiency of service of process. Though the motion does not mention Rule 12, the motion is construed by its substance, and it is a challenge to the sufficiency of service which arises under Rule 12(b)(4). As with Doc 30, nowhere in the motion did the moving parties present any minimum contacts

4

analysis, any personal jurisdiction analysis arising under *International Shoe*, or any other personal jurisdiction jurisprudence. Therefore, despite that motion ostensibly claiming to challenge personal jurisdiction, the motion was not in substance a motion challenging personal jurisdiction and should not be construed as such. *See Workers Comp. Fund v. Argonaut Ins. Co.*, 2011 UT 61, ¶ 10, 266 P.3d 792. In bringing a Rule 12 challenge to service of process, but failing to substantively challenge personal jurisdiction—i.e., the moving party's minimum contacts with the State of Utah—the moving parties waived their personal jurisdiction challenge.

On April 26, 2024, Defendant filed a *Motion to Quash* which sought affirmative relief from this court. (*See* Doc 48). Nowhere in that *motion* did Defendant challenge this court's personal jurisdiction over it, but rather, it only raised sufficiency of service of process.

On May 6, 2024, Swift Innovations filed a *Motion for Immediate Return of Funds*. (*See* Doc 52). Again, the motion failed to challenge personal jurisdiction but sought relief from this Court.

Only after these various motions, multiple requests for relief from the court, and consistent involvement in this litigation, did the moving parties (i.e., on May 29, 2024, through Doc 70) challenge personal jurisdiction. But the challenge is long overdue as it had long-since been waived.

Because the moving parties have actively participated in litigation in front of this Court, have failed to substantively challenge personal jurisdiction despite making other Rule 12 challenges, and have sought relief from this Court, this Court should deem their challenge to personal jurisdiction waived, and deny their *Motion*.

II.      PLAINTIFF HAS INSUFFICIENT EVIDENCE TO RESPOND TO THE SUBSTANTIVE JURISDICTION CHALLENGE.

As noted in Plaintiff's *Notice of Insufficiency of Evidence and Motion for Jurisdictional Discovery* (Doc 74), which arguments are incorporated herein, Plaintiff lacks sufficient evidence to respond to Defendant's challenge to personal jurisdiction. If this Court determines that Defendant has not waived its right to challenge personal jurisdiction, Plaintiff respectfully requests that this Court rule on its *Motion for Jurisdictional Discovery*, and allow it to conduct limited jurisdictional discovery so as to properly address the substantive issue of minimum contacts.

III.     SERVICE ON DEFENDANT AT ITS ONLY CORPORATE ADDRESS WAS SUFFICIENT.

Regarding Defendant's challenge to the sufficiency of service of process, Defendant does not raise new arguments that were not already fully briefed in its *Motion to Set Aside Judgment* (Doc 43). It is unclear why Defendant filed a second brief seeking the same relief as another pending motion that has been fully briefed. Notwithstanding, to the extent this Court is willing to consider multiple briefs on the same issue and not merely reject the *Motion* as superfluous or an unauthorized supplemental brief, Plaintiff incorporates its arguments set forth in Document 54 as fully set forth herein.

Defendant's argument against service relies almost entirely on the unpublished decision of *Jackson v. Western Architectural Services, LLC*, which states,

> Claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2).

6

No. 2:18-cv-849, 2020 WL 2747856, at *3 (D. Utah May 27, 2020) (unpublished).[1] However, Defendant's argument ignores the various, well-noted, exceptions to this premise, including "where there were other assurances that the documents would reach the intended recipient." *In re Schwenke*, 2004 UT 17, ¶ 25, 89 P.3d 117, 124; *see also Griffin v. Snow Christensen & Martineau*, 2023 UT App 88, ¶ 31, 536 P.3d 91, 96, *cert. granted,* 540 P.3d 80 (Utah 2023). Here, there were sufficient assurances that the *Summons* and *Complaint* would reach Defendant, and in fact, Defendant had actual knowledge of the lawsuit.

    First, Defendant has one address—the address where it was served. It is the address listed in the corporate records filed with the State of New York. (*See Exhibit A to Opposition to Motion to Set Aside Judgment*, Doc 54-1*; see also Exhibit D to Declaration of Asif Shaikh*, Doc 45-1). The building has one door and a person at the front desk who knows the identity of the occupants and interacts with them. (*See Shaikh Decl.* at P 21). Defendant did not provide a suite number or a registered agent in its filings with the Secretary of State. (*See Shaikh Decl* at P 20; *see also Shaikh Decl.* Exh. D). Accordingly, Plaintiff was left to serve Defendant at its listed corporate address.

    Second, service was affected by handing the *Summons* and *Complaint* to an individual at Defendant's building, and the person served claimed to have authority to accept service for Defendant. (*See Exhibit A to Opposition to Motion to Set Aside Judgment*, Doc 54-1). The person gave the name Joe Cohen, which appears to be an alias for someone in Mr. Alhakim's (the owner of Defendant) own family. (*See Declaration of Jessica Apo,* Doc 66 at P 20–21,).

---

[1] In addition to the arguments set forth herein, *Jackson* is plainly distinguishable on the basis that Defendant did not have a designated registered agent, rather, only a designated business address—the address at which Defendant was served.

Third, Plaintiff provided additional notice of the lawsuit to Defendant, and confirmed with the Defendant telephonically that Defendant was aware of the suit. (*See Shaikh Decl.* at P 27–28, Doc 46-1). Further, Plaintiff warned Defendant that default would enter, and still, Defendant ignored the *Complaint*. (*See Shaikh Decl.* at P 26; *see also Shaikh Decl.* Exh. E). On their phone call regarding this case, Defendant acknowledged that he was aware of the case. (*See Shaikh Decl. at* P 27–28).[2]

Moreover, Defendant has failed to meet its burden to challenge service and lacks credibility. *See Carnes v. Carnes,* 668 P.2d 555, 557 (Utah 1983) ("[T]he invalidity or absence of service of process can be shown by clear and convincing evidence.").

The only "evidence" Defendant has provided are self-serving declarations. *See Classic Cabinets Inc. v. All American Life Insurance Company,* 1999 UT App 88, ¶ 13, 978 P.2d 465 (holding affidavit providing that company had no "record of receiving" service of process was not clear and convincing evidence sufficient to rebut constable's Affidavit of Service). In the first instance, Mr. Alhakim claimed "neither [he] nor anyone else affiliated with BH knows this Mr. Cohen." (Doc 39-1). But when faced with evidence that, in fact, Mr. Alhakim's family uses the surname alias Cohen, Mr. Alkahim distanced himself from his prior statement, taking only the position that no one in his family uses or was born with the name "Joe Cohen" (but as demonstrated, Cohen is an alias, not a birth name), and that he does not "know any of [his] relatives as Joe Cohen." (Doc 70-1). The vague nature of these phrases raises alarm.

Further "[t]o overcome [its] burden, defendant [i]s required to provide competent evidence showing that service of process was not completed or was improper. *Zions First Nat.*

---

[2] If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. *Jackson v. W. Architectural Servs., LLC*, No. 2:18-CV-849, 2020 WL 2747856, at *3 (D. Utah May 27, 2020)

*Bank v. Christensen*, No. 981733–CA, 2000 WL 33243623 at *1 (Ct. App. Utah Mar. 16, 2000) (citing *Skanchy v. Calcados Ortope SA*, 952 P.2d 1071, 1074–75 (Utah 1998)). But Defendants' self-serving statements are not competent or credible.

Notably, throughout this case, Mr. Alhakim has advanced a continuing false narrative and is entitled to no deference from this Court. Accordingly, this Court should exercise its discretion and choose not to believe Mr. Alhakim's claim that he was not served when all of his actions demonstrate a concerted effort to simply evade collection from a lawsuit of which he was fully aware. (*See Motion to Add Judgment Debtors*, Doc 45). Specifically, prior to engaging with this Court, but after Defendant was aware of this dispute, Defendant (1) through its sole owner, Avi Alhakim, set up a new business, Swift Innovations, LLC; (2) set up a new bank account in the names of Mr. Alhakim's and Swift Innovations; (3) transferred all of Defendant's money into the new account; and (4) dissolved the Defendant entity. (*See id.*) After Defendant was served, Mr. Alhakim (5) directed Defendant's clients to pay their invoices into the new Bank of America account; (6) acknowledged the existence of the lawsuit, but claimed poverty and offered $5,000 to settle the lawsuit; and (7) disposed of nearly $500,000 since transferring Defendant's money to Bank of America. (*See id.*).

Therefore, for the reasons set forth herein above and also in Document 43, this Court should find service sufficient and deny this *Motion*.

## Conclusion

Based on the foregoing, this Court should deny the *Motion to Dismiss*.

DATED this 8th day of July 2024.

                                                   CAMERON RINGWOOD, LC

                                                   /s/ Jordan K. Cameron
                                                 Jordan K. Cameron

## Certificate of Service

I, the undesigned, certify that on this 8th day of July 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*