**Jordan K. Cameron (12051)**
**CAMERON RINGWOOD, LC**
Counsel for Plaintiff
6975 S Union Park Ave. Suite 600
Cottonwood Heights, Utah 84047
Telephone: (385) 463-2524
E-mail: *jordan@cameronringwood.com*

---

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY [DOC 74]**<br><br><br><br>Case No.: 2:23cv00845-HCN-DAO<br>Judge Howard C. Nielson, Jr. |

COMES NOW Plaintiff Apothecary Movement, LLC ("Apothecary"), and respectfully submits this *Reply Memorandum in Support of Motion for Leave to Conduct Jurisdictional Discovery*.

## Introduction

Defendant's *Opposition* follows no coherent formatting (e.g. requested disposition, legal standard, facts, argument, conclusion), has no titles or section breaks, and instead presents 9 pages of apparent stream of consciousness which largely misapprehends the purpose of

1

Plaintiff's *Motion for Jurisdictional Discovery*. The *Opposition's* 9 pages cover topics ranging from the state of garnished fund (*Oppos.* at pp. 1-3, 8), the various amended *Complaints* (*id*. at pp. 1-3), service of process (*id*. at pp. 1-3, 9), and jurisdiction pleading requirements (*id*. at pp.4-7). Defendant also appears to conclude that Plaintiff's *Motion* should have substantively addressed jurisdiction jurisprudence and advanced arguments and presented evidence regarding the same. (*See Oppos.* at pp. 7-9). But Plaintiff's *Motion* is about none of these things (there are other briefed motions addressing all of this in turn). Accordingly, none of the arguments in the *Opposition* are responsive to, or relevant of, the requested relief in the *Motion*—which simply asks for leave to conduct jurisdictional discovery.

This Court should only view the *Motion* within the narrow lens through which it was presented, and should permit limited jurisdictional discovery, and stay response deadlines to the *Motion to Dismiss*, until discovery is completed.[1]

## Argument

I. THE COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY

As presented in Plaintiff's opening brief (which was not challenged or addressed by Defendant) "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat. Institute of Standards and Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002).

Jurisdiction, general or specific, considers the totality of a party's contacts with the forum. *See Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999).

---

[1] Because the Court did not rule on Plaintiff's Motion to Stay response deadlines, on July 8, 2024, Plaintiff filed a provision *Opposition to Motion to Dismiss* [Doc 78].

Further, the claims and harm at issue need not directly arise from the Defendant's contacts with the forum so long as the claims generally relate to the contacts (e.g., there does not need to be a causal link between the activities giving rise to jurisdiction and the plaintiff's injuries). *See Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1026-29 (2021). Therefore, while Defendant appears to take the position that discovery would not establish a basis for jurisdiction, such conclusion could only be reached under the assumption that the evidence must be a direct causal link to the alleged harm. It does not. Further, the law does not require Plaintiff or this Court to simply accept Defendant's conclusory position that it is not subject to the jurisdiction of this Court.

That Defendant so vociferously opposes jurisdictional discovery (without addressing the bases for Plaintiff's request), compels the conclusion that Defendant does not want to disclose just how connected to Utah it is. In fact, as illustrated by the following summary of presently available evidence, discovery is highly likely to reveal contacts directed at, or involving, Utah, that sufficiently relate to the claims at issue, thereby compelling the exercise of personal jurisdiction over Defendant.

First, Mr. Alhakim claims Defendant "never solicited business in the State of Utah" and Defendant "did not solicit Plaintiff's business. It was the other way around. Plaintiff contacted me . . . ." (Doc 70-1, *Declaration of Avi Alhakim*, ¶¶ 8, 18). In its *Motion to Dismiss*, Defendant submitted an exhibit which is an undated, truncated portion of a conversation from a messaging app. Later, counsel provided a dated version which identifies the date and time of communication as July 15, 2022, at 7:27 pm. (*See* <u>Exhibit A</u>, hereto).

However, on July 15, 2022, at 4:26 pm, several hours before the foregoing

communication, Mr. Alhakim sent a direct message to Plaintiff through Amazon soliciting Plaintiff's business. (*See* Doc 74-1). Defendant's initiating contact with Plaintiff, which conduct resulted in their business relationship, helps to establish a prima facie showing of jurisdiction over the Defendant. Plaintiff further suspects that the direct message it received is only the tip of the iceberg of Plaintiff's directed solicitations of Utah business. Therefore, discovery is necessary to determine to what extent Defendants initiated contact and solicited business from other Utah individuals and businesses.

Second, Mr. Alhakim claims that all orders of "non-conforming" products were shipped to Amazon warehouses outside of Utah (Doc. 70-1 at ¶ 19), but Mr. Alhakim was careful to qualify his testimony on this point. There are at least 14 Amazon warehouses in Utah ranging from Marriott-Slaterville, Utah, to American Fork, Utah.[2] The probability that Defendant, as part of its business, utilized Amazon warehouses in Utah is high. Defendant's qualified representation regarding this point appears to be an attempt to obfuscate such contact and suggests a much broader connection with Utah warehouses than Defendant admits. Discovery is necessary to determine to what extent Defendants relied on warehouses in Utah to act as a hub in conducting its business both for Plaintiff, for others, and for itself.

---

[2] *See* https://www.google.com/search?q=amazon+warehouses+in+utah&sca_esv=cd4f528d8c1c75a2&rlz=1C5CHFA_enUS1051US1051&biw=1508&bih=738&tbm=lcl&ei=5VuZZsTNOqOA0PEPua63qAI&ved=0ahUKEwiE1IaUmbGHAxUjADQIHTnXDSUQ4dUDCAk&uact=5&oq=amazon+warehouses+in+utah&gs_lp=Eg1nd3Mtd2l6LWxvY2FsIhlhbWF6b24gd2FyZWhvdXNlcyBpbiB1dGFoMgUQABiABDIGEAAYFhgeMgYQABgWGB4yBhAAGBYYHjIGEAAYFhgeMgYQABgWGB4yBhAAGBYYHjIGEAAYFhgeMgYQABgWGB5I6wNQAFgAcAB4AJABAJgBX6ABX6oBATG4AQPIAQCYAgGgGgAmaYAwCIBgGSBwMwLjGgB-MG&sclient=gws-wiz-local#rlfi=hd:;si:;mv:[[41.3245351,-111.75317919999999],[40.2977904,-112.0776932]];tbs:lrf:!1m4!1u3!2m2!3m1!1e1!2m1!1e3!3sIAE,lf:1,lf_ui:4

Third, through *Declaration*, Defendant provided invoices which clearly identify that Defendant is billing its services into the state of Utah. (Doc. 70-1, Exh. 5). The invoices also identify goods that Defendant is selling into the State of Utah—e.g., 400 Netgear N600 routers. (*See id*.). That Defendant actively conducts business of this nature and sells hundreds of items in any given month to Utah residents further establishes a prima facie case for jurisdiction. But additional discovery is required to examine the full breadth of such contact with the forum.

Fourth, Defendant presented shipping labels at part of its *Motion to Dismiss* which appear to have been carefully curated to obfuscate the fact that Defendant has shipped goods directly to Plaintiff in Utah. (*See* Doc. 70-1, Exhs. 5, 6). In fact, Defendant has shipped physical goods to Utah. (*See* Exhibit B, hereto). Discovery is necessary to determine the full breadth of Defendant's contact with Utah through its shipment of sold goods to Utah.

While the evidence Defendant submitted in support of its *Motion to Dismiss* demonstrates ongoing willful contact with Utah, additional discovery will be helpful to expose the full scope of Defendant's contacts with Utah, and is directly relevant to the jurisdiction analysis.

Therefore, Plaintiff respectfully requests leave to conduct jurisdictional discovery through discovery requests substantially similar to the following:

1. Defendants' messages sent through Amazon or other messaging services to potential clients between January 2021 to present through which Defendants promoted their businesses or solicited business.

2. Defendants' communications (e.g., emails, texts, SMS, etc.) regarding its business with potential, current or former clients located in Utah, or where the location is otherwise unknown.

3. Defendants' written, telephonic based communications (e.g., text, SMS, What's App, etc.) with any number including an area code of 801, 435, or 385 between January 1, 2021, and present.

4. Defendants' shipping records identifying any and all inventory shipments made to warehouses or other locations in Utah.

5. Inventory records for all inventory warehoused in Utah from January 2021 to present.

6. Copies of shipping labels used by Defendants that either identified the shipping location or the destination in Utah from January 1, 2021, to present.

7. Financial records (such as Quickbooks) sufficient to show what percentage of Defendants' revenues were earned from business in Utah since 2021.

8. Copies of all of Defendants' invoices that included an address in Utah.

Truthful and complete responses to discovery requests of this nature are likely to reveal the fact that Defendants have had substantial contact with residents of the State of Utah, and there is a high probability that the discovery will affect the outcome of this case vis-à-vis a jurisdiction analysis.

## Conclusion

Based on the foregoing, the Court should grant this *Motion*, permit limited jurisdictional discovery, and stay response deadlines to the *Motion to Dismiss* until discovery is completed.

DATED this 18th day of July 2024.

                                          CAMERON RINGWOOD, LC

                                          /s/ Jordan K. Cameron
                                          Jordan K. Cameron
                                          *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I, the undesigned, certify that on this 18th day of July 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*