Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS and SWIFT INNOVATIONS, a New York limited liability company,<br><br>Defendants. | **RESPONSE TO MOTION FOR RULE 16 SCHEDULING CONFERENCE [DOC 81]**<br><br><br><br>Case No.: 2:23cv00845-HCN-DAO<br>Judge Howard C. Nielson, Jr. |

COMES NOW, Plaintiff, through counsel, and respectfully submits this *Response* to the Swift Innovations *Motion for Rule 16 Scheduling Conference* [Doc 81].

**INTRODUCTION**

1

Plaintiff, Apothecary Movement, is not opposed to the request for Rule 16 Scheduling Conference and believes it could serve a valid purpose in organizing the various briefs and decisions regarding the same. However, Defendant's factual narrative of this case requires correction.

## ARGUMENT

Plaintiff responds to the moving parties' numbered paragraphs below.

**(1) Moving Parties Argue that the operative judgment and writs were vacated. But the court only vacated an amended judgment that only changed the caption. The court has never vacated the actual judgment.**

As stated in Document 67, the *Amended Judgment* was vacated upon *Motion* by Swift. But Swift was not actually a judgment debtor, rather, it was mentioned as a dba in a caption. This Court's vacating the *Amended Judgment*, which identified Swift in the caption, had no effect on the original Judgment dated February 26, 2024 [Doc 23], which did not identify Swift. That Judgment against Defendant still stands.

**(2) Moving Parties Argue that Service of Process has never be affected. However, service has been well established through the briefing.**

As set forth in Document 54, it is well settled that a plaintiff is only required to attempt service at the address given and need not make any attempt to serve the defendant elsewhere. *See Speed of Light Ops, LLC v. Elliot, N*o. 222CV00246DAKDBP, 2022 WL 2702645, at *1 (D. Utah July 12, 2022); *Allergy Rsch. Grp. LLC v. Andic,* No. 222CV00249HCNCMR, 2022 WL 2905514, at *1 (D. Utah July 22, 2022); *Dansk Express, LLC v. IPFS Corp.*, No. 01-22-00621-CV, 2023 WL 4937497, at *6 (Tex. App. Aug. 3, 2023). Further to this point, "a diligent party

may rely on the registered address a limited liability company has placed on file with the Secretary of State." *Dansk Express*, at *6 (cleaned up).

Plaintiff's *Opposition to Motion to Dismiss* (Document 78) provides substantiation that service on Defendant at its only corporate address was completed.

First, Defendant has one address—the address where it was served. It is the address listed in the corporate records filed with the State of New York. Defendant did not provide a suite number or a registered agent in its filings with the Secretary of State. *(See Shaikh Decl* at P 20; see also *Shaikh Decl. Exh. D*). Accordingly, Plaintiff was left to serve Defendant at its listed corporate address. Service was affected by handing the *Summons* and *Complaint* to an individual at Defendant's building, and the person served claimed to have authority to accept service for Defendant. The person gave the name Joe Cohen, which appears to be an alias for someone in Mr. Alhakim's own family.

Notably, throughout this case, Mr. Alhakim has advanced a continuing false narrative and is entitled to no deference from this Court. Accordingly, this Court should exercise its discretion and choose not to believe Mr. Alhakim's claim that he was not served when all of his actions demonstrate a concerted effort to simply evade collection from a lawsuit of which he was fully aware.

Second, Plaintiff provided additional notice of the lawsuit to Defendant, and confirmed with the Defendant telephonically that Defendant was aware of the suit. Further, Plaintiff warned Defendant that default would enter, and still, Defendant ignored the Complaint. On their phone call regarding this case, Defendant acknowledged that he was aware of the case.

Plaintiff also incorporates its arguments in Document 67 regarding service of process. The Moving Parties' voluntary appearance and their filing in this case obviate the need for formal service.

**(3) Moving Parties allege there in no personal jurisdiction. However, they have waived their challenge and further, Plaintiff has made a prima facie showing of jurisdiction. Alternatively, this Court should permit jurisdictional discovery.**

As set forth in Plaintiff's *Opposition to Motion to Dismiss* (Doc 78), the moving parties waived their challenge to personal jurisdiction through their active involvement in this case in filing Rule 12 motions and seeking affirmative relief from this Court without challenging jurisdiction. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986), *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174–75 (10th Cir. 1992) (citing Fed. R. Civ. P. 12(b), 12(h)(1)), *Travelers Cas. & Sur. Co. of Am. v. Unistar Fin. Serv. Corp.*, 35 F. App'x 787, 789 (10th Cir. 2002) (citing Fed. R. Civ. P. 12(g) (cleaned up)), *Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.,* No. 99– 4042, 2000 WL 147392 (10th Cir. Feb. 4, 2000).

**(4) Moving Parties allege that Plaintiff improperly garnished Swift's bank account on a vacated Writ. However, Plaintiff did not garnish Swift's money, it garnished Defendant's money hidden in Swift's account.**

Plaintiff's *Notice of Interpleader of Garnished Funds* (Doc 51) argues that while this Court granted Swift Innovations, LLC's *Motion to Set Aside Judgment against Swift Innovations, LLC* and vacated the *Amended Judgment* and *Writs of Garnishment* as to Swift Innovations, LLC, the docket text entry does not specify as to whom the writs were vacated. Because the *Motion* was filed by Swift Innovations, LLC, and not the Defendant, it appears the *Writs* were

4

only vacated as to Swift Innovations, LLC. But Plaintiff did not garnish Swift Innovation, LLC's money. Rather, it garnished Defendant's money that was hidden in Swift Innovation, LLC's account.

New evidence that was presented in Plaintiff's *Notice* (Doc 44) shows that Defendant, in November 2023, transferred the full balance of its garnishable bank account (over $900,000) to the garnished Bank of America account in the name of Swift Innovations, LLC. Rule 64D permits Plaintiff to garnish accounts of third parties that hold the funds of the Defendant, and neither Defendant nor Swift Innovations has presented any argument or evidence that the garnished funds are not the Defendant's despite many opportunities.

As argued in Doc 37, to meet its burden to show that the money is Swift Innovations, LLC's, "[t]here are several alternative methods, . . . courts exercise case-specific judgment to select the method best suited to achieve a fair and equitable result on the facts before them." *United States v. Henshaw*, 388 F.3d 738, 741 (10th Cir. 2004). One such method that would properly apply to the circumstances of this case is the "percentage" method. "The percentage approach requires the determination of the exempt funds to the account total when the deposit is made." *In re Bentley*, 622 B.R. 296, 309–10 (Bankr. W.D. Okla. 2020). Simply, what was the account balance of the Bank of America account when Defendant transferred all of its money there. If the balance were $0, as Plaintiff suspects, all funds are subject to garnishment. Swift Innovations could address this issue through the production of its bank records, but rather than allowing the disclosure of the Bank of America statements, it has instead sought to quash the subpoena to Bank of America. (See Doc 49, *Motion to Quash Subpoena*).

**Regarding 60(b) Motion, such has been fully briefed. Plaintiff Disagrees with Defendant's assertions set forth in its Rule 60(b) Motion and the law does not support the relief Defendant seeks.**

As stated in Plaintiff's *Opposition to Motion to Set Aside Judgment* (Doc 54) Defendant's Reliance on Rule 60(B)(6) fails. "Rule 60(b)(6) allows federal courts to relieve a party from a judgment for any reason . . . that justifies relief." *Johnson*, 950 F.3d at 700 (citing Fed. R. Civ. P. 60(b)(6)). However, "relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances . . . ." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). No extraordinary circumstances exist here. Where, as is the case here, "the district court had at least an arguable basis to exercise jurisdiction" a judgment stands. *Id*. at 695. The judgment will not be vacated, and the Rule 60(b) Motion will have no effect on the remainder of the case or proceedings.

Respectfully submitted this 15th day of August 2024.

CAMERON RINGWOOD, LC


/s/ Jordan K. Cameron
Jordan K. Cameron

## Certificate of Service

  I, the undesigned, certify that on this 15th day of August 2024, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*