Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendants*

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dba AA WHOLESALE DEALS; a New York limited liability company,<br><br>Defendants. | **BH ELEGANT LINENS, LLC'S RENEWED MOTION TO DISMISS FOR LACK OF JURSIDICATION;**<br><br>**AND REQUEST FOR ORAL ARGUMENT**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

Comes now Defendant BH Elegant Linens, LLC, dba AA Wholesalers ("BH"), appearing for the limited purpose of contesting personal jurisdiction, who respectfully submits this renewed Motion and Memorandum concerning issues of personal jurisdiction and requesting Oral Argument. More particularly, BH moves for dismissal for lack of jurisdiction due to untimely service and insufficient contacts with the State of Utah to establish personal jurisdiction.

## FACTS

1. Plaintiff Apothecary Movement, LLC, is a Utah limited liability company.

2. Defendant BH Elegant Linens, LLC ("BH"), was a New York limited liability company when it engaged in several transactions with Plaintiff.

3. Plaintiff today filed its Return of Service with the Secretary of State of the State of New York. Docket 90.

4. According to the Return of Service, service was made on April 9, 2025, of a Summons issued by the Clerk in November 2023 and of a Complaint filed on or about that same day.

5. Save for its sales to Plaintiff, BH never conducted business operations in Utah; nor was BH ever licensed to do business in the State of Utah. Declaration of Avi Alhakim ("Alhakim Decl. Dismissal), ¶ 3.

6. BH never owned, leased, or controlled property (real or personal) and never had assets of any kind in the State of Utah. Id., ¶ 4.

7. BH never maintained employees, offices, agents, or bank accounts in the State of Utah. Id., ¶ 5

8. No BH member resides or resided in the State of Utah. Id., ¶ 6.

9. BH maintained no phone or fax listings in Utah. Id., ¶ 7.

10. BH never advertised or solicited business in the State of Utah. Id., ¶ 8.

11. BH never travelled to Utah by way of salespersons or otherwise. Id., ¶ 9.

12. BH never paid taxes in Utah. Id., ¶ 10

13. BH never visited potential customers in Utah. Id., ¶ 11.

14. BH never recruited employees in Utah. Id., ¶ 12.

15. Asif Shaikh, Apothecary's principal, reached out to Alhakim in 2022, for the purpose of establishing a business relationship with BH. Shaikh sought to sell BH's products, among many others, on Apothecary's Amazon storefront. See Exhibit 2 to Alhakim Decl.

16. At one point Mr. Shaikh visited the warehouse on Talmadge Road in which BH had its office. Decl. of Asif Shaikh ("Shaikh Decl.") (attachment to Docket 46), ¶¶ 19 and 21.

17. Mr. Alhakim has never visited Plaintiff's offices in Utah. In fact, Mr. Alhakim has never visited Utah for business or for pleasure, or on behalf of BH or Swift. Alhakim Decl. Dismissal, ¶ 15.

18. Mr. Alhakim has never done business in his own right in Utah. *Id*. ¶ 16.

19. Mr. Alhakim has no residence, office, or relatives in the State of Utah. *Id*. ¶ 17.

20. BH did not solicit Plaintiff's business. It was the other way around. Plaintiff contacted Mr. Alhakim through Whatsapp to ask whether BH sold wholesale merchandise. Alhakim Decl. Dismissal, ¶ 18 and attachment (images of Mr. Shaikh's inquiry and Mr. Alhakim's reply).

21. Beginning in early 2023, BH began supplying various merchandise to Amazon Warehouses around the country on behalf of Plaintiff.

22. Mr. Alhakim has searched his files for Plaintiff's orders and shipment directions. There are four orders involving allegedly non-conforming products at issue in this case and all of them were shipped on Plaintiff's instructions, together with Amazon shipping labels, to Amazon warehouses in States other than Utah, more particularly, to New Jersey (Exhs. 3 and 6); to Pennsylvania (Exh. 4); and to Arizona (Exh. 5). Id., ¶ 19.

## ARGUMENT

A. **BH was not timely served.**

Plaintiff was required to serve its Summons and Complaint on BH within 90 days after filing the Complaint. Rule (4) (m), Fed. R. Civ. Pro. Plaintiff did not do so and cannot show

good cause for failing to do so. BH's designation of the New York Secretary of State was a matter of public record when the original summons was issued. Accordingly, the new summons was untimely and it should be dismissed for that reason alone.

      **B.    BH was not subject to constitutional jurisdiction in Utah.**

The Court should dismiss the claims against BH for the additional reason that even with all factual inferences from the Second Amended Complaint drawn in favor of Plaintiff, it does not state any facts sufficient to establish the required prima facie showing of personal jurisdiction over BH. See *Go Invest Wisely, LLC v. Barnes*, 382 P.3d 623, 627 (Utah App. 2016) (citing *Kamdar & Co. v. Laray Co.*, 815 P.2d 245, 247 (Utah App. 1991). Plaintiff's conclusory allegation that "This Court has personal jurisdiction over the Defendant because Defendant transacted business with Plaintiff, a Utah business, shipped items on Plaintiff's behalf pursuant to contract, directed its unlawful activities at Defendant, in Utah, and knowingly caused harm to Plaintiff which it knew would be felt in Utah" is legally insufficient to establish personal jurisdiction over BH. On this ground, too, the Complaint should be dismissed.

"The authority of the state to hale a nonresident into a state court hinges on the ability to establish personal jurisdiction." *Barnes, supra*, 382 P.3 623 at 628. There are two categories of personal jurisdiction, general and specific. While it is unclear whether Plaintiff is asserting general or specific jurisdiction or both, this Court has neither.

For general jurisdiction to exist over a nonresident, the defendant must engage in "continuous and systematic business contacts, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct.1868, 80 L.Ed.2d 404 (1984), that "approximate physical presence" in the forum state. *Bancroft & Master, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086

(9th Cir. 2000). In *Daimler AG Bauman*, 564 U.S. 915 (2011), the Supreme Court used imagery to made these exacting requirements crystally clear. General personal jurisdiction exists only in a forum where the corporation is "at home." 571 U.S. at 137. It is inconceivable that Plaintiff could present facts to support this standard, so the point need not be belabored further. There is no general personal jurisdiction in Utah.

As for specific jurisdiction, the gravamen of the standard is that the **defendant's** suit-related conduct must create a substantial connection with the forum state. Due process limits on the State's adjudicative authority exist to protect the liberty of the nonresident defendant — not the convenience of plaintiffs or third parties. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).

In that same vein, courts consistently reject attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the **plaintiff** (or third parties) and the forum state. *Helicopteros, supra*, 466 U.S. 408 at 417. "[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"). *Id*.

With these constitutional principles in mind, it is clear that the only connection the claims in this case have to the state of Utah is the fact that Plaintiff's business happens to be located in Utah. Plaintiff's claims purport to be based on the theory that BH's products were the cause of Amazon's decision to suspend Plaintiff's Amazon storefront. However, BH directed none of those products to Utah. Rather, the four products about which Plaintiff complains were all sent to States other than Utah. They were shipped instead to Amazon warehouses in New Jersey, Pennsylvania, and Arizona Alhakim Dismissal Decl., ¶ 19. The only connection this case has to

Utah is thus that Plaintiff happens to have its place of business there and that happenstance alone is insufficient to establish jurisdiction over an out-of-state defendant.

## **CONCLUSION**

For these reasons, as well as those which counsel would make at oral argument if the request for argument is granted, this case should be dismissed in its entirety for lack of personal jurisdiction.

Dated this 30th day of May, 2025.

Respectfully submitted,

                                           */s/ Richard A. Kaplan*
                                           Richard A. Kaplan
                                           YOUNG HOFFMAN, LLC
                                           *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this 30th day of May, 2025, I caused a true copy of the foregoing **BH Elegant Linen, LLC's Motion to Dismiss and Request for Oral Argument** to be served via the court's electronic filing system upon the following:

    Jordan K. Cameron
    CAMERON RINGWOOD, LC
    6975 South Union Park Avenue, Suite 600
    Cottonwood Heights, UT 84047
    *Attorneys for Apothecary Movement, LLC*

                                                     */s/ Echo Peterson*
                                                     Echo Peterson