Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dba AA WHOLESALE DEALS, a New York limited liability company,<br><br>Defendants. | DECLARATION OF AVI ALHAKIM SUPPORTING BH ELEGANT LINENS, LLC'S MOTION TO DISMISS AND REQUEST FOR ORAL HEARING<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

I, Avi Alhakim, a resident of the State of New York, United States of America, hereby declare under oath and penalty of perjury as follows:

1. BH appointed the Secretary of State of New York as its registered agent for receipt and acceptance of service of process. The registered place of business of BH Elegant Linens, LLC ("BH") was the county of Kings, New York. Attachment 2.

2. BH also had a place of business at 55 Talmadge Road in Edison, New Jersey, at the time service was purportedly made in this lawsuit.

3. Apart from its sales to Plaintiff, BH never conducted business operations in Utah; nor was BH ever licensed to do business in the State of Utah.

1 of 5

4. BH never owned, leased or controlled property (real or personal) and never had assets of any kind in the State of Utah.

5. BH never maintained employees, officers, agents or bank accounts in the State of Utah.

6. No BH member resides or ever resided in the State of Utah.

7. BH maintained no phone or fax listings in Utah.

8. BH never advertised or solicited business in the State of Utah.

9. BH never traveled to Utah by way of salespersons or otherwise.

10. BH never paid taxes in Utah.

11. BH never visited potential customers in Utah.

12. BH never recruited employees in Utah.

13. Swift Innovations, LLC ("Swift"), of which I am the sole member, does not do business or have assets or any contacts whatsoever with the State of Utah.

14. I do not do business on my own behalf or through agents or otherwise in the State of Utah, and I do not have assets in Utah or contacts of any kind in Utah save for those I had with Mr. Shaikh in connection with BH's sales to Plaintiff.

15. I have never visited Plaintiff's offices in Utah. In fact, I have never visited Utah for business or for pleasure, or on behalf of BH or Swift.

16. I have never done business in my own right in Utah.

17. I have no residence, office or relatives in the State of Utah.

18. BH did not solicit Plaintiff's business. It was the other way around. Plaintiff contacted me through Whatsapp to ask whether BH sold wholesale merchandise. Mr. Shaikh asked where BH was located and never mentioned his location in Utah. Exhibit 2.

19. I have searched my files for Plaintiff's orders and shipment directions. There are four orders involving allegedly non-conforming products at issue in this case, and all of them were shipped on Plaintiff's instructions, together with Amazon shipping labels, to Amazon warehouses in states other than Utah — more particularly, to New Jersey (Exhibit 3); to Pennsylvania (Exhibit 4); Arizona (Exhibit 5); and to New Jersey (Exhibit 6).

20. During the first eight months of 2023, the period during which problems arose relating to the four orders at issue, Plaintiff had significant issues involving vendors other than BH. Exhibit 7 to this declaration is a five-page single-spaced list of negative customer reviews that appeared on Plaintiff's Amazon storefront between February 1, 2023, and the end of August 2023 that I compiled and that concerns products supplied by vendors other than BH.

21. I have read the Declaration of Jennifer Apo, and I clarify that no one in my family goes by or was born with the name "Joe Cohen" or "Joseph Cohen" to the best of my knowledge and belief.

22. I stand by my sworn Declaration that I do not know any of my relatives as Joe Cohen and that I never received a copy of the Summons and Complaint against BH until from my own counsel after the garnishment.

Dated this _____ day of May, 2024.

_____
Avi Alhakim

Subscribed and sworn before a person authorized to administer the oath under the laws of the State of New York this 29th day of May, 2024.

_____
Notary Public

TUNIE JARADEH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01JA6362887
Qualified in Kings County
Commission Expires August 7, 2026

# CERTIFICATE OF SERVICE

I certify that on this 30th day of May, ~~2024~~ 2025, I caused a true copy of the foregoing **Declaration of Avi Alhakim Supporting BH Elegant Linen, LLC's Motion to Dismiss and Request for Oral Hearing** to be served via the court's electronic filing system upon the following:

Jordan K. Cameron
CAMERON RINGWOOD, LC
6975 South Union Park Avenue, Suite 600
Cottonwood Heights, UT 84047
*Attorneys for Apothecary Movement, LLC*

/s/ *Echo Peterson*
Echo Peterson

# EXHIBIT 1

# ARTICLES OF ORGANIZATION
# OF
# BH Elegant Linens LLC

Under Section 203 of the Limited Liability Company Law

**FIRST:** The name of the limited liability company is:

**BH Elegant Linens LLC**

**SECOND:** The county, within this state, in which the office of the limited liability company is to be located is KINGS.

**THIRD:** The Secretary of State is designated as agent of the limited liability company upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the limited liability company served upon him or her is:

BH Elegant Linens LLC
55 Talmadge Rd
Edison, NJ 08817

**FOURTH:** The limited liability company is to be managed by: ONE OR MORE MEMBERS.

**FIFTH:** The existence of the limited liability company shall begin upon filing of these Articles of Organization with the Department of State.

**SIXTH:** The limited liability company shall have a perpetual existence.

**SEVENTH:** The limited liability company shall defend, indemnify and hold harmless all members, managers, and former members and managers of the limited liability company against expenses (including attorney's fees, judgments, fines, and amounts paid in settlement) incurred in connection with any claims, causes of action, demands, damages, liabilities of the limited liability company, and any pending or threatened action, suit, or proceeding. Such indemnification shall be made to the fullest extent permitted by the laws of the State of New York, provided that such acts or omissions which gives rise to the cause of action or proceedings occurred while the Member or Manager was in performance of his or her duties for the limited liability company and was not as a result of his or her fraud, gross negligence, willful misconduct or a wrongful taking. The indemnification provided herein shall inure to the benefit of successors, assigns, heirs, executors, and the administrators of any such person.

I certify that I have read the above statements, I am authorized to sign these Articles of Organization, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

DOS-1239-f-11 (Rev. 02/12)    FILE NUMBER: 201123010282; DOS ID: 5883736