Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendants*

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dba AA WHOLESALE DEALS; a New York limited liability company,<br><br>Defendant. | **REPLY TO OPPOSITION TO RENEWED MOTION TO DISMISS**<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

In its original Motion to Dismiss and supporting Memorandum [Docket No. 70], Defendant BH Elegant Linens, LLC, dba AA Wholesalers ("BH")[1] demonstrated, through Declarations and legal authorities, that any contacts it had with the State of Utah were limited to BH's dealings with Plaintiff and that such contacts were insufficient to establish personal jurisdiction over BH as a matter of law. On reviewing the original motion, the Court will see that the focal point of the discussion was the shipments of four products that allegedly caused

---

[1] The original motion to dismiss was brought on behalf of BH and putative defendants Swift Innovations, LLC and Avi Alhakim and is incorporated herein by reference insofar as it explains why personal jurisdiction did not exist over BH in Utah for lack of "minimum contacts", as a matter of either "general jurisdiction" or "specific jurisdiction."

Plaintiff's problems with Amazon and the fact that all of those shipments were sent to Amazon at Plaintiff's direction to Amazon warehouses in States other than the State of Utah. *See also* Docket No. 70-1, Declaration of Avi Alhakim.

In its original Opposition [Docket No. 78], Plaintiff essentially conceded that it had no substantive opposition to the motion and made a wholly unsupported motion for jurisdictional discovery.

BH filed a Reply Memorandum [Docket No. 80], showing that Plaintiff needed no discovery respecting its own dealings with BH (*i.e.*, communications, invoices and product shipments to Amazon warehouses outside Utah).[2]

This Court denied the original motion as moot after granting BH relief on grounds of insufficiency of service [Docket No. 86].

In its Opposition to the Renewed Motion to Dismiss [Doc 92], Plaintiff first seeks to justify its untimely service on BH's Registered Agent, the Secretary of State of the State of New York. Second, BH engages the merits for the first time but renews its request for jurisdictional discovery. Plaintiff's arguments are at best misleading and lack merit in any event.

## ARGUMENT IN REPLY

I.     **The untimely service was greatly prejudicial and should not be excused.**

Plaintiff asks the Court to ignore the 17 months that elapsed between issuance of the Summons and its service of the Amended Complaint. The Court should reject that request.

The summons was issued in November 2023 [Docket No. 6] and service on the Secretary of State of New York was effected in April 2025 [Docket No. 90]. There was no reason for the

---

[2] The Reply Memorandum, too, is expressly incorporated herein by reference.

delay. Plaintiff could have served the New York Secretary of State originally, rather than a Joe Cohen; or Plaintiff could have served the New York Secretary of State later, as soon as BH filed its Motion to Dismiss for Insufficiency of Service. Either way, the costs BH expended on the motion could have been avoided entirely or in substantial part; the motion would have never been filed or been mooted in any event, and the Court would not have had to spend its valuable time on analyzing the purported service on Joe Cohen and in drafting a comprehensive Memorandum Opinion.

Instead, BH and the Court could have focused solely and exclusively on important substantive issues, including the impropriety of garnishment. Crucially, Plaintiff caused not just unnecessary work and expense; plaintiff also caused needless, protracted delay during which it wrongfully held funds of non-party Swift Innovations for over a year. The improper garnishment effectively put Mr. Alhakim . In light of this substantial prejudice, Plaintiff's argument that the Court should blink away the delay should be rejected and, if Plaintiff still wishes to pursue this matter further it should be required to obtain a new Summons and file a new Complaint.

## II.     Plaintiff's resort to Utah shipments is grossly misleading.

Plaintiff now finds shipments of another product – Tom Ford Cologne – that went to Utah and argues that these Utah shipments constitute purposeful availment. That is all that is new about Plaintiff's Opposition to the Renewed Motion.

What Plaintiff fails to tell the Court is that the reason BH sent these shipments to Utah was that Plaintiff instructed BH to do so. Plaintiff itself generated shipping labels showing the Utah delivery point and sent the shipping labels to BH for fulfillment. See generally Declaration

of Avi Alhakim dated July 2, 2025, filed herewith; see also the original motion and Declaration of Avi Alhakim dated May 29, 2024.

These shipments to Utah do not constitute "purposeful availment" for constitutional jurisdictional purposes and Plaintiff knows it or would have incorporated them in its opposition to the original motion to dismiss. This point alone is sufficient to warrant rejecting Plaintiff's jurisdictional argument and dismissing the Complaint.

What is more, the Court will note that in Plaintiff's opposition papers including the supporting Declaration, Plaintiff states that *it* received complaints about these products, not that *Amazon* received any complaints about these products. The very premise of specific jurisdiction is of course that the specific acts alleged to have been performed in or directed at the forum state were the legal cause of the injury plaintiff suffered in the forum state. Lack of causation is thus a second reason for rejecting Plaintiff's argument based on Tom Ford Cologne and for granting the motion.

### III. Plaintiff's use of the word "Utah" is misleading and irrelevant.

The Court should not be misled by Plaintiff's disingenuous use of the word "Utah" in nearly every sentence. For example, Plaintiff this go around offers the fact that it managed its shipments from within Utah as support for finding jurisdiction. That and the other reformulated sentences containing references to Utah provide no support for jurisdiction at all. Thus neither the Utah shipments nor the Utah references help Plaintiff. The Court will recall that jurisdictional analysis focuses on the defendant's right to due process, not the Plaintiff's convenience.

### IV. The Amazon message did not effectively "initiate contact" as Plaintiff claims.

In Doc 70-1, Mr. Alhakim showed that Plaintiff initiated contact with him. He appended as an exhibit to that Declaration a WhatsApp chain between Mr. Shaikh and himself in which Mr. Shaikh asks if he is a wholesaler and where he is located; Mr. Alhakim confirms he is a wholesaler and asks how Mr. Shaikh heard of his company. Significantly, Mr. Shaikh did not reply that he received a communication from Mr. Alhakim through Amazon. Rather, Mr. Shaikh replies that he heard of Mr. Alhakim's company through a friend. Id. That WhatsApp chain of communications was the beginning of the parties' negotiated relationship.

Now Plaintiff seeks to build a mountain atop a message that Plaintiff failed even to notice at the time it was sent and that had no bearing on Plaintiff's decision to contact BH. Thus, Plaintiff says repeatedly that "BH initiated contact" and argues from there that BH must have known that Apothecary was.in Utah and must have targeted Apothecary for that reason thereby purposely availing itself of the State of Utah and the benefit and protections of its laws. The argument is a house of cards.

On the contrary, the message does not mention Utah and says nothing on its face to indicate that BH had any idea that Apothecary was situated in Utah or that BH set out to find a reseller in Utah as if that location would make any difference.

The Court should take Plaintiff at its word that it found out about BH through a friend and thus that this message was the proverbial tree falling in the forest with no one around. It never reached anyone in Utah and had no impact on anyone in Utah. As a practical matter, this barely constitutes a "contact" much less "minimum contacts" much less "sufficient minimum contacts" as the law requires.

For these reasons, those presented in the Renewed Motion and Memorandum, and those presented in the motion papers incorporated herein expressly by reference, the Motion to Dismiss for Lack of Jurisdiction should be granted with prejudice as it relates to the jurisdictional issue. That would moot the issue of whether the Complaint should be dismissed without prejudice for prejudice resulting from the untimely service of the Complaint.

Dated this 1st day of July, 2025.

                                      Respectfully submitted,

                                       */s/ Richard A. Kaplan*
                                      Richard A. Kaplan
                                      Young Hoffman, LLC
                                      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 1st day of July, 2025, I caused a true copy of the foregoing **Reply to Opposition to Renewed Motion to Dismiss** to be served via the court's electronic filing system the following:

    Jordan K. Cameron
    jordan@cameronringwood.com
    CAMERON RINGWOOD, LC
    6975 South Union Park Avenue, Suite 600
    Cottonwood Heights, UT 84047
    *Attorneys for Apothecary Movement, LLC*

                                                                */s/ Echo Peterson*
                                                                 Echo Peterson