Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BH ELEGANT LINENS, LLC dba AA WHOLESALE DEALS, a New York limited liability company,<br><br>Defendants. | DECLARATION OF AVI ALHAKIM SUPPORTING BH ELEGANT LINENS, LLC'S RENEWED MOTION TO DISMISS AND REQUEST FOR ORAL HEARING<br><br>Civil No. 2:23-cv-00845-HCN-DAO<br><br>Judge Howard C. Nielson, Jr. |

I, Avi Alhakim, a resident of the State of New York, United States of America, hereby declare under oath and penalty of perjury as follows:

1. I reaffirm the truth of each and every statement I made in my May 29, 2024 Declaration [Doc 70-1] supporting the original Motion to Dismiss for Lack of Jurisdiction. Doc. 70..

2. In that Declaration, I stated in support of the Motion among other things that BH had no place of business, employees, agents or assets of any kind in the State of Utah, and that the only contacts of any kind that BH had with the State of Utah were its contacts with the Plaintiff in this case.

3. That was so because BH did not need to have a presence in the state of Utah or any other state in order to conduct its business. the nature of BH's business. BH operated out of a warehouse in New Jersey and from that location was able to take orders from Amazon resellers and ship them anywhere in the country, invariably at the direction of the reseller.

4. In promoting its business to resellers, BH would sometimes send the same promotion to multiple resellers, and other times pick a resellers to target with promotional communications based on the compatibility of the products offered on their website and the particular products BH was able to source. Either way, the state in which any given reseller was located never entered into the equation because the reseller's location was of no concern or relevance to BH. BH never once targeted the State of Utah or any other state when making promotional decisions. The particular location of the reseller did not matter. The location of Plaintiff's headquarters was likewise of no significance.

5. In Doc 70-1, I also explained that Plaintiff, not BH, decided where it wanted BH to ship products it purchased for resale on Amazon. In that regard, each and every one of the shipping labels BH received from Plaintiff identified the destination to which Plaintiff wanted the products shipped. Plaintiff itself generated the labels, not BH.

6. I further explained in Doc. 70-1 that the specific shipping labels plaintiff prepared for the four products Plaintiff claimed were at issue in this case all indicated that the destinations of the shipments were Amazon warehouses outside of Utah, and the shipments were all made in accordance with those labels.

7. In its opposition to the Renewed Motion to Dismiss, Plaintiff has submitted additional shipping labels showing Utah destinations. Each of these shipping labels was

generated by Plaintiff, not by BH. Each of these shipping labels shows that the products, Tom Ford Cologne, were to be shipped directly to Plaintiff at Utah. That was Plaintiff's decision. BH never once chose a destination for Plaintiff, as that was not our arrangement and would make no sense in any event. In shipping the Tom Ford Cologne products to Utah, BH complied with Plaintiff's instructions.

8. Exhibit 2 to Doc 70-1 is a whatsapp chain between Mr. Shaikh and myself, dated July 22, 2022. There, Mr. Shaikh asked whether I was a wholesaler and where I was located. I replied that I was a wholesaler and asked Mr. Shaikh how he heard of us, and he replied that he got our phone number from a friend.

9. Now Mr. Shaikh says in his new Declaration [Doc 92-2] that despite his initiation of the Whatsapp chat, "I initiated contact" with him. In support he submits an Amazon message dated July 22, 2022. [A.A] Mr. Shaikh did not mention that message during our the whatsapp chat that he initiated or at any other time during our course of doing business together; and though I do not deny that Amazon sent the message to Plaintiff, I have no memory or record of it. I see that the message includes our phone number. All things considered, it does not appear and I do not believe that Plaintiff saw the message at or around the time it was sent or that the message had any bearing whatsoever on Plaintiff's own initiation of the Whatsapp chat reflected in Doc 92-2. As I see it, it was thus Plaintiff, not BH, that actually succeeded in making the first contact between the parties.

10. Assuming that Amazon sent the message to Plaintiff at my request, I am certain that the fact that Plaintiff is located in the State of Utah, rather than somewhere else, had nothing whatsoever to do with such a request. BH would have made such a request solely and

exclusively because Plaintiff's web-based store on Amazon looked promising for one reason or another and BH could increase its own sales by adding Plaintiff's presence on Amazon to that of other Amazon resellers BH already dealt with.

FURTHER DECLARANT SAYETH NOT

_____/s/ Avi Alhakim_____
Avi Alhakim

Subscribed and sworn before a person authorized to administer the oath under the laws of the State of New York this 2ND day of ~~May, 2024.~~ July, 2025

_____
Notary Public

ANDREW GHERIANI
Notary Public, State of New Jersey
Comm. # 50019721
My Commission Expires 7/21/2030

## CERTIFICATE OF SERVICE

I certify that on this ~~1st~~ 3rd day of July, 2025, I caused a true copy of the foregoing **Declaration of Avi Alhakim Supporting BH Elegant Linen, LLC's Reply Supporting Its Renewed Motion to Dismiss and Request for Oral Hearing** to be served via the court's electronic filing system upon the following:

Jordan K. Cameron
CAMERON RINGWOOD, LC
6975 South Union Park Avenue, Suite 600
Cottonwood Heights, UT 84047
*Attorneys for Apothecary Movement, LLC*

/s/ Echo Peterson
Echo Peterson