Jordan K. Cameron **(12051)**
**CAMERON RINGWOOD, LC**
6975 South Union Park Avenue
Suite 600
Cottonwood Heights, UT 84047
Telephone: (801) 845-0087
Email: jordan@cameronringwood.com

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APOTHECARY MOVEMENT, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> BH ELEGANT LINENS, LLC dbas AA WHOLESALE DEALS a New York limited liability company, <br><br> Defendant. | Case No.: 2:23cv00845-HCN-DAO <br><br> **OBJECTON TO DECLARATION [DOC 95]** <br><br><br><br><br><br> Judge Howard C. Nielson, Jr. |

COMES NOW, Plaintiff, through counsel, and pursuant to DUCivR 7-1(b)(3), and respectfully submits this *Objection to Declaration* (Doc 93).

DUCivR 7-1(a) only permits a motion, opposition and reply, DUCivR7-1(b) and (d) only permit evidence to be filed with a motion, opposition and reply, and DUCivR 7-1(a)(9) states, "Unless otherwise ordered, the court will not consider additional memoranda."

It is unclear under what rule Defendant purports to file a *Declaration* supporting the *Motion to Dismiss* 34 days after Defendant filed the *Motion to Dismiss* (Doc 91), 15 days after

1

Plaintiff filed its *Opposition* (Doc 92), two days after Defendant filed his *Reply* (Doc 93), and one day after Plaintiff objected to the evidence included in the Reply (Doc 94). Defendant's *Declaration* is untimely.

Defendant's *Declaration* is also prejudicial as Plaintiff does not have the opportunity to substantively respond. If the Court intends to consider the late-filed *Declaration*, it should permit Plaintiff to file a responsive *Declaration* addressing the points raised.

The *Declaration* is further objectionable based on Federal Rules of Evidence, Rules 602, and 801.

Rule 602 states, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Defendant's statements in paragraph 9 of the *Declaration*, including, "I have no memory or record of it . . ." and "I do not believe that Plaintiff saw the message . . . ." make clear that the statements in the Declaration are Defendant's assumptions and speculations, and not based on actual knowledge.

Rule 801 defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 802 states "hearsay is not admissible." Here, Paragraphs 1, 2, 3, 5, 6, 8 of the *Declaration* purport to summarize out of court statements, and this Court should not consider them.

## Conclusion

For the reasons set forth herein, this Court should sustain Plaintiff's objection to the late filed *Declaration* (Doc 95) and not consider it. However, if the Court intends to consider it, this Court should permit Plaintiff to file a responsive *Declaration* addressing the points raised.

DATED this 3rd day of July 2025.

                CAMERON RINGWOOD, LC

                <u>/s/ Jordan K. Cameron</u>
                Jordan K. Cameron

## Certificate of Service

  I, the undesigned, certify that on this 3rd day of July 2025, I caused a true and correct copy of the foregoing to be served via ECF filing on the following:

Richard A. Kaplan
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
*Attorneys for Swift Innovations, LLC*